IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAY 22  P 4: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| VIRGINIA HOPPER, | ) | |
| | ) | Removed |
| | ) | From the Circuit Court of |
| Plaintiff, | ) | Montgomery County, Alabama |
| | ) | Case No. CV-07-628 |
| vs. | ) | ***************** |
| | ) | JURY TRIAL REQUESTED |
| JACKIE GRAHAM, ET AL., | ) | Case No. 2:07-Cv-457-MEF |
| | ) | |
| Defendants. | ) | |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants hereby serve notice of removal of this case from the Circuit Court of Montgomery County, Alabama, to this Honorable Court and respectfully shows as follows:

1. This lawsuit was originally filed on April 13, 2007, in the Circuit Court for Montgomery County, Alabama and assigned case number CV-07-628.  The complaint seeks compensatory and punitive damages against the defendants in their individual and official capacities. To the knowledge of the undersigned, no other pleadings have been filed as of the date of service of this pleading.

2. As appears from the face of the complaint, this Court has original subject matter jurisdiction over three of the four counts of the Complaint, (*See,* ¶¶ 36, 39, 48).  These counts purport to allege violations of, and seek relief pursuant to the Constitution of the United States of America.  *See* 28 U.S.C. §§ 1331 and 1343; and 28 U.S.C. §§ 1441(b) and 1446(b).

3. Pursuant to 28 U.S.C. § 1446(d), defendant has this day served a copy of this notice on the plaintiff and on the clerk of the state court.

4. Pursuant to 28 U.S.C. § 1446 (a), attached is a copy of all process, pleadings, and orders served upon the defendants in this action.

Respectfully submitted,

ALICE A. BYRNE (BYR015)
Attorney for Defendants

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama  36130
(334) 242-3450
(334) 353-4481 (FAX)

Of Counsel:
MICHAEL C. JOINER (JOI003)
Assistant Attorney General
Ala. Dept. of Human Resources
50 Ripley Street, Ste. 2122
P. O. Box 304000
Montgomery, AL  36130-4000
Ph:  (334) 242-9330
Fax: (334) 242-0689

Attorney for Defendant
Page B. Walley, Ph.D.
Commissioner, AL Dept. of
          Human Resources

1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following: by placing the same in first class mail, postage pre-paid, this the 22nd day of May, 2007.

_____

OF COUNSEL

2

2:07-CV-457-MCF

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>Cv-07-628 |
|---|---|---|

IN THE _____ Circuit _____ **COURT OF** _____ Montgomery _____ **COUNTY**

Plaintiff _____ Virginia Hopper _____ **v. Defendant** _____ Jackie Graham, et al _____

**NOTICE TO** _____ James H. Anderson c/o Personnel Board of the State of Alabama _____
_____ 64 Union Street Montgomery Alabama 36130 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF Y UR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Jim L. DeBardelaben _____ WHOSE ADDRESS IS _____ 1505 Madison Avenue, Montgomery, Alabama 36107 _____ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____ 04/20/07 _____          _____ By: _____
                                              Clerk/Register

[ ] Certified Mail is hereby requested.          _____
                                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ .
                                                          (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____ .
            (Date)

_____                              _____
Date                                    Server's Signature

_____                              _____
Type of Process Server                  Address of Server

                                        _____
                                        Phone Number of Server

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| VIRGINIA HOPPER | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2 07-CV- 457-MEF |
| | ) | |
| JACKIE GRAHAM, Individually and in | ) | CV-07- 628 |
| her official capacity as DIRECTOR of the | ) | |
| State of Alabama Personnel Department; | ) | |
| THE PERSONNEL BOARD OF THE | ) | |
| STATE OF ALABAMA, agents of the | ) | |
| State of Alabama; | ) | |
| JOE N. DICKSON, in his official capacity | ) | JURY DEMAND REQUESTED |
| as CHAIRMAN of the Personnel Board | ) | |
| of the State of Alabama; | ) | |
| JOE MCMILLAN, JOYCE P. O'NEAL, | ) | |
| ELLEN G. MCNAIR, JAMES H. | ) | |
| ANDERSON, in their official capacity as | ) | |
| members of the Personnel Board of the | ) | |
| State of Alabama; | ) | |
| PAGE B. WALLEY, Individually and in | ) | |
| his official capacity as COMMISSIONER | ) | |
| of the Alabama Department of Human | ) | |
| Resources. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. The Plaintiff, Virginia Hopper, was employed by the Alabama Department of Human Resources as an Accountant.

2. Defendant Jackie Graham is the Director of the State of Alabama Personnel Department, located at 64 North Union Street, Montgomery County, Montgomery, Alabama, and is sued in her official and individual capacity.

1

SCANNED

KW 5/23/07

3. Defendant Personnel Board of the State of Alabama, located at 64 North Union Street, Montgomery County, Montgomery, Alabama, is the state agency charged with administering the merit system of the State of Alabama.

4. Defendant Joe H. Dickson, is the Chairman of the Personnel Board of the State of Alabama and is sued in his official capacity as Chairman.

5. Defendants John McMillan, Joyce P. O'Neal, Ellen McNair and James H. Anderson, are members of the Personnel Board of the State of Alabama and each is sued in their official capacity as a member of the Personnel Board of the State of Alabama.

6. Defendant Page B. Walley, is the Commissioner of the Alabama Department of Human Resources and is sued in his official capacity and individual capacity.

## FACTS

7. On May 4, 2006, a memorandum from Darby Forrester and Stan Goolsby, employees of the State of Alabama Personnel Department, was issued to Defendant Jackie Graham, subject Virginia Swearengin Hopper-Employee Verification of Education. The Conclusion of the memorandum stated:

> "Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources." (Exhibit 1)

8. By letter dated May 9, 2006, addressed to Plaintiff Virginia Hopper, signed by Defendant Page B. Walley, Commissioner of the Department of Human Resources, the Plaintiff was informed there would be a hearing on June 13, 2006 concerning charges of her providing false information on her job application for Accountant. The Plaintiff was informed that if the

2

evidence supported the charges that the Department of Human Resources would seek termination

of her employment. (Exhibit 2)

     9.  On May 15, 2006, Plaintiff Hopper wrote two letters to Defendant Jackie Graham.  In

one letter, Plaintiff Hopper requested Defendant Graham to review her situation involving her

employment with the State of Alabama.  Plaintiff Hopper then asked Defendant Graham:

> "If I resign my position as Accountant, will I be allowed by the State
> Personnel Department to fall back to the classification of an
> Accountant Tech (I had permanent status before my promotion to
> Accountant) and be placed on the re-employment register and
> continue my career in State government." (Exhibit 3).

     10.  In the other May 15, 2006 letter from Plaintiff Hopper to Defendant Jackie Graham

Hopper stated:

> "I am attaching my transcript from Troy University, Montgomery.  I
> will not be able to attach my transcript from Trinity College &
> University; I have came to the knowledge that the transcript and
> diploma are not as they were represented to me and at this point I do
> not want to list them or claim them.  This is the problem I am having
> with my position as Accountant and for the request to fall back as an
> Accountant Tech." (Exhibit 4).

     11.  By letter dated May 17, 2006, addressed to Plaintiff Hopper and signed by Defendant

Jackie Graham, Defendant Graham requested Plaintiff Hopper's <u>official</u> transcripts from Troy

University-Montgomery and Trinity College & University by the close of business on Friday May

19, 2006. (Exhibit 5).

     12.  By letter dated May 19, 2006, addressed to Plaintiff Hopper and signed by Defendant

Jackie Graham, the following was stated:

> "Applicants for employment with the State sign a statement,
> certifying that 'all statements on or attached to this application are
> true and correct' and that false statements may result in removal from

3

an employment register. Despite having certified that all statements in your application, including statements about your education, were truthful, false information was provided on at least two applications. Pursuant to the authority given the State Personnel Director, I am not granting your request to be placed on the re-employment register because you made false statements of material facts on your applications. R. 670-x9-.01(3), State Personnel Board Rules. You will be permitted to be placed on any employment register with the State of Alabama for a period of five years." (Exhibit 6)

13.  By letter dated June 12, 2006, addressed to Plaintiff Hopper and signed by Defendant Page B. Walley, Commissioner of the Department of Human Resources, the original charge letter of May 9, 2006 was amended to reschedule the hearing to June 22, 2006 and to add the following language:

" You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office.  In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I & II and Intermediate I & II, or equivalent courses.  Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a 'diploma mill' calling itself Trinity College and University, and that you did not attend any classes at this university.  Furthermore, there is no evidence that you have taken Intermediate Accounting II." (Exhibit 7)

14.  On June 22, 2006, an administrative hearing was held.

15.  Prior to the hearing testimony being taken Plaintiff Hopper requested to know:

"Number one, we'd like to know exactly what false information she is allegedly to provide.—But we are trying to figure out to this date what we're defending against." (Exhibit 9)

Plaintiff Hopper made a motion to dismiss the charges, which was denied by the hearing officer.

16. The Administrative Hearing Officer, Phillip O. Tyler,  issued his recommendation on

4

August 7, 2006. (Exhibit 8)

17. By letter dated August 14, 2006, addressed to Plaintiff Hopper and signed by Defendant Page B. Walley, Commissioner of the Department of Human Resources, Plaintiff Hopper's employment with the Department of Human Resources was terminated effective at 3:30 p.m. on August 14, 2006. (Exhibit 10)

18. Plaintiff Hopper appealed her termination to the Personnel Board of the State of Alabama in a timely manner.

19. On or about September 12, 2006, the Plaintiff filed an Objection, Motion to Recuse and Objection to Administrative Process. The document pointed out that the Personnel Director had been involved in this case since its inception and requested the Personnel Director, Administrative Law Judges and the State Personnel Board members recuse themselves from this case due to a conflict of interest. (Exhibit 11).

20. On September 13, 2006, the Plaintiff filed a Motion For Third Party Request For Production requesting certain items from the State Personnel Department. (Exhibit 12)

21. By Order dated October 17, 2006, signed by L. Daniel Morris, Jr., the parties were notified that the Director of State Personnel Department had assigned L. Daniel Morris, Jr. as the Hearing Officer or Administrative Law Judge. (Exhibit 13)

22. On November 2, 2006, Plaintiff Hopper filed a Motion To Compel Production from the State Personnel Department. (Exhibit 14)

23. On November 3, 2006 the ALJ issued an Order To Show Cause regarding the Plaintiff's Motion To Compel. (Exhibit 15)

24. On November 6, 2006, the State Personnel Department filed a response to the ALJ's

5

Show Cause Order issued on November 3, 2006. (Exhibit 16)

25.  On November 8, 2006, the State Personnel Department filed a response to the Third

Party Requests For Production filed by Plaintiff Hopper. (Exhibit 17)

26.  By Order dated November 7, 2006, the ALJ stated:

> "Upon consideration of the Response to Show Cause Order filed on
> behalf of the State Personnel Department, employee's Motion To
> Compel filed November 2, 2006 is denied as moot.  If SPD fails to
> produce files by November 9, 2006, employee may file another
> motion." (Exhibit 18)

27.  On November 9, 2006, Plaintiff Hopper filed another Motion To Compel Production.

(Exhibit 19)

28.  On November 13, 2006, an Order was issued by the ALJ denying Plaintiff's Motion To

Compel. (Exhibit 20)

29.  A hearing was held on Plaintiff Hopper's dismissal on December 18, 2006, at the office

of the Alabama Department of Transportation in Montgomery, Alabama.

30.  On January 30, 2007, a memorandum was forwarded to Plaintiff Hopper's attorney from

Paul Thomas, Deputy Director of the State Personnel Department, attaching the Order of January

29, 2007 upholding the dismissal of Plaintiff Virginia Hopper. (Exhibit 21)

31.  Pursuant to the January 30, 2007 memorandum, Plaintiff Hopper filed exceptions to the

ALJ's report on February 5, 2007. (Exhibit 22)

32.  Oral argument was held before the Personnel Board of the State of Alabama on March

14, 2007.  Also on March 14, 2007, the Personnel Board of the State of Alabama issued an Order

upholding the termination of Plaintiff Hopper.  Defendant Jackie Graham signed the Order as

Secretary. (Exhibit 23)

6

33. By Notice of Appeal dated April 9, 2007, Plaintiff Hopper notified the Personnel Board of the State of Alabama, the State Personnel Department and the Department of Human Resources that she was appealing her dismissal. (Exhibit 24)

## COUNT I -PETITION FOR REVIEW

34. The Plaintiff petitions this Honorable Court to review the decision of the ALJ and the Personnel Board of the State of Alabama in upholding the termination of Plaintiff Hopper from her employment with the State of Alabama , Department of Human Resources. Plaintiff Hopper avers and alleges that the finding upholding her termination is:

> a) In violation of the constitutional and statutory provisions, i.e. denial of due process and equal protection of law;
>
> b) In excess of the authority of the agency;
>
> c) In violation of agency rules;
>
> d) Made on unlawful procedure;
>
> e) Affected by error of law;
>
> f) Erroneous in view of the reliable, probative and substantial evidence on the whole record; and/or
>
> g) Unreasonable, arbitrary or capricious, characterized by an abuse of discretion or was clearly an unwarranted exercise of discretion.

Plaintiff prays that upon review, this Honorable Court will set aside and hold invalid the action of terminating Plaintiff's employment and Order her reinstatement with full back pay and benefits from August 13, 2006.

## COUNT II- DENIAL OF FULL AND FAIR HEARING
## & DENIAL OF DUE PROCESS AND EQUAL PROTECTION

35. Plaintiff Hopper adopts paragraphs 1-34 as fully set out herein.

36. Plaintiff Hopper avers and alleges that the denial of her motion by the ALJ to require the State Personnel Department to produce "a copy of any and all investigations concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accepted or certified college or university" denied Plaintiff the right to a full and fair hearing, right to due process and equal protection under the law as guaranteed by the Constitution of Alabama, 1901 and the Constitution of the United States of America.

37. Plaintiff avers and alleges that because of the wrongful acts of the Defendants she has suffered mental and emotional anguish, physical ailments, and public humiliation.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that based on the facts and circumstances surrounding this case a jury will grant compensatory damages in an amount to adequately compensate the Plaintiff for the damages she has suffered and award a punitive judgment against Defendants in such monetary amount to discharge such action in the future and in addition award:

     a.) attorney fees
     b.) court costs
     c.) any and such other relief as the Court deems appropriate and proper.

## COUNT III-DENIAL OF DUE PROCESS

38. Plaintiff Hopper adopts paragraphs 1-37 as fully set out herein.

39. Plaintiff Hopper avers and alleges that on or about May 4, 2006, Defendant Jackie

8

Graham called a meeting with the Personnel Director of Human Resources, the Assistant Personnel Director of Human Resources, and various and sundry other individuals. At this meeting Defendant Graham provided the Personnel Director of Human Resources a copy of Exhibit 1 attached hereto, which contained the determination "that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources."

40. Defendant Graham, nor any employees of the State of Alabama Personnel Department contacted Plaintiff Hopper prior to May 4, 2006 to allow her a chance or opportunity to reply to the charges against her.

41. After the May 4, 2006 meeting between Defendant Graham, the Personnel Director and Assistant Personnel Director of the Department of Human Resources and various and sundry other individuals, Plaintiff Hopper forwarded two letters to Defendant Graham on May 15, 2006, concerning Plaintiff Hopper's job. (Exhibit 3 & 4) By letter dated May 19, 2006, Defendant Graham stated that Plaintiff Hopper "made false statements of material facts on your application..." (Exhibit 6)

42. On or about September 11, 2006, Plaintiff Hopper filed an Objection, Motion To Recuse and Objection to Administrative Process and requested the following:

> "Based on the unique situation of this case, it is requested that not only the Administrative Law Judges recuse themselves, but the entire Personnel Board and the Director of the Personnel Board must recuse themselves as the Personnel Board and its employees are directly involved in this matter..." (Exhibit 11)

9

43. Defendant Jackie Graham did not recuse herself and in fact appointed the ALJ, L. Daniel Morris, Jr. to hear this case. (Exhibit 13)

44. Defendant Jackie Graham then testified before the ALJ in the termination hearing held on December 18, 2006 before the very hearing officer appointed by her.

45. Defendant Graham, the Plaintiff's initial accuser, who appointed the ALJ as well as testified at the Plaintiff's termination hearing on December 18, 2006, also signed the State Personnel Board decision dated march 14, 2007 which upheld Plaintiff Hopper's termination. (Exhibit 23)

46. Plaintiff Hopper avers and alleges that Defendant Graham, acting under color and authority of the State law violated the Plaintiff's rights to due process and equal protection under the law as guaranteed by the Constitution of Alabama 1901 and the Constitution of the United States of America. Additionally, it is alleged that Defendant Graham's actions prevented the Plaintiff from receiving a full an fair hearing and said action of Defendant Graham tainted the Personnel Hearing and Personnel Board appeal of the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that based on the facts and circumstances surrounding this case a jury will grant compensatory damages in an amount to adequately compensate the Plaintiff for the damages she suffered and award a punitive judgment against Defendant Graham in such monetary amount to discourage such action in the future and in addition award:

> a.) attorney fees
> b.) court costs
> c.) any and such other relief as the Court deems appropriate and proper.

10

## COUNT IV-CONSPIRACY

47.  Plaintiff Hopper adopts paragraphs 1-46 above as if stated in full herein.

48.  Plaintiff Hopper avers and alleges that Defendant Graham, Defendant Walley and various and sundry others including but not limited to the Personnel Director and Assistant Personnel Director at the Department of Human Resources conspired to deny her a fair and unbiased hearing, deny her due process and equal protection of the laws as guaranteed by the Constitution of Alabama 1901 and the Constitution of the United States of America.  The Plaintiff avers and alleges that the Defendants and various and sundry other individuals were acting under the color of State law and/or beyond the authority of the position held by the Defendants and/or others.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that based on the facts and circumstances surrounding this case a jury will grant compensatory damages in an amount to adequately compensate the Plaintiff for the damages she has suffered and award a punitive judgment against Defendants Graham and Walley in such monetary amount to discharge such action in the future and in addition award:

> a.) attorney fees
> b.) court costs
> c.) any and such other relief as the Court deems appropriate and proper.

Respectfully submitted this the ___13th___ day of April, 2007.

11

JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiff Hopper

OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
Post Office Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299

12



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

C O N F I D E N T I A L

May 4, 2006

## MEMORANDUM

To:     Jackie Graham

From:  Darby Forrester and Stan Goolsby

Subject:  Virginia Swearengin Hopper - Employee Verification of Education

Accountant – Department of Human Resources (PCQ#0806900) – Effective 04/16/06

Recent notification of discrepancies associated with Ms. Virginia Swearengin Hopper's academic accomplishments resulted in an investigation to verify Ms. Hopper's educational background. The primary purpose of the investigative process was to determine the validity of the Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas that is listed on Ms. Hopper's employment application for the Accountant classification.

According to Ms. Hopper's employment application, she earned her degree from Trinity University 715 Stadium Drive San Antonio, TX 78212 in May 2002 (see attachment 1). Included with the application was an attachment listing 22 academic courses successfully completed by Ms. Hopper that were relevant to the Accountant job (see Attachment 2). According to Trinity University's website (www.trinity.edu), seven of the 22 courses that were listed (ACCT 1301; ACCT 1302; MGMT 2301; FNCE 3301; BUSN 3302; BUSN 4301 and BUSN 3303) correspond with the curriculum listed for a Bachelor of Science in Business Administration while 10 of the courses (ACCT 4344; MKTG 2302; MGMT 3372; FNCE 3351; FNCE 3352; FNCE 4351; MKTG 4381; MKTG 3381; BUSN 3301; and BUSN 3341) are similar in abbreviation and course title (see attachment 3). The remaining five courses (ACCT 291; ACCT 292; ACCT 391 and ACCT 394) are consistent with courses listed on Troy University – Montgomery's website (www.montgomery.troy.edu) for the Sorrell College of Business (see attachment 4).

On April 5, 2006, Ms. Hopper was asked to provide the Department of Finance with verification of her Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas. As a response to this request, Ms. Hopper submitted a copy of a diploma for a Bachelor of Science in Business Administration from Trinity College and University received on May 25, 2002. The institution listed on this document (Trinity College and University) did not coincide with the name of the institution listed on the application for

# SCANNED



PLAINTIFF'S EXHIBIT
1

Jackie Graham
May 4, 2006
Page 2 of 2

employment (Trinity University in San Antonio, TX). A copy of the diploma provided by Ms. Hopper is provided as Attachment 5.

Information obtained during the investigative process revealed that Trinity College and University, which is now referred to as Bronte International University (BIU), is based in Tortola, British Virgin Islands. None of the courses presented on BIU's website (www.biu-edu.org) are consistent with those included on Ms. Hopper's relevant list of completed academic courses. In fact, the course abbreviations and titles do not match any of those submitted by Ms. Hopper. BIU uses a 3 alpha – 3 numeric coding system (see attachment 6) in abbreviating course titles while the list provided by Ms. Hopper consists of a 4 alpha – 4 numeric coding system. There also appears to be some uncertainty as to whether or not BIU is recognized as an accredited institution by any credible accrediting agencies. This uncertainty is stated based upon the assertion that the institution awards educational credit for past work experiences for a fee of $695 for a bachelor's degree or an associate's degree (see attachment 7).

It is very clear that when Ms. Hopper completed and submitted her application for employment into the Accountant classification on November 21, 2003, she claimed having obtained a Bachelor of Science in Business Administration from Trinity University in San Antonio, TX and not Trinity College and University (now referred to as BIU) of Tortola, British Virgin Islands. The list of relevant courses Ms. Hopper provided with her Accountant employment application specifically lists those offered by Trinity University in San Antonio, TX. Furthermore, we received written documentation from Trinity University in San Antonio, TX that indicated that they do not have any records for Virginia S. Hopper (SSN: xxx-xx-4190); that they do not provide online or correspondence courses for their students; and that they are not affiliated with any other Trinity Colleges or Universities (see attachment 8).

Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources.

Enclosures:  Attachment 1 – Employment Application – Copy of Cover Page – Dated 11/21/03
Attachment 2 – Relevant List of Completed Courses
Attachment 3 – Trinity University, San Antonio, TX – Common Curriculum
Attachment 4 – Troy University-Montgomery – Core Curriculum for Bus Admin
Attachment 5 – Diploma – Copy Submitted by Ms. Hopper for Verification
Attachment 6 – Bronte International University – Course Descriptions
Attachment 7 – Bronte International University – Fees
Attachment 8 – Letter from Trinity University, San Antonio, TX – Dated 4/20/06

Attachment 1

# ...TION FOR EXAMINATION

STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 NORTH UNION STREET
P O BOX 304100
MONTGOMERY, ALABAMA 36130-4100

**AN EQUAL OPPORTUNITY EMPLOYER**

**General Instructions**

A separate application is required ... each job. **Do not write in shad...** areas. Complete all parts of t... application. Applications ... properly completed will be returne... Photocopied and facsimile appli... cations will be accepted.

ENTER SOCIAL SECURITY NUMBER BELOW.

| 4 | 2 | 3 | - | 7 | 4 | - | 4 | 1 | 9 | 0 |

**Examination For Which You Are Applying** (one per application)    *10611*

10611 Accountant

**Option** (if applicable)

Full Name   Virginia _____ S _____ Hopper
            First        Middle         Last
Address   200    Alpha Lane
          House or Apartment Number       Street
          Deatsville        AL        Elmore      26    36022
          City            State       County            Zip Code

Telephone Number: Home ( 334 ) 285-6226      Work ( 334 ) 242-2224
                       Area Code                    Area Code

**The following information is required for governmental reporting or recordkeeping purposes:**

Date of Birth   05      06      1954      Sex (check one) 1. ( ) Male   2. (X) Female
                (Month)  (Day)  (Year)

Race (check one) 1. (X) White   2. ( ) Black   3. ( ) Hispanic 4. ( ) Asian or Pacific Islander   5. ( ) American Indian or Alaskan Native 6. ( ) Other

**EDUCATION:**

CIRCLE OR BRACKET THE HIGHEST GRADE OF SCHOOL COMPLETED.

High School Diploma or GED? (X) Yes ( ) No   1  2  3  4  5  6  7  8  9  10  11  [12] College 1  2  3  [4]

ED  3/
LC  700

**PROVIDE INFORMATION ON ALL SCHOOLS ATTENDED.   SPECIFY UNDERGRADUATE OR GRADUATE WORK.**

| Name and Location of School | Dates of Attendance Month/Year From | To | Credit Hours Sem. | Qtr. | Did You Graduate? Yes | No | Type of Degree and Date | Major |
|---|---|---|---|---|---|---|---|---|
| Trinity University 715 Stadium Dr | | | | | X | | BS – May 2002 | Bus Admin |
| San Antonio, TX 78212 | | | | | | | | |
| | | | | | | | | |

**PROFESSIONAL LICENSE OR CERTIFICATE**

| License/Certificate Issued By | Field/Trade/Specialization | License/Certificate No. | Issue Date | Expiration Date |
|---|---|---|---|---|
| | | | | |
| | | | | |

**LIST COURSES (AND HOURS) WHICH ARE PARTICULARLY RELATED TO THE POSITION** (attach additional sheets, if needed).

See attached list

# CERTIFICATION STATEMENT

I certify that all statements on or attached to this application are true and correct to the best of my knowledge. I know that any false statements may cause me to be denied the chance for testing, to be removed from an employment register, or to be released from employment. I will not discuss the test I have taken. I further authorize the release of all relevant prior employment, military service, academic/school and criminal records. If employed I agree, consistent with applicable laws, to receive compensatory time off in lieu of overtime compensation for any overtime hours worked.

Signature  *Virginia A. Hopper*       Date 11/21/2003

**During the application process, including testing and employment consideration, your name may be removed from an employment register for any disqualifying reason.**

Attachment 2

**Virginia Hopper    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**

COURSES WHICH ARE PARTICULARLY RELATED TO THE POSITION

ACCT 291   Prin of Acct I

ACCT 292   Prin of Acct II

ACCT 293   Managerial Acct

ACCT 391   Intermediate Acct I

ACCT 394   Governmental Acct

ACCT 1301   Financial Accounting

ACCT 1302   Managerial Accounting

ACCT 4344   Auditing

MGMT 2301   Management

MKTG 2302   Marketing

MGMT 3372   Org Behavior

FNCE 3301 Finance

FNCE 3351 Instit & Mkts

FNCE 3352   Investments

FNCE 4351   Mgmt/Policy

MKTG 4381   Mktg Mgmt

MKTG 3381   Consum Behavior

BUSN 3301 Statistics

BUSN 3302   Busn Law I

BUSN 3341   Busn Law II

BUSN 4301 Busn Policy

BUSN 3303 Quant/Mgr'l Decision Making

# Business Administration
# B. S. Concentrations and Requirements

The requirements for the Bachelor of Science in Business Administration degree are as follows:

I.       The common curriculum.

II.      A core curriculum in Business Administration (24 hours):

> ACCT 1301 - Fundamentals of Accounting
> ACCT 1302 - Fundamentals of Managerial Accounting
> BUSN 2301 - Statistics for Management and Economics
> BUSN 3302 - Legal Concepts of Business I
> *BUSN 4301 - Business Policy and Strategy
> **FNCE 3301 - Financial Administration of Business Firms
> MKTG 2301 - Principles of Marketing
> MGMT 2301 - Management of Organizations

> *  Students should note that ECON 1312 is prerequisite for BUSN 4301.  In order to satisfy this prerequisite requirement, ECON 1312 may not be taken on a pass/fail basis.

> **  Students should note that ECON 1311 is prerequisite for FNCE 3301  In order to satisfy this prerequisite requirement, ECON 1311 may not be taken on a pass/fail basis

III.     Completion of BUSN 3303 - Quantitative Managerial Decision Making

IV.      Completion of a concentration in Business Administration, choosing from one of the following:  Accounting, Finance, Management, Marketing, and International Business.  No course taken by a student may count toward more than one concentration requirement.

V.       Completion of elective hours that bring the total in Business Administration courses to at least 45 semester hours.

VI.      Completion of general electives outside of Business Administration sufficient to bring the total semester hours earned for a degree to 124.

A student who pursues either a major or minor in Business Administration must

take 50% of the Business Administration credit hours that apply toward his/her degree at Trinity University.  At least 50% of the credit hours required for a concentration must be taken at TrinityUniversity.

Attachment 4

## SORRELL COLLEGE OF BUSINESS

### Accreditation
### B.S. / B.A. Business Administration Degree Requirements
### Business Administration Core (42 Hours)
**Majors:**
- Accounting Major (30 Hours)
- Finance Major (30 Hours)
- General Business Major (30 Hours)
- Information Systems Major (30 Hours)
- Management Major (30 Hours)
- Marketing Major (30 Hours)
- Risk Management and Insurance Major (30 Hours)

### B.A.S. in Resources and Technology Management
### Business, Associate of Science (60 Hours)
**Minors:**
- Business Administration Minor (18 Hours)
- Information Systems Minor (18 Hours)

University Overview

Student Admissions
and Regulations

General Studies Program

Special Academic
Offerings

Financial Information

Degrees and Required
Credit Hours

Colleges

Course Descriptions

Board of Trustees,
Administration, Faculty

Index

TROY Home
Catalog Table of Contents

The academic mission of the Sorrell College of Business is to prepare a diverse bo
students for entry and personal growth in business and government-related career:
means of high quality instruction delivered in traditional, nontraditional, and emergi
electronic formats.

Our students are currently employed in, or endeavor to be employed in, business,
government, public accounting, the U.S. military, and not-for-profit organizations, b
United States and the world over. Today many are, or intend to be, self-employed.
Undergraduate students are prepared for admission to graduate programs in busin
information systems, and professional schools of law. Sorrell College of Business :
graduate with the knowledge and skills needed to communicate effectively, to mak
and socially-responsible decisions, and to understand diverse and international cul

Sorrell College of Business faculty members are highly qualified and possess diver
academic and business backgrounds. Because our faculty members have "real-wo
experience, course instruction focuses not only on vital concepts but also on practi
application of these concepts.

All academic programs offered by the college assist students to develop the knowl
skills, and attitudes necessary to understand and cope with the challenges faced b
and organizational leaders in a dynamic, global workplace. The curriculum is highl
to the needs of students and the requirements of their employers. Combining the re
of the curriculum with the fact that our faculty holds students to a high standard thr
their academic experience at Troy means that the academic programs offered thro
Sorrell College of Business are designed to provide a firm foundation for professior
business leaders who, upon graduation, will have the skills necessary to embark or
change course in, successful careers in business, industry, and government.

Majors within the Bachelor of Science (or Arts) Business Administration degree are
accounting, general business, finance, information systems, management, marketi
risk management and insurance. Within the management and general business ma
students may select concentrations that focus on international business, business
economics, human resource management, small business and entrepreneurship, a
production and operations management. Within the information systems major, stu
focus on networking, general information systems, or web development. A Bachelo
Applied Science degree is offered in resources and technology management. Mino
offered in business administration and information systems.

## ACCREDITATION

Troy University, through its Sorrell College of Business, is nationally accredited by Association of Collegiate Business Schools and Programs (ACBSP) to offer baccal degree programs in accounting, finance, general business, information systems, management, and marketing. The ACBSP has also accredited Troy to offer the Ma Business Administration.

## B.S. / B.A. BUSINESS ADMINISTRATION DEGREE REQUIREMENTS

| General Studies | 48 hours[1] |
| Business Administration Core | 42 hours [2, 3, 4] |
| Courses in the major | 30 hours [3, 4] |
| Total | 120 hours |

[1] The 48 hours of general studies must include six hours of Principles of Econom and MTH 2201, completed with a grade of C or better.

[2] Students must complete the following lower-level courses (or their approved tra credit equivalents) with a grade of C or higher in each course before registering for level course in the business curriculum: ENG 1101/03, ENG 1102/04, MTH 2201, I ACT 2291, ACT 2292, ECO 2251, ECO 2252, QM 2241, LAW 2221, and all 2000-I courses in the major and minor. Students may enroll concurrently in the last of thes along with their initial 3000-level courses subject to their adviser's approval and con with published prerequisite requirements. Under no condition may a student enroll 4000level course without the satisfactory completion (grade of C or higher) of the lo courses listed above.

[3] Transfer credit will not be awarded for any course to be used in the business co major in which a C grade or higher has not been achieved.

[4] Students must achieve an overall C average in both their business core and the business major in order to be eligible to graduate. All courses should be taken in th appropriate numerical sequence (i.e., 3000-level courses should be completed bef attempting 4000-level courses).

 *top*

## BUSINESS ADMINISTRATION CORE (42 HOURS)

| ACT | 2291 | (3) | Principles of Accounting I |
| ACT | 2292 | (3) | Principles of Accounting II |
| BUS | 3382 | (3) | Business Communications |
| FIN | 3331 | (3) | Managerial Finance I |
| FIN | 3332 | (3) | Managerial Finance II |
| IS | 3300 | (3) | Introduction to Information Systems |
| LAW | 2221 | (3) | Legal Environment of Business |
| MGT | 3371 | (3) | Principles of Management |
| MGT | 3373 | (3) | Operations Management |
| MGT | 4476 | (3) | Strategic Management |
| MKT | 3361 | (3) | Principles of Marketing |

| QM | 2241 | (3) | Business Statistics I |
| QM | 3341 | (3) | Business Statistics II |
| *Select one course with permission of faculty adviser:* | | | |
| ACT | 4435 | (3) | International Accounting |
| ECO | 4451 | (3) | International Trade |
| FIN | 4435 | (3) | International Banking and Finance |
| MGT | 4478 | (3) | International Management |
| MKT | 4468 | (3) | International Marketing |

*Select one business administration major (30 hours):*
– Accounting
– Finance
– General Business
– Information Systems
– Management
– Marketing
– Risk Management and Insurance

 *top*

## ACCOUNTING MAJOR (30 HOURS)

*B.S./B.A. in Business Administration degree with a major in accounting (ACT*

| ACT | 3391 | (3) | Intermediate Accounting I |
| ACT | 3392 | (3) | Intermediate Accounting II |
| ACT | 3394 | (3) | Governmental Accounting |
| ACT | 3395 | (3) | Managerial/Cost Accounting |
| ACT | 4491 | (3) | Advanced Accounting I |
| ACT | 4494 | (3) | Income Tax I |
| ACT | 4495 | (3) | Income Tax II |
| ACT | 4497 | (3) | Auditing |
| *Select one accounting elective:* | | | |
| ACT | 3396 | (3) | Accounting Information Systems |
| ACT | 4496 | (3) | Managerial/Cost Accounting II |
| ACT | 4498 | (3) | Advance Auditing |

*Select one upper level business course elective.*

 *top*

## FINANCE MAJOR (30 HOURS)

| FIN | 4431 | (3) | Financial Management |
| FIN | 4432 | (3) | Investments |
| FIN | 4437 | (3) | Financial Institutions |
| *Select six electives:* | | | |

| FIN | 3333 | (3) | Financial Mathematics |
|-----|------|-----|-----------------------|
| FIN | 3334 | (3) | Financial Statement Analysis |
| FIN | 3336 | (3) | Real Estate Finance I |
| FIN | 3337 | (3) | Personal Financial Planning |
| FIN | 4419 | (3) | Speculative Markets |
| FIN | 4434 | (3) | Financial Modeling |
| FIN | 4436 | (3) | Securities Analysis |
| FIN | 4438 | (3) | Bank Management |
| FIN | 4439 | (3) | Finance Seminar |
| FIN | 4440 | (3) | Real Estate Finance II |
| FIN | 4454 | (3) | Public Finance |
| FIN | 4495 | (3) | Selected Topics in Finance |
| RMI | 3335 | (3) | Principles Of Management and Insurance |

*Select one upper level business course elective.*

 *top*

### GENERAL BUSINESS MAJOR (30 HOURS)

*B.S./B.A. in Business Administration degree with a major in general business*
*Concentrations in general business, business economics, international busi*
*small business and entrepreneurship*

*Select one upper level course in three of the following five areas:*
− Accounting
− Economics
− Finance
− Management
− Marketing

*Select one concentration (21 hours):*
Business Economics Concentration:
· *Select five upper level economics courses (15 hours).*
· *Select two upper level finance courses (six hours).*

General Business Concentration:
· *Select seven upper level courses among the business disciplines, with a limit of th*
*courses in one discipline.*

International Business Concentration:
·*Select three of the following courses not used to satisfy the business core global i*
*requirement (nine hours):*

| ACT | 4435 | (3) | International Accounting |
|-----|------|-----|-------------------------|
| ECO | 4451 | (3) | International Trade |
| FIN | 4435 | (3) | International Banking and Finance |
| MGT | 4478 | (3) | International Management |
| MKT | 4468 | (3) | International Marketing |

*Select two upper level business course electives (six hours).*
*Select two modern foreign language courses (six hours).*

<u>Small Business and Entrepreneurship Concentration:</u>

| MGT | 4475 | (3) | Small Business Management |
|-----|------|-----|--------------------------|
| *Select four of the following courses:* | | | |
| ACT | 3396 | (3) | Accounting Information Systems |
| MGT | 3375 | (3) | Human Resource Management |
| MGT | 4472 | (3) | Organizational Behavior |
| MGT | 4460 | (3) | Introduction to Project Management |
| MKT | 3365 | (3) | Integrated Marketing Communications |
| MKT | 4463 | (3) | Retailing |

*Select two upper level business course electives (six hours).*

 **top**

http://www.troy.edu/catalogs/0506undergrad/U12SCOB.htm                    4/12/2006

Attachment 5

# Trinity
## College & University

has conferred upon

# Virginia Swearengin Hopper

the degree, rank and academic status

### Bachelor of Science

with a major in

### Business Administration

Distinction

All requirements of the Board of Regents and Examiners having been successfully completed. All rights and privileges thereunto appertaining are hereby awarded.

Signed and sealed upon this twenty-fifth day of May two thousand and two







Bronte International Unive

British Virgin Islands

Attachment 6



**Bronte International**
U N I V E R S I T Y

| HOME | BIU FASTTRACK | AVAILABLE DEGREES | BIU CAREERS | CONTA

**Undergraduate
Program**

**Certificate of Tax and
Financial Planning**

**Available Degrees**

**Course Descriptions**

# COURSE
# DESCRIPTIONS

Below are a sampling of course descriptions for some of the majors offered by
Bronte International University. The courses listed below are college level
academic courses.

BIU help
all I ever
Yo

These courses are considered for the purpose of establishing EQUIVALENCY of
knowledge gained from work or other activities in our assessment process
based upon your qualifications.

**ACCOUNTING**

ACC-101 - Principles of Financial Accounting

Financial Accounting is designed to provide students with basic level of
knowledge in recording business transactions, summarizing business
activities, and preparing, interpreting, and utilizing financial statements.
Topics focus on accounting principles, systems and cycles, transactions,
income statements, depreciation, merchandising, inventory control, assets
and liabilities, and financial partnerships.

ACC-102 - Principles of Managerial Accounting

Managerial Accounting emphasizes the information managers need to make
decisions and the types of analysis appropriate to each decision. Topics
include budgeting, cost/profit relationships, cost accounting systems, cash
flow, inventory and process costing, pricing, capital budgeting, product mix
planning, operations, control and evaluation performance.

ACC-421 - Federal Income Taxation

A comprehensive coverage of the federal income tax structure as it pertains to
individuals, partnerships and corporate taxpayers. Topics include:
classification of taxpayers; determination of gross income; exemptions;
taxable income; computation of tax; special tax computations; credits against
tax.

**ANTHROPOLOGY**

AN-101 - Introduction to Anthropology

The study of culture as the expression of human values, behavior and social
organization in its unique and varied forms throughout the world, past and
present. The course attempts to document that diversity and to demonstrate
the inherent logic of each culture in the light of the problems people need to
solve and the environments to which they must adapt.

## ARCHAEOLOGY

ARC-101 - Introduction to Western Archaeology

New scientific tools and sophisticated research designs are revolutionizing our ideas about what ancient societies were like, how they developed and how their civilizations collapsed. Research at the spectacular Classic Maya Center is the basis for the broadly comparative perspective of the course. Students will also learn how archaeology helps us understand ancient people by reconstructing their past.

## ART

ART-100 - A World of Art

This is a unique art appreciation course designed to give students an in-depth understanding of works of art, by first giving them an insight to the mind of the modern artist and his/her working process. Through a series of video programs, the course follows ten different contemporary artists as they work on individual projects from start to finish. As well as learning the principles of design and different types of media artists employ, students will learn about the process of artistic creation.

ART-166 - Art History I

Examines the works of art that have come to define the Western visual tradition from ancient Greece through the Renaissance. An appreciation of the formal qualities, iconography and technical achievements of significant works of art is emphasized. The course also shows how these works of art closely reflect the prevailing attitudes of the society in which they were created, as well as the goals of the artists.

ART-167 - Art History II

This course is the second half of Western Art History and continues to examine the works of art that have come to define the Western visual tradition from the Baroque period to the present day. An appreciation of the formal qualities, iconography and technical achievements of significant works of art is emphasized. The course also shows how these works of art closely reflect the prevailing attitudes of the society in which they were created, as well as the goals of the artists.

## ASIAN STUDIES

ASS-301 - Asian Studies I

This course offers a survey of the modern history, economics, politics and cultures of the Pacific Basin region. This interdisciplinary Asian- Studies course explores how the Pacific Basin has evolved to emerge as a principle political and economic center for the next century. Throughout the course, four major themes emerge: modernity versus tradition; the conflict between East and West; democracy, political authority and economic growth; and the role of the United States in the Pacific.

AST-101 - Introductory Astronomy

Introductory Astronomy explores a broad range of astronomy topics, concepts and principles, from the motions of the visible sky to dark matter, from our own planet to the stars and galaxies. The course examines evidence for the big bang and continuing evolution of the universe and tracks the formation, life, and death of the stars. Throughout the course, special emphasis is placed

on the scientific evidence that astronomers have come to know about the universe, and how they continue to seek answers to some of the most fundamental questions.

## BIOLOGY

BIO-101 - Introductory Biology

This course is designed as an introductory biology course for non-science majors. The video programs reveal current trends in molecular biology, illustrate scientists at work and discuss the challenges and opportunities in this growing field. The course incorporates natural history examples and includes a general introduction to the nature of life. Topics also include DNA; genetics; reproduction; animal physiology, including circulation and immunology; and ecology.

BIO-108 - Nutrition

This introductory course is intended to provide accurate and scientifically sound information on human nutrition. Topics covered in the course include food choices; the digestive system; metabolism; the effects of carbohydrates, fats, and proteins on health; nutrition in various stages of the life cycle; vitamins and minerals; and the effect of diet in the presence of diabetes and cardiovascular disease.

## BUSINESS EDUCATION

BUE-101 - Personal Finance for 2000 and Beyond

A one-semester course in financial planning that provides information for making sound financial choices.

## BUSINESS

BUS-101 - Introduction to Business

Introduction to Business is a one semester course for students who want to expand their understanding about business. The course presents an inside view of business, dissecting the realities and complexities of the ever-changing world of business in today's modern society. From the internal functions of a business to the challenges of business to the challenges of business on an international scale, the course provides a comprehensive view of the contemporary environment of business.

BUS-161 - Business Mathematics

The following topics are covered in this course: integers, fractions and decimals; round numbers; complex fractions; ratios, proportions, and percentages; averages; formulas and linear equations; business applications.

BUS-421 - Business Policy

Capstone review of senior management decision areas, using concepts covered in an undergraduate course in business policy or corporate planning. Topics include: corporate goals and resources, financial analysis, long-range plans, policy models, and management strategy. Case problems are used to integrate theories and apply concepts to simulate situations.

## CHEMISTRY

CHE-101 - Survey of Chemistry

CHE-108 - Survey of Chemistry

Developed for non-science majors, this course de-emphasizes mathematical problem solving in favor of presenting a unified view of chemistry. Chemical principles, facts and theories are presented through practical applications, illustrations and experiments. The historical foundations, recent developments and future directions of chemistry are also presented. This course will not satisfy the chemistry requirement for Natural Science or Applied Science and Technology degree programs.

CHE-111 - General Chemistry I

Presents the essential concepts of chemistry and how we come to know and understand those concepts, focusing on the study of molecules and how their atoms bond together. Suitable for nonscience majors.

CHE-112 - General Chemistry II

Builds on knowledge gained in CHE-111-OL General Chemistry I. Includes study of liquids and solids, chemical reactivity, chemical kinetics acid-base chemistry, thermodynamics, and electrochemistry. Suitable for nonscience majors.

CHE-240 - Elementary Organic Chemistry

A survey of the basic principles of organic chemistry. Topics include saturated, unsaturated and aromatic hydrocarbons; isomerism, sugars, fats and oils; proteins and nucleic acids; and molecular structure and spectroscopy.

**COMPUTER INFORMATION SYSTEMS**

CIS-107 - Computer Concepts and Applications

The course is designed to: provide a comprehensive overview of the comprehensive overview of the computer, what it is, what it can and cannot do, how it operates, and how it may be instructed to solve problems; familiarize learners with the terminology of date processing; examine the application of the computer to a broad range of organizational settings and social environments; prepare learners to understand and utilize computers in both their personal and professional lives.

**COMMUNICATIONS**

COM-120 - Introduction to Mass Communications I

Mass communication and the new media technologies of cyberspace have become central to the psychological, social, economic, and political realities of the human experience. It is more important than ever for students of all disciplines to understand the role the media play in their world, their culture, and their lives. This course examines the media innovations, inventions, industries, and people that historically and currently have changed and challenged our world. Emphasizing the history of mass media as well as the current trends, this course presents information and activities designed to enable students to appreciate and evaluate the quality of print, audio, video, film and television. The course considers ethics, advertising, public relations, and audience feedback in the context of mass communication. Global media on society are also discussed. Topics covered include: Media History; Mass Media in Society; Print History; Images in Media; Newspaper Industry; Book Industry; Radio History; Radio Industry; recording Industry; Film History.

COM-121 - Introduction to Mass Communications II

Bronte International University

Mass communication and the new media technologies of cyberspace have become central to the psychological, social economic, and political realities of the human experience. It is more important than ever for students of all disciplines to understand the role the media plays in their world, their culture, and their lives. This course examines the media innovations, inventions, industries, and people that historically and currently have changed and challenged our world. Emphasizing the history of mass media as well as the current trends, this course presents information and activities to enable students to appreciate and evaluate the quality of print, audio, video, film and television. The course considers ethics, advertising, public relations, and audience feedback in the context of mass communication. Global media and the effect of mass media on society are also discussed. Topics covered include: Television History; Broadcast Television; Cable TV and Beyond; Television News; Print News; Public Relations; Advertising Media Rights and Responsibilities; Media Ethics; Audience and Feedback; Media Impact.

COM-209 - Public Speaking

Public Speaking focuses on developing effective presenting skills in front of live audiences. The course moves from an overview of topic- selection, research, structuring, writing, and rehearsal skills to student participation on topics similar to what may be encountered in business or social situations. Historical and contemporary speeches are analyzed, practical techniques are emphasized in message delivery, audience expectations, informative and persuasive approaches, the use of supportive materials and audio-visuals, gesture and physical environment, impromptu speeches, question/answer segments, panel structures, and the use of humor. Students produce three presentations on video tape for instructor review, beyond any previous sales or social presentations that the student regularly makes. A fourteen-part study guide is provided for the student to respond to by engaging in structuring, rehearsing, and delivering their speeches. Detailed outlines are submitted prior to actual presentations for instructor review and commentary. Students review the speaking style of two live speakers during the course.

COM-322 - Language in Social Contexts

Language is the center of all human activity. It defines who we are, what we can accomplish , what we have learned about our past and finally, what future generations will come to learn about us. In learning about language, we come to more fully appreciate who we are. This course will consider several aspects of how the language we speak and the societies we live in affect each other.

COM-335 - Elements of Intercultural Communication

This course presents a broad theoretical base in the study of intercultural communications. Its emphasis is the study of the many complex elements and processes involved in the sending and receiving of messages within intercultural contexts. The aim of the course is to increase the student's sensitivity, understanding, and awareness of intercultural differences and similarities that lead to more effective communication. The basic concepts, principles and skills for improving communication between persons from different minority, racial, ethnic, cultural and intercultural backgrounds will be covered.

**COMPUTER SCIENCE**

COS-101 - Introduction to Computers

This course provides a broad, general introduction to computers including an introducton to programming using the QBASIC language. the course covers hardware and software fundamentals, essential computer applications, computer networking, how to use a computer to solve a problem and the impact of the information age on our work, our homes, society and the future. The course assists students in acquiring the ability to describe the uses of a

variety of computer hardware and software, explain how computers are used for a variety of applications, and provides insight into computer networking and its impact upon society. Students learn how to write programs using the QBASIC language to solve problems.

COS-116 - C Programming

C Programming provides an opportunity to study and gain experience with one of the most popular computer languages. Students will learn to write, debug and run programs in C language- the increasingly popular UNIX-related, intermediate-level software development language. The course covers operations, variables, loops, functions, pointers, input-output, data types, structure and file operations.

COS-213 - C++ Programming

C++ is an object-oriented extension of the C Computer Language. C++ is the most popular and high-potential object-oriented programming language in the United States and possibly the world. This course explores C++ programming in the context of object-oriented software development. Object orientation will be defined in terms of five object characteristics (encapsulation, relationship, inheritance, polymorphism, and dynamic building) used to build object-oriented programs.

COS-231 - Assembly Language

An introduction to the study of the basic structure and language of machines. Topics include basic concepts of Boolean algebra, number systems, language, addressing techniques, data representation, file organization, symbolic coding and assembly systems, use of macros, batch operation and job handling.

COS-241 - Data Structures

Advanced techniques for program construction and testing are emphasized. Topics include linked lists, trees, sorting, searching, string manipulation, and dynamic storage.

COS-330 - Computer Architecture

The analysis and design of the major elements of a digital computer. The specification of the interconnection of these elements to form a digital computer. This specification is accomplished with the aid of a special purpose register transfer language (similar to programming language). Control of the register-transfer sequence is treated from both the hardwired and microprogrammed view points. Interrupts and I/O are treated.

COS-352 - Operating Systems

Students will acquire an understanding of the role that an operating system has in the computing environment. The student will have hands on experience and assignments on four major operating systems ranging from microcomputer to mainframes. These operating systems are MS-DOS, VMS, UNIX, IBM, USE. Topics will include process management, device management, file structures, utilities, performance evaluation and networking.

**CONTROLS**

CTR-211 - Electronic Instrumentation and Control

Automatic testing of electronic devices; electronic instrumentation and control: physical properties and their measurement. Industrial electronic circuit applications; interfacing process variables; motor motor control and

Bronte International University

servo systems; numeric control systems; programmable controllers; industrial robots.

**EARTH SCIENCE**

EAS-101 – General Earth Science

This course introduces basic concepts of science in general and geoscience in particular. The course emphasizes the evolution of the earth and the development of the theoretical model of the earth as a whole. Topics include earth and other planets in the solar system; earth's oceans, interior and atmosphere; and a look toward the earth's future. It is designed for students with a general interest in and curiosity about the earth, and is not intended for science majors.

**ECONOMICS**

ECO-111 – Macroeconomics

Macroeconomics deals with broad economic aggregates, such as national income, the overall level of prices, employment and unemployment, and the money supply. Topics covered include the meanings and measurements of gross national product; business cycles; the effect of government expenditure and taxation; causes of inflation and unemployment; and international trade and the balance of payments. The course examines the major historic and contemporary events that have shaped the 20th century American economics. The course involves solving economic problems which require basic college mathematical skills.

ECO-112 – Microeconomics

This course demonstrates how the basic principles of economics apply to current U.S. economic problems and provides practice in applying economic analysis. It focuses on individual economic units and how purchase and production decisions determine prices and quantities sold. These principles are applied to a wide variety of economic problems which require basic college mathematical skills.

ECO-490 – International Economics

Pure or "real" aspects of international trade, including the basic comparative advantage model, commercial policy (tariffs, quotas, etc.), economic integration, role of international trade in economic development. Monetary aspects of international trade, including international capital movements, foreign exchange market, concepts and measurement of balance of payments, alternative means of correcting disequilibrium in the balance of payments, and international monetary arrangements.

**ENGINEERING MECHANICS**

EGM-330 – Fluid Mechanics

The properties and behavior of fluids: density, pressure, fluid static, buoyancy, hydraulic devices. Course examines fluid dynamics, continuity of flow, Bernoulli's equation, Venturi's principle, the Pilot tube, and fundamentals of dynamic lift. Orifices, nozzles, tubes, valves, and other applications of flow control devices. Discussion of viscosity and flow losses are incorporated.

**ENGLISH COMPOSITION**

ENC-101 - English Composition I

This course focuses on teaching English composition and rhetoric from a process perspective. With an emphasis on audience awareness and purpose for writing, this course presents deliberate strategies for prewriting and revision. As the first course on college level writing, there is emphasis on the skills needed for academic and business writing.

ENC-102 - English Composition II

A continuation of English Composition I. Essay writing, writing a research paper, writing across the curriculum, writing for business and writing about literature are the essential components of this course. The course objectives are developed through applications to real life situations. Some library research is required.

**ENGLISH**

ENG-201 - Technical Writing

Technical writing for industry, business and research, focusing on the special requirements of the professional report.

ENVIRONMENTAL SCIENCE

ENS-200 - Environmental Science

This course provides a systematic inquiry into the state of the global environment. It focuses on the threats to different natural systems and the complex interconnections between human society and the environment. It provides an understanding of the sciences and ways of thinking involved in the study of the environment

**FILM**

FIL-110 - American Cinema

American Cinema is an introductory course in film studies. Through this course, students will learn to become more active and critical viewers as they question the images of America they see on the movie screen and redefine their own relationship to those images. The course endeavors to help students to increase their understanding of films as art, as cultural artifacts, as an economic force and as a system of representation and communication. Students will learn about the invention of the motion picture camera, the rise of the studio system, and the production of popular genres such as the western, the comedy, and the combat film, while examining the development of an American narrative tradition and the evolution of character with genres.

**FINANCE**

FIN-301 - Principles of Finance

Managerial finance and the environment within which the financial decision-maker functions. Topics include: concepts and tools of financial analysis; working capital management; capital budgeting; the cost of capital; long-term financial management. Familiarity with basic accounting is essential.

**GEOLOGY**

GEO-151 - Physical Geology

Description of composition and structure of earth physical processes which

change earth's surface.

**HISTORY**

HIS-101 - Western Civilization I

Exploring the cultural and philosophical movements that have influenced the Western world from ancient times to the present. The course covers the influential pre Western civilizations through the classic period of the High Middle Ages. Material is integrated from a variety of academic areas and stimulates critical thinking.

HIS-102 - Western Civilization II

Exploring the cultural philosophical movements that have influenced the Western world from ancient times to the present. The course commences with the end of the Middle Ages and continues through industrial modernization to the present. Material is integrated from a variety of academic areas and stimulates critical thinking.

HIS-113 - American History I

This course focuses on the origin and growth of the United States from 1492 to 1865. It also examines the social, economic and political development of the country with special emphasis on the major events from the English settlement at Jamestown to the Civil War.

HIS-114 - American History II

This course focuses on the transformation of the United States from 1865 to the present. Emphasis is on the transformation from an agrarian nation and minor member of the international community to an industrial world power. Beginning with the reconstruction of the South after the Civil War, the course traces the social, economic and political development of the country through the 1980s.

HIS-210 - American Civil Rights Movement

This course offers a comprehensive history of the people, stories, events and issues of the 20th century struggle for social justice in America. The course examines the Civil Rights Movement in terms of its impact on American society. It also considers the rise of other movements which transformed the face of American culture and discusses their influences on creating a new generation of American leadership.

HIS-219 - Introduction to the History of Women And Family in America

This a course on women and the family in the United States from 1607 to 1870, which emphasizes the diverse experiences of ordinary people - of Indians and immigrants, of slaves and free African-Americans, of indentured servants and pioneer families - as it examines change in both the ideals and the reality of family life. Two other themes which complement the diversity and ideal/real themes are the gender division of labor in families and family resilience in the face of social and economic change.

HIS-235 - American Civil War

Based on the award-winning PBS series "The Civil War," this course presents the entire sweep of the war, from the battlefields to the homefronts, from the politicians and generals to the enlisted men and their families. Attention is given to the causes of the war, why the North won and the assassination of Lincoln.

Lincoln.

## HIS-261 - Introduction to the Chinese History and Culture

This course examines China's people, history, and heritage and explores a civilization that is more than 5,000 years old. Ancestral customs and beliefs, which still survive in parts of the countryside, are discussed. And the events of Tiananmen Square, where political tensions erupted in apocalyptic violence, are also examined. Intimate, rarely seen glimpses of daily life reveal the conflict between long- established customs and government-mandated changes. The course explores such issues as causes for the political and cultural forces that have unified China despite the great variety of its regions and its people; the incendiary public discontent that flared into violence at Tiananmen Square; and whether China's future is more likely to be one of turbulence and upheaval or peaceful evolution.

## HIS-301 - African History and Culture

African History and Culture examines the history and contemporary life of Africa through its triple heritage: Indigenous, Islamic and Western. This course offers a new perspective on Africa, explores the real story of the continent and looks at modern Africa with new insight. The course also examines African economic and social systems, examining both inherent conflicts and Africa's relationships with the rest of the world.

## HIS-302 - The Renaissance: Origins of the Modern West

The Renaissance brought transformation of systems of government, technology, economic enterprise, social ideas and art that continue to influence contemporary society. This course explores the fundamental changes that occurred in Europe between the late 14th and late 17th centuries and shows how the issues raised in this period continue to influence the modern world. Topics focus on politics, war, dissent, economics, art and science, as well as on rulers, religious leaders, and soldiers.

## HIS-310 - The Middle East

This course is not a traditional history course, but a multidisciplinary perspective on a region of the world which effects the entire world. The course focuses on the complex interrelationships of history, religion, economics, diplomacy, politics, geography and military strategy in the Middle East. Study is focused on four topics: the physical and cultural setting, the Middle East and the West, the twentieth century, and problem areas.

## HIS-333 - Modern Latin America and the Caribbean

This course presents a multidisciplinary study of the 20th century political, economic, social and cultural history of Latin America and the Caribbean. It covers key issues and events crucial to understanding the development of the modern day Americans; the relationship of Latin America and the Caribbean to the rest of the world; historical roots of regional tensions; national economics of the Americas; political instability, reform movements and revolutions; impact of migration and urbanization; regional ethnic identities; role of women; religious upheaval; cultural/artistic movements; and issues of sovereignty

## HIS-356 - War and American Society

Focuses on the effects of war on American society, from the Revolutionary War to the present.

**HUMANITIES**

HUM-409 - The Age of the Enlightenment

This course explores the culture of the Age of Reason at its height through the in-depth study of a number of major texts and of certain leading figures. There is an interdisciplinary approach embodying, for instance, historical, literary and philosophical approaches. The works of fiction and poetry, philosophy, history, science, music and art are studied in their own right, but are also interconnected as mutually illuminating phenomena.

## JOURNALISM

JOU-352 - News Writing

News Writing is a comprehensive journalism course designed to teach students how to start, develop and polish hard news and feature stories. In addition, related styles, such as editorial and column writing, are explored along with issues of language use, media ethics and media law. The course explores both journalism styles in broadcast and public relations, as well as print journalism.

## LAW

LAW-201 -Business Law

An introductory course to the area of business law. Topics covered are the nature and meaning of law, contract law, sales contracts, commercial paper, agency law, property and the influence of government regulation.

## LITERATURE

LIT-101 - Introduction to Modern English and American Literature I

Introduces students to English and American works from the period between 1789 and 1901. Provides a general introduction to literature and literary analysis; discussion of major cultural movements of the 19th century; and an anthology which includes selections by Blake, Wordsworth, Keats, Whitman, Dickinson, and Browning.

LIT-102 - Introduction to Modern English and American Literature II

Introduces students to English and American prose and poetry of the 20th century. Explores the ways in which 20th century writers have sought to go beyond the literature of earlier eras by experimenting with new ideas and new forms of expression. Examines influential figures of literary modernism - writers who sought ways to respond to the fragmentation and impersonality of modern life. Also examines postmodernist writers from the period after World War II to the present.

LIT-130 - Analysis and Interpretation of Literature

Incorporating both contemporary and traditional works, this course is organized around three major genres of literature - short fiction, poetry and drama - allowing students to examine the literary elements of character, plot and symbolism. Critics and noted authors share perspectives on various works and the craft of writing. The course also places a strong emphasis on writing about literature as a way to learn and use advanced compositional techniques.

LIT-221 - Introduction to Children's Literature

Designed to inform students about the history and diversity of children's literature, this course covers a variety of recommended works and suggests

criteria for selecting and evaluating alternative books. Specific genres covered include traditional fiction, historical fiction, multi-cultural literature, works of contemporary realistic fiction and information books. Requires regular access to a library with children's books.

LIT-320 - Shakespeare I

Examines eight plays to illustrate Shakespeare's range and variety. One history, three comedies, three tragedies, and a romance are covered.

LIT-337 - Twentieth-Century African American Novel

While focusing on the contemporary black novel, the course emphasizes the development, diversity, and quality of African American literature. Works other than popular and current novels promote a wider acquaintanceship with some of the major African American writers of the 20th century.

LIT-347 - Modern American Poetry

Modern American Poetry chronicles the collective achievement of America's great poets and their contributions to our national poetry. The course focuses on works of poetry rather than on biography, and conveys poetry as a dynamic, living art form in this country. Documentary, dramatic and experimental film techniques are skillfully combined in this course.

## MANAGEMENT

MAN-301 - Principles of Management

Introductory course in management. Includes essential skills in planning and organizing, staffing and directing, controlling decision making, motivation, communication, and the application of management principles to the business organization.

MAN-331 - Human Resources Management

The following topics are covered: The field of personnel; Employment; Job analysis; Training and Development; Performance Appraisal; Motivation, Communication, and Leadership Styles; Compensation; Security; Personnel Legislation; Labor Relations, and; Current issues.

MAN-372 - International Management

This subject places an emphasis on business behavior and organization including comparative management in various cultures. Management practices in Europe, Asia, Latin and South Americas, and Africa are contrasted with the strategies and operating principles of American firms. Consideration is given to analysis and comparison of the factors that influence business policy and organizational behavior in different societies and the implications of cultural differences on the rapidly growing trend toward multinational companies.

MAN-373 - Managerial Communications

The application of oral and written communication prinicples to managerial situations; an overview, simulation, and analysis of the communication process in the business environment. Topics include: alleviation of barriers; structure; information overload; interpersonal techniques such as transactional analysis, nonverbal and behavioral aspects.

MAN-432 - Small Business Management

Learning is facilitated by shifting the focus from purely computational skills emphasized in more elementary mathematics courses to truly analytical skills. Topics covered include equations and inequalities; linear and quadratic functions; trigonometric functions, identities, equations and applications; systems of equations and inequalities, and analytic geometry (parabola) and series and sequences.

MAT-129 – Precalculus for Technology

Precalculus is designed to follow courses in college alegebra, and to prepare students for courses in calculus and higher mathematics. It is broad-based to prepare students for courses in technology. Specific target population is students in the Applied Science and Technology degree program. Active participation by students is fostered by means of variety of activities. Learning is facilitated by shifting the focus from purely computational skills emphasized in more elementary mathematics courses to truly analytical skill. Topics covered include: exponential and logarithmic functions; exponential and trigonometric functions; exponential and trigonometric functions; trigonometric identities and equations, applications of trigonometry; systems of equations, systems of inequalities, series and sequences; and analytic geometry.

MAT-231 – Calculus I

Calculus I is an intensive, higher level course in mathematics that builds on courses like Precalculus for Technology. It aims at serving the needs of a wide student audience, including students in engineering mathematics, the physical and life sciences, and economics, and is constructed around multiple focal points to help students become creative and efficient problem solvers, using technology as a means of discovery of numerical, graphical and analytical solutions to problems In addition, communication skills are emphasized, and students are required to interpret, describe, discuss,justify and conjecture as they search for solutions to problems. Real-life applications provide links with students' life worlds. Topics covered in he course include: the Cartesian plane, limits and continuity, problems of tangents, velocity and instantaneous rates of change, rules for differentiation, implicit differentiation, maxima and minima theory, antiderivatives and the indefinite integral, exponential and logarithmic functions, and area between curves.

MAT-232 – Calculus II

Calculus II is an intensive, higher level course in mathematics that builds on Calculus I. It aims at serving the needs of a wide student audience, including students in engineering, mathematics, the physical and life sciences, and economics, and is constructed around multiple focal points with the intention of helping students become creative and efficient problem solvers, using technology as a means of discovery of numerical graphical and analytical solutions to problems. In addition, communication skills are emphasized, and students are required to interpret, describe, dicuss, justify and conjecture as they search for solutions to problems. Real-life applications provide links with students' life worlds. Topics covered in the course include: inverse function: exponential, logarithmic, and inverse trigonometric functions; techniques of integration; parametric equations and polar coordinates; infinite sequences and series; three-dimensional analytic geometry and vectors; partial derivatives.

MAT-270 – Discrete Mathematics

This course is an introduction to sets, alphabets, formal languages and elementary logic and the study of recursively defined functions, algebraic structures and relations with emphasis on applications to computer science.

**MECHANICAL ENGINEERING TECHNOLOGY**

MET-311 - Machine Design I

The application of principles of mechanisms and strength of materials to mechanical design. Topics include theories of failure, fatigue, weldments, fasteners, spring and other machine elements subject to static and dynamic loading.

MET-312 - Machine Design II

A continuation of Machine Design I. Including the design of power screws, brakes, clutches, belt and chain drives, gears, gear trains, bearings, thick-wall cylinders, and other machine elements.

## NUCLEAR TECHNOLOGY

NUC-412 - Radiation Biophysics

A study of the effects of radiation at the cellular and subcellular level. Emphasis will be placed on the chemical effects of ionizing radiation, the dose-response relationship in macromolecules, and the over all effects at the cellular level.

NUC-413 - Radiation Interactions

An advanced undergraduate course, which builds upon fundamental charged particles with matter. The course serves two purposes. First, it reviews the physics of the atom, radioactive decay and the interaction of charged particles with matter. Second, it describes the methods of radiation detection, and radiation dosimetry and shielding. Topics include the atomic model, nuclear radiation and the nucleus, radioactive decay curves, interaction of heavy charged particles with matter, interactions of electrons and positrons with matter, characteristics of charged particle tracks, interactions of photons with matter, methods of radiation detection, energy absorption and radiation dosimetry, and radiation attenuation and shielding

NUC-452 - Radiation Dosimetry

An advanced undergraduate course dealing with an analysis of the deposition of energy in tissue building upon the fundamental concepts taught in NUC-412-GS Radiation Biophysics and NUC-413-GS Radiation Interactions. This course involves a study of the theories currently in use to determine doses received both from radiation sources and radioactive materials located outside and from with the body. The various models which describe the distribution of radionuclides within the body and specific interactions with the organic systems are covered, along with an evaluation of various dosimetric systems.

## OPERATIONS MANAGEMENT

OPM-301 - Intro to Operations Management

Survey of operations management using system concepts to stress coordination, optimization, & control of materials, equipment & people to the management of all types of organizations. Topics include: logistics; production; purchasing; inventory control; and other areas of operations management & research.

## PHILOSOPHY

PHI-286 - Contemporary Ethics

Ethical traditions, ethical analysis of issues arising in interpersonal and

personal-societal relationships and in professional and occupational roles (such as law, government, medicine, business, military service, journalism), relationships between ethical traditions and ethical analysis of situations.

PHI-376 -Major Philosophers: From Socrates to Sartre

Examines six major philosophers of Western Civilization: Plato, Descartes, Hume, Hegel, Marx and Sartre. Each philosopher's distinctive treatment of the real problems of his time conditioned the way in which later thinkers dealt with similar problems, and raised new problems which became the subject matter for future thought and investigation.

PHI-384 - Ethics and the Business Professional

This course focuses primarily on ethics as applied to business professionals. In addition to introducing many concepts of ethics, the course encourages students to develop practical methods and models for thinking about and resolving ethical issues and conflicts, and applying these to ethical issues and problems that arise in business. It investigates institutions and their personnel and practices in light of ethical considerations, covering a broad range of political, economic, societal and philosophical views.

## PHOTOGRAPHY (FILM)

PHO-101 - Introduction to Photography

Introduction to Photography is designed to help students discover and develop the skills required to use photography confidently and effectively. A major emphasis of the course is to improve visual awareness. The Internet provides exciting opportunities to share rich visual experiences by viewing and studying students' work as well as the works of professional photographers. Completion of assignments will require students to interact frequently with assigned textbook, relevant web sites, and to apply these insights to their own photography. Significant discovery occurs through studying and sharing commentary pertaining to visual materials. For this reason, the instructor will routinely select student photographs from each assignment and moderate constructive commentary resulting from students viewing that work in an "online" gallery.

## PHYSICS

PHY-111 - Physics I

First-semester introductory course intended for nonscience majors. Focuses on mechanics and the properties of matter and includes study of motion and energy.

PHY-112 - Physics II

Second-semester introductory course intended for nonscience majors. Emphasizes the comprehension of topics such as electricity, magnetism, electromagnetism, light, and optics.

## POLITICAL SCIENCE

POS-110 - American Government

This American government survey course explores the development and nature of American political culture, constitutional and structural arrangements, policy-making processes, and sources of conflict and consensus. Provides opportunities for students to learn how to access their

government.

POS-309 - Dilemmas of War and Peace

This course examines war and peace historically and in the contemporary world. It is designed to provide a comprehensive introduction to the problem of war and peace as it confronts the human race. In the context of the potential scale and destructiveness of modern warfare, the course explores and encourages critical thinking on the history of war and peace, the causes of war, the role of cultural and structural aspects influencing war and peace, and visions and strategies for the future.

POS-310 - Constitutional Issues

This is a course on constitutional rights and public policy. The focus of the course is a series of thirteen controversial constitutional issues, such as capital punishment, affirmative action, abortion, executive privilege and national security vs. freedom of the press. The course examines the human stories behind landmark Supreme Court cases which have helped define the Bill of Rights; how the Constitution adapts to changing times; how the Supreme Court corrects the errors of past courts; and how the balance between individual and societal rights is achieved.

## PSYCHOLOGY

PSY-101 -Introduction to Psychology

This course examines the fundamental principles and major concepts of psychology. Topics include: the brain and behavior, sensation and perception, conditioning and learning, motivation and emotion, life- span development, the self, stress and health issues, and the methodology of psychology.

PSY-211 - Developmental Psychology

The study of lifespan development; biological development; perception; learning and memory; cognition and language; social, emotional and personality development.

PSY-317 - Worlds of Childhood

Worlds of childhood, and advanced-level child development course, traces life's most extraordinary journey - the universal journey from babyhood to puberty. The course is distinguished by its multicultural and cross-cultural focus. Examining twelve families living on five continents, this course serves as a visually exciting and vital resource for learning how children grow in the many diverse and pluralistic worlds of childhood

PSY-322 - Research in Experimental Psychology

An introduction to the research methods used by experimental psychologists as they attempt to understand the behavior of humans and lower animals. Examples of research studies, chosen from a variety of areas of experimental psychology, demonstrate these methods and provide an understanding of the type of knowledge these studies have produced.

PSY-331 - Introduction to Counseling

This course offers a discussion of the theories and techniques of counseling, with emphasis on developing listening, attending and observational skills.

PSY-350 - Abnormal Psychology

Explores the complex causes, manifestations and treatments of common behavioral disorders. Abnormal behavior is introduced in the context of psychological well-being to show that these behaviors range along a continuum from functional to dysfunctional.

PSY-369 - People and Organizations

This course focuses on two broad concerns: the nature of modern bureaucracies and the ways in which they affect their individual members, and the ways in which bureaucracies affect contemporary society. The approach to these issues is primary analytical and theoretical, with specific concerns presented within the context of organizational studies.

Social Psychology

This course surveys the field of social psychology and explores major topics, including communication, friendship, prejudice, conformity, leadership, aggression and altruism. The course aims to teach students to evaluate interpersonal communication and media presentations of current issues.

## RELIGION

REL-371 - Myth and Culture

Myth and Culture presents the world's mythologies as taken from the lectures of Joseph Campbell, world-renowned scholar and mythologist. Students will gain an understanding of mythology's role in human history and religions throughout the world. Topics include: origins of man and myth, gods and goddesses, eastern philosophy, Arthurian legends, Tristan and Isolde, the Tibetan Book of the Dead and more

REL-439 -The Religious Quest

The course is designed as an intensive one-semester course in world religions. Emphasis is on specific forms of religious expression and practice, rather than the more abstract or theological aspects. Religions covered by the course are those of the majority of humankind and living traditions in today's world (Hinduism, Buddhism, religions of China and Japan, Judaism, Christianity, Islam and several African religions).

## SOCIOLOGY

SOC-101 - Introduction to Sociology

What is the link between an individual and society? What is the social/ cultural impact on the development of personality? How does modern society differ from societies of the past? These questions are representative of those explained in this course, which examines the broad range of human social relationships and social structures, and the many forces - historical, cultural and environmental - that shape them. The central aim of this course is to guide students in the development of a sociological imagination grounded in a knowledge of sociological perspectives.

SOC-210 - Marriage and the Family

Marriage and the family provides students with an understanding of the various approaches to studying the family and the varieties of U.S. family forms. It explores the family life cycle - mate selection, parenting and the major processes of family interaction. Lastly, it looks at some of the problematic aspects of the U.S. family, including stress, divorce and the elderly.

SOC-315 - Social Gerontology

This course in gerontology is designed to provide students with an understanding of old age as a stage of life. It examines the impact of society on aging and of aging on society, provides a foundation for understanding the processes of aging and old age, and introduces considerations regarding the importance of health-related and/or medical perspectives in studying aging. The approach of the course responds to the demographic wave that is sweeping our nation and world by exploring questions about what roles people will play in their eighth, ninth and tenth decades, and how institutions may evolve to address their needs.

SOC-322 - Dealing with Diversity

Failure to deal with diversity in society has led to increasing polarization among groups of people, and with increasing tension, frustration and anger. Based on the premise that the more we understand, the less we fear, this course introduces people from many diverse poopulations-Native Americans, Hispanic-Americans, Asian- Americans and Euro-Americans. Dealing With Diversity assists the different constraints and motivations of people from differing backgrounds.

SOC-335 - The Adult Years

This is an interdisciplinary social science course that explores the inner lives of adults and the relationships of those inner lives to family, work, education, and the community. The course focuses on adult years as composed of variability and change rather than predictable, sequential developmental stages. The course dispels myths about adult life and incorporates current research on adults.

SOC-376 - Women and Social Action

The course examines the impact gender stereotypes and barriers have on women's lives and how they intersect with other systems, such as age class, disability, ethnicity, race; religion and sexual orientation. This course will assist the student in analyzing and evaluating whether or not the goals and methods of particular social actions are consistent with an empowerment model of social change.

**SOCIAL SCIENCES**

SOS-110 - Living in the Information Age

Living in the Information Age is an introductory level course intended primarily for students who are reentering academic study after a considerable hiatus in their formal schooling. Students will assess and strengthen their academic skills in reading, writing, calculating, and computing; and complete a number of assignments which will put these skills to practical use. The subject matter of the course is of natural interest and will also complement the instructional methods, which rely heavily on the use of computers and electronic communications. Students enrolling for this course must have access to a computer with CD ROM drive and a floppy disk drive. Windows 95 required.

SOS-304 - Drugs and Society

This course focuses on physiological, psychological and sociological aspects of drug abuse, including identification and discussion of historical and contemporary patterns. It endeavors to provide a balanced, factual account of drug abuse, including legal and ethical issues, pharmacological aspects and approaches to treatment and prevention of substance abuse. The course examines past and present drug abuse treatment modalities and analyzes

examines past and present drug abuse treatment modalities and analyses factors and institutions at local, state and national level that affect the delivery of drug abuse services.

## SPANISH

SPA-101 - Elementary Spanish I

An introduction to the spoken and written language, emphasizing the skills of comprehension, speaking, reading, and writing.

SPA-102 - Elementary Spanish II

Continued study of the introduction to the spoken and written language, emphasizing the skills of comprehension, speaking, reading, and writing.

SPA-103 - Elementary Spanish III

Continued study of the introduction to the spoken and written language, emphasizing the skills of comprehension, speaking, reading, and writing.

## STATISTICS

STA-201 - Principles of Statistics

An introduction to descriptive and inferential statistics. Measures of central tendency; variability; correlation; regression; hypothesis testing; non-parametric statistics.

© 2004 by Bronte International University. Please read our **Privacy Notice**

Attachment 7





| HOME | BIU FASTTRACK | AVAILABLE DEGREES | BIU CAREERS | CONTA |



## BIU FEES

**Getting Started**

**How to Apply**

**Fees**

**Credit For Prior Learning**

**About Us**

**Memberships and Accreditations**

**Frequently Asked Questions**

Our fees are Prior Learning Assessment (PLA) fees based upon the number and type of credit hours sought by an applicant toward a Certificate, Associates or Bachelor degree. Fees are NEVER based upon the amount of credit earned, if any, but so-called 'diploma mills' use this tactic to the discredit of legitimate organizations that attempt to practice the standards of PLA in compliance with recommendations of the U.S. Department of Education. In other words, our fees are based upon the work involved in assessing the number of units assessed and NOT the number of units awarded.

BIU help
all I ever
Yc

**This is What You Get for Your Money!**

**DEGREE**
Printed on the highest quality parchment paper to the highest standards, it is easily comparable or better than the finest produced by any university in the world. It is 8.5 x 11 inches.

VIEW THE DEGREE

**STUDENT RECORD**
Upon graduation, the university issues the official academic record, the STUDENT RECORD. This important document is proof of graduation and is based upon our assessment of your qualifications, showing all college level courses credited, all pertinent information, including research and other topics. *A FEE OF $95.00 IS REQUIRED FOR THIS SERVICE. All previous courses recorded on a sealed transcript must be mailed to our student records office. Please allow 2 to 4 weeks for delivery.*

VIEW THE STUDENT RECORD

**ACADEMIC LETTER OF RECOMMENDATION**
A formal letter from the university is sent verifying the conferring of your degree and the date of your graduation.

VIEW THE LETTER OF RECOMMENDATION

**ALUMNI IDENTIFICATION CARD**
A wallet sized Identification Card showing your name and confirming your status as a member of the alumni.

VIEW THE I.D. CARD

**REPLICA OF YOUR DEGREE ETCHED IN BRONZE**
A special offer with a Retail Value of $149 for only $39.95: YOUR degree is etched in bronze on a beautiful bronze plaque for wall display.

VIEW THE BRONZE PLAQUE

**FOR GRADUATES !**
LIFETIME CHARTER MEMBERSHIP IN CIPM-USA for only $24.95!
In addition to the Degree, Student Record, Letter of Recommendation, Bronze
Plaque and Lifetime Verification Service, we also offer a CHARTER
MEMBERSHIP into the exclusive and limited Chartered Institute of Professional
Management (CIPM-USA). The CIPM is a worldwide professional organization
devoted to management development and personal development. CIPM
members have exclusive opportunities to build their professional knowledge
and to meet other like-minded professionals in all parts of the world.

Membership in CIPM is $300 per year but Bronte International University has
arranged for its Bachelor and Master degree graduates to obtain a LIFETIME
CHARTER MEMBERSHIP for only $24.95! This offer is good for a limited time
only.

Membership includes a beautiful Certificate of Membership, showing your
Charter Membership, an ideal credential to hang on your office wall and to
copy and hand over to your Human Resources Department for placement in
your file. You will also receive a wallet size Membership Card!
VISIT CIPM-USA WEBSITE (www.cipmusa.org)

**PAYMENT METHODS**

AMEX, VISA, MASTERCARD, DISCOVER CARD, CHECK, MONEY ORDER OR
BANK WIRE TRANSFER

Fee payments are never accepted unless and until an applicant is approved.
DO NOT SEND OR ENCLOSE PAYMENT WITH YOUR APPLICATION. Upon
approval, we will send you our Notification of Acceptance Letter, via email.
You are requested to make payment at the time of your acceptance of our
offer.

Certificates - $195
Associate Degree - $695
Bachelor - $695

Note: A discount of 10 percent is offered to all who pay by bank wire.

**Shipping Charges**

All shipping is via FedEx or UPS unless otherwise requested. All approved
transactions are shipped within five working days of confirmation of receipt of
payment.

Domestic: $15.00
Canada: $50.00
International: $135.00

**REFUND POLICY**

Bronte International University replaces at NO CHARGE to you any shipment
damaged or lost.

If within three (3) days of receipt of your documents, you decide that we have
fallen short of your expectations, simply return the complete package, just as
you received it, and we will adjust, credit, exchange or refund your fees.

WHAT ARE YOU WAITING FOR? THERE IS NO CHARGE FOR APPLYING.
CLICK HERE

Attachment 8



# TRINITY
## UNIVERSITY

April 20, 2006

Trinity University
Office of the Registrar
One Trinity Place
San Antonio, TX 78212
Phone: (210) 999-7201
Fax: (210) 999-7202

Attn: Sandy Speakman, State of Alabama
Fax: (334) 353-4481

Re: Virginia S. Hopper

Good afternoon Sandy-

We have been unable to locate records for Virginia S. Hopper, SSN: xxx-xx-4190. Trinity
University, San Antonio, TX, does not provide online or correspondence courses for our
students, and we are not affiliated with any other Trinity Colleges or Universities.

If you have any questions, please feel free to contact me directly at (210) 999-7204 or
lbethell@trinity.edu. Have a wonderful day!

Sincerely,



L. Marie Bethell
Student Records Coordinator.





# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

May 9, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Mrs. Hopper:

This is to inform you that an administrative hearing will be held on Tuesday, June 13, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama. The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant. The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual. You are expected to appear at this disciplinary hearing at the date and time specified. Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01, (2) (f), Falsification of records – Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002. You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university. Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.

Falsification of records is a more serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.

# SCANNED

An Affirmative Action /Equal Opportunity Employer

**PLAINTIFF'S EXHIBIT**

2

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the
_____ day of _____ 2006.

Virginia S. Hopper

Thomas A. King, Personnel Director

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am requesting your review of my situation involving my employment with the State of Alabama. Not knowing if I will be successful in proving the statements made on my application for Accountant were the truth as I knew them to be at the time I signed the application; I need to know:

If I resign my position as Accountant, will I be allowed by State Personnel to fall back to the classification of an Accountant Tech (I had permanent status before my promotion to Accountant) and be placed on the re-employment register and continue my career in State government.

I have an excellent work record and history. I have attached my latest Employee Performance Appraisals and letters to back this statement.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

Virginia Hopper

Virginia Hopper

Enclosures

PLAINTIFF'S
EXHIBIT
3

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am attaching my transcript from Troy University, Montgomery. I will not be able to attach my transcript from Trinity College & University; I have came to the knowledge the transcript and diploma are not as they were represented to me and at this point I do not want to list them or claim them. This is the problem I am having with my position as Accountant and for the request to fall back as an Accounting Tech.

I would like to meet with you, go over my position, and explain the events as they happened. I do not know if this would make a difference, but I did sign my name to what I believed to be the truth.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

*Virginia Hopper*

Virginia Hopper

Enclosures

PLAINTIFF'S
EXHIBIT
4





# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

**State Personnel Board**
Joe Dickson
James Anderson
John McMillan
Ellen G. McNair
Joyce P. O'Neal

May 17, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

To respond to your request to be placed on the reemployment register for Accounting Technician, 10605, I must review your academic transcripts. Please forward to me a copy of your official transcripts from Troy University – Montgomery and Trinity College and University by the close of business on Friday, May 19, 2006.

Sincerely,

Jackie Graham
State Personnel Director

PLAINTIFF'S
EXHIBIT
5



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

May 19, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

I am in receipt of your recent inquiry regarding your future status of employment with the State of Alabama. You asked whether you can be placed on the reemployment register for Accounting Technician, 10605 (the class in which you previously held status) if you resign your current position as Accountant, 10611. Upon review of the materials you provided and your recent applications for State employment, it was determined that you will not be eligible for placement on any register for State employment for a period of five years.

It appears that false information was provided on your most recent applications filed with the State Personnel Department (Accountant, 10611 and Staff Accountant, 10612). You first indicated that you received a Bachelor of Science degree in business administration from "Trinity University, 715 Stadium Drive, San Antonio, TX 78212." Upon the request of the Department of Finance, you submitted a copy of the diploma you received, which was issued by "Trinity College and University." Trinity University, located in San Antonio, later confirmed that it did not have any record of your attendance or receipt of a degree from that university. It also confirmed that it neither provides online or correspondence courses nor is it affiliated with any other Trinity Colleges or Universities. Additional investigation further reveals that your degree is actually from a university (currently known as Bronte International University) that is not located in Texas but in the British Virgin Islands.

Applicants for employment with the State sign a statement, certifying that "all statements on or attached to this application are true and correct" and that false statements may result in removal from an employment register. Despite having certified that all statements in your application, including statements about your education, were

PLAINTIFF'S
EXHIBIT
6

Ms. Hopper
May 19, 2006
Page 2 of 2

truthful, false information was provided on at least two applications.  Pursuant to the
authority given the State Personnel Director, I am not granting your request to be placed
on the reemployment register because you made false statements of material facts on
your applications.  R. 670-x-9-.01(3), State Personnel Board Rules.  You will not be
permitted to be placed on any employment register with the State of Alabama for a period
of five years.

Sincerely,

Jackie Graham
State Personnel Director





# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

June 12, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

**RE:  *Amendment to original charge letter of May 9, 2006.***

Dear Mrs. Hopper:

This is to inform you that the administrative hearing has been rescheduled for Thursday, June 22, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama.  The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant ***and evidence that you are not qualified for your current position as an accountant***.  The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual.  You are expected to appear at this disciplinary hearing at the date and time specified.  Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01 (2) (f), Falsification of records – Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002.  You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university.  Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.

**PLAINTIFF'S
EXHIBIT**

7

An Affirmative Action /Equal Opportunity Employer

Falsification of records is a serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.

*You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office. In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I & II and Intermediate I and II, or equivalent courses. Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a "diploma mill" calling itself Trinity College and University, and that you did not attend any classes at this university. Furthermore, there is no evidence that you have taken Intermediate Accounting II.*

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the
___12___ day of ___June_____ 2006.

Virginia S. Hopper

Thomas A. King, Personnel Director

Page 7

```
 1              the record.

 2         MR. DEBARDELABEN:  Yes, sir.  A

 3              couple of them.  Number one,

 4              we'd like to know exactly what

 5              false information she is

 6              allegedly to provide.  And I

 7              believe the section said --

 8              and what they say on all

 9              application -- I think you

10              have misstated it.  I think it

11              says -- let me pull the

12              application out so I can get

13              the wording exactly correct --

14              verify that all statement or

15              attachment to this application

16              true and correct to the best

17              of my knowledge.  I don't

18              think it has a blanket false

19              information.  I think you have

20              to have intent and it says to

21              the best of my knowledge.

22              That's what the application

23              says.  And that's -- But we
```

PLAINTIFF'S
EXHIBIT
8

Page 8

```
 1                    are trying to figure out to

 2                    this date what we're defending

 3                    against.  False information

 4                    can be anything.  You know, is

 5                    it her age, is it her sex, is

 6                    it her race.  That could be

 7                    all false information.  I

 8                    think we're entitled to the

 9                    silver bullet of what we

10                    should defend against, and

11                    that's what we're asking

12                    this -- instead of a blanket

13                    shotgun, I think we're

14                    entitled to that.

15                         I think I -- I don't want

16                    to assume.  I can read their

17                    letter and say it's right,

18                    but -- you know, what we're

19                    defending against.  But I

20                    would like to know the

21                    specific one -- you know,

22                    silver bullets we have to

23                    defend against.  That's all.
```

BEFORE THE STATE OF ALABAMA
DEPARTMENT OF HUMAN RESOURCES

IN RE:     VIRGINIA HOPPER
           ADMINISTRATIVE PERSONNEL HEARING

## RECOMMENDATION OF THE HEARING OFFICER

This matter came to be heard at an administrative personnel hearing concerning Virginia

Hopper's employment with the Alabama Department of Human Resources (DHR). The hearing was

held on June 22, 2006. Mrs. Hopper was present and was represented by her counsel Jim

DeBardeleben. Mr. DeBardeleben questioned the DHR witness, examined the evidence, presented

testimony, and offered exhibits on behalf of Mrs. Hopper. DHR was represented by its attorney,

Hon. Joel C. Marsh.

Mrs. Hopper was charged by DHR with falsification of records in her application for

employment in violation of the Rules of the State Personnel Board, 670-X-19-.01(2)(f), and with not

meeting the qualifications for her accountant position with DHR because she does not have a college

degree. Specifically, her charge letter states as follows:

> On your Application for Examination for Accountant, you indicated you received a
> B.S. degree in Business Administration from Trinity University, 715 Stadium Drive,
> San Antonio, Texas 78212, in May 2002. You further attached a list of courses you
> completed that were particularly related to the accounting position. Trinity
> University in San Antonio, Texas has stated that they have been unable to locate
> records verifying that you were enrolled at that university. Furthermore, several of
> the course numbers listed in the attachment to your application did not correspond
> with the course numbers listed in Trinity's curriculum.
>
> Falsification of records is a serious violation that could result in discharge on the first
> offense. Your signature on the employment application certifies that all statements
> on the application and any attachments to the application are true and correct; and
> that any false statements could result in removal from the register or release from
> employment.

1



PLAINTIFF'S
EXHIBIT
9

You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office. In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I and II and Intermediate I and II, or equivalent courses. Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a "diploma mill" calling itself Trinity College and University, and that you did not attend any classes at this university. Furthermore, there is no evidence that you have taken Intermediate Accounting II.

## FINDINGS OF FACT

The evidence presented at the aforementioned hearing shows that Mrs. Hopper stated on her Application Examination for an Accountant position that she had a B.S. degree, dated May 2002, from Trinity University, located at 715 Stadium Drive, San Antonio, Texas 78212. She also listed on her application 22 courses that she had taken that were related to the accountant position that she was seeking. However, evidence produced at the hearing, including Mrs. Hopper's own testimony, established that, for 17 of these courses, Mrs. Hopper has not attended any college class for the credit, but instead was given course credit for these courses by an entity called "Trinity College and University" located in the British Virgin Islands. Credit for these 17 courses was given to her based on her attendance at work-related seminars and on her work experience. Trinity University in San Antonio, Texas has no record of Mrs. Hopper ever being registered as a student or receiving credit for any courses. Consequently, the undersigned hearing officer finds that Mrs. Hopper falsified information on her Application Examination for Accountant in violation of the Rules of the State Personnel Board, Rules of the State Personnel Board, 670-X-19-.01(2)(f).

Mrs. Hopper testified that she mistakenly listed Trinity University of San Antonio on her application and that she believed that she had a legitimate college degree. However, the undersigned hearing officer finds that Mrs. Hopper knew she did not have a degree from Trinity University in

2

San Antonio and she knew that she did not have a valid college degree when she completed the application for accountant. In addition, the position of Accountant with DHR requires that the applicant have a Bachelor's degree with a major in Accounting or Business Administration, and that the applicant must have completed five (5) college level accounting courses, including Intermediate Accounting II. The evidence presented at the hearing clearly demonstrated that Mrs. Hopper does not have a valid college degree, and that she has not taken Intermediate Accounting II, or an equivalent course. Consequently, the undersigned hearing officer finds Mrs. Hopper that is not qualified for the position of Accountant with DHR.

CONCLUSIONS OF LAW

The undersigned recommends that Mrs. Hopper be discharged from her employment with DHR because: she falsified her Accountant application; she is not qualified for the position of Accountant because she does not have a valid college degree; and because she has not taken all of the required courses for the position of Accountant with DHR.

DONE this 7th day of August, 2006.

Philip O. Tyler
Administrative Hearing Officer

Post Office Box 3310
Auburn, Alabama 36831-3310
Phone: (334) 821-3892
Fax: (334) 826-9467

3



## State of Alabama
## Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us



RILEY
*rnor*

Page B. Walley, Ph.D.
*Commissioner*

August 14, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, Alabama 36022

Dear Ms. Hopper:

This is to inform you that effective at 3:30 p.m. August 14, 2006, your employment with the Department of Human Resources will be terminated. This action has been made necessary because of your violation of the Rules of the State Personnel Board.

Specifically, you were charged with falsifying your State of Alabama employment application in violation of Rule 670-x-19-.01 (2)(f) Falsification of Records of the Rules of the State Personnel Board. You indicated on your application for Accountant that you had a college degree. You do not meet the qualifications of the Accountant classification due to your not having a valid college degree nor the required classes for an Accountant position.

On June 22, 2006, an administrative hearing was held at the Department of Human Resources. The hearing officer that heard the facts in this personnel matter has found that the evidence and testimony supports the charges. A copy of their recommendation to the appointing authority is attached.

You are advised that you have the right, within 10 days after receipt of written notice of dismissal, to request a hearing before the State Personnel Board. Such request should be addressed directly to the Director, State Personnel Department, 64 N. Union Street, Montgomery, Alabama 36130.

Sincerely,

Page B. Walley, PhD
Commissioner

PLAINTIFF'S
EXHIBIT
*10*

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOOPER

## OBJECTION, MOTION TO RECUSE AND
## OBJECTION TO ADMINISTRATIVE PROCESS

Comes Now the employee, Virginia Hooper, by and through her attorney and enters an

Objection, Motion to Recuse and Objection To Administrative Process on the following grounds:

1.  By memorandum dated May 4, 2006, on State Personnel Department letterhead

to Jackie Graham, State Personnel Director, from Darby Forrester and Stan Goolsby, it was

determined that "Mrs. Hopper fraudulently represented her educational accomplishments that

eventually lead to her employment as an Accountant with the Department of Finance as well as

her current employment with the Department of Human Resources. (Exhibit 1.)

2.  By letter dated May 9, 2006, to Ms. Hopper from Page B. Walley,

Commissioner, Department of Human Resources, Mrs. Hopper was informed that she was

charged with providing false information on her job application for Accountant. (Exhibit 2). This

letter was amended by letter dated June 12, 2006 (Exhibit 3.).

3.  Exhibit 1 for DHR at Mrs. Hooper's hearing at the Department of Human

Resources was the May 4, 2006, memorandum to Jackie Graham from Darby Forrester and Stan

Goolsby. (Exhibit 4).

4.  By letter dated May 19, 2006, on State Personnel Department letterhead

addressed to Mrs. Hooper and signed by Jackie Graham, it was stated "It appears that false

PLAINTIFF'S
EXHIBIT
11

information was provided on your most recent application filed with the State Personnel Department..." (Exhibit 5).

The entire process of appeal is to and through the State Personnel Board. In this instance the Personnel Director has already been involved in this case and staff of the State Personnel Board has written a memorandum on State Personnel Department letterhead determining that Mrs. Hooper was guilty of fraud. This information was used in Mrs. Hooper's departmental hearing. Additionally, the Administrative Law Judge will be called upon to consider evidence and testimony from not only the State Personnel Director, but employees of the State Personnel Board. There certainly appears to be a substantial conflict of interest.

According to Chapter 670-X-5.08(1) State Personnel Board the following must occur:

> "...Any request by a party for a Board member or a Hearing Officer as designated shall be made in writing with the Director no later than five work days prior to the date upon which the hearing is scheduled."

In the Scheduling Order and General Information issued in this case it appears to violate the terms of the above cited rule as it requires the objection to be made written 5 calendar days from the pre-hearing conference. Thus, it appears that the employee's rights given by Chapter 670-X-5.08(1) have already been violated.

Based upon the unique situation of this case, it is requested that not only the Administrative Law Judges recuse themselves, but the entire Personnel Board and the Director of the Personnel Board must recuse themselves as the Personnel Board and its employees are directly involved in this matter. It appears that it will be impossible for the employee to have a fair and equal hearing due to the significant involvement of the State Personnel Board employees from the beginning of her case.

Respectfully submitted this the _11th_ day of September, 2006.

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _11th_ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

OF COUNSEL



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
### 300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

## C O N F I D E N T I A L

May 4, 2006

### MEMORANDUM

To:     Jackie Graham

From:   Darby Forrester and Stan Goolsby

Subject:  Virginia Swearengin Hopper - Employee Verification of Education

Accountant – Department of Human Resources (PCQ#0806900) – Effective 04/16/06

Recent notification of discrepancies associated with Ms. Virginia Swearengin Hopper's academic accomplishments resulted in an investigation to verify Ms. Hopper's educational background. The primary purpose of the investigative process was to determine the validity of the Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas that is listed on Ms. Hopper's employment application for the Accountant classification.

According to Ms. Hopper's employment application, she earned her degree from Trinity University 715 Stadium Drive San Antonio, TX 78212 in May 2002 (see attachment 1). Included with the application was an attachment listing 22 academic courses successfully completed by Ms. Hopper that were relevant to the Accountant job (see Attachment 2). According to Trinity University's website (www.trinity.edu), seven of the 22 courses that were listed (ACCT 1301; ACCT 1302; MGMT 2301; FNCE 3301; BUSN 3302; BUSN 4301 and BUSN 3303) correspond with the curriculum listed for a Bachelor of Science in Business Administration while 10 of the courses (ACCT 4344; MKTG 2302; MGMT 3372; FNCE 3351; FNCE 3352; FNCE 4351; MKTG 4381; MKTG 3381; BUSN 3301; and BUSN 3341) are similar in abbreviation and course title (see attachment 3). The remaining five courses (ACCT 291; ACCT 292; ACCT 391 and ACCT 394) are consistent with courses listed on Troy University – Montgomery's website (www.montgomery.troy.edu) for the Sorrell College of Business (see attachment 4).

On April 5, 2006, Ms. Hopper was asked to provide the Department of Finance with verification of her Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas. As a response to this request, Ms. Hopper submitted a copy of a diploma for a Bachelor of Science in Business Administration from Trinity College and University received on May 25, 2002. The institution listed on this document (Trinity College and University) did not coincide with the name of the institution listed on the application for


EXHIBIT
1

Jackie Graham
May 4, 2006
Page 2 of 2

employment (Trinity University in San Antonio, TX).  A copy of the diploma provided by Ms. Hopper is provided as Attachment 5.

Information obtained during the investigative process revealed that Trinity College and University, which is now referred to as Bronte International University (BIU), is based in Tortola, British Virgin Islands.  None of the courses presented on BIU's website (www.biu-edu.org) are consistent with those included on Ms. Hopper's relevant list of completed academic courses.  In fact, the course abbreviations and titles do not match any of those submitted by Ms. Hopper.  BIU uses a 3 alpha – 3 numeric coding system (see attachment 6) in abbreviating course titles while the list provided by Ms. Hopper consists of a 4 alpha – 4 numeric coding system.  There also appears to be some uncertainty as to whether or not BIU is recognized as an accredited institution by any credible accrediting agencies.  This uncertainty is stated based upon the assertion that the institution awards educational credit for past work experiences for a fee of $695 for a bachelor's degree or an associate's degree (see attachment 7).

It is very clear that when Ms. Hopper completed and submitted her application for employment into the Accountant classification on November 21, 2003, she claimed having obtained a Bachelor of Science in Business Administration from Trinity University in San Antonio, TX and not Trinity College and University (now referred to as BIU) of Tortola, British Virgin Islands.  The list of relevant courses Ms. Hopper provided with her Accountant employment application specifically lists those offered by Trinity University in San Antonio, TX.  Furthermore, we received written documentation from Trinity University in San Antonio, TX that indicated that they do not have any records for Virginia S. Hopper (SSN: xxx-xx-4190); that they do not provide online or correspondence courses for their students; and that they are not affiliated with any other Trinity Colleges or Universities (see attachment 8).

Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources.

Enclosures:  Attachment 1 – Employment Application – Copy of Cover Page – Dated 11/21/03
Attachment 2 – Relevant List of Completed Courses
Attachment 3 – Trinity University, San Antonio, TX – Common Curriculum
Attachment 4 – Troy University-Montgomery – Core Curriculum for Bus Admin
Attachment 5 – Diploma – Copy Submitted by Ms. Hopper for Verification
Attachment 6 – Bronte International University – Course Descriptions
Attachment 7 – Bronte International University – Fees
Attachment 8 – Letter from Trinity University, San Antonio, TX – Dated 4/20/06





# State of Alabama
## Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

**Page B. Walley, Ph.D.**
*Commissioner*

May 9, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Mrs. Hopper:

This is to inform you that an administrative hearing will be held on Tuesday, June 13, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama. The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant. The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual. You are expected to appear at this disciplinary hearing at the date and time specified. Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01 (2) (f), Falsification of records – Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002. You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university. Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.

Falsification of records is a more serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.



**EXHIBIT**
**2**

An Affirmative Action /Equal Opportunity Employer

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the
_____ day of _____ 2006.

Virginia S. Hopper

Thomas A. King, Personnel Director





# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

**Page B. Walley, Ph.D.**
*Commissioner*

June 12, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

***RE:  Amendment to original charge letter of May 9, 2006.***

Dear Mrs. Hopper:

This is to inform you that the administrative hearing has been rescheduled for Thursday, June 22, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama.  The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant **and evidence that you are not qualified for your current position as an accountant**.  The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual.  You are expected to appear at this disciplinary hearing at the date and time specified.  Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01 (2) (f), Falsification of records – Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002.  You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university.  Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.



**EXHIBIT**
3

An Affirmative Action /Equal Opportunity Employer

Falsification of records is a serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.

*You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office. In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I & II and Intermediate I and II, or equivalent courses. Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a "diploma mill" calling itself Trinity College and University, and that you did not attend any classes at this university. Furthermore, there is no evidence that you have taken Intermediate Accounting II.*

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the
_12th_ day of _June_ 2006.

Virginia S. Hopper

Thomas A. King, Personnel Director



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

C O N F I D E N T I A L

May 4, 2006

### MEMORANDUM

To:    Jackie Graham

From:  Darby Forrester and Stan Goolsby

Subject:  Virginia Swearengin Hopper - Employee Verification of Education

Accountant – Department of Human Resources (PCQ#0806900) – Effective 04/16/06

Recent notification of discrepancies associated with Ms. Virginia Swearengin Hopper's academic accomplishments resulted in an investigation to verify Ms. Hopper's educational background. The primary purpose of the investigative process was to determine the validity of the Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas that is listed on Ms. Hopper's employment application for the Accountant classification.

According to Ms. Hopper's employment application, she earned her degree from Trinity University 715 Stadium Drive San Antonio, TX 78212 in May 2002 (see attachment 1). Included with the application was an attachment listing 22 academic courses successfully completed by Ms. Hopper that were relevant to the Accountant job (see Attachment 2). According to Trinity University's website (www.trinity.edu), seven of the 22 courses that were listed (ACCT 1301; ACCT 1302; MGMT 2301; FNCE 3301; BUSN 3302; BUSN 4301 and BUSN 3303) correspond with the curriculum listed for a Bachelor of Science in Business Administration while 10 of the courses (ACCT 4344; MKTG 2302; MGMT 3372; FNCE 3351; FNCE 3352; FNCE 4351; MKTG 4381; MKTG 3381; BUSN 3301; and BUSN 3341) are similar in abbreviation and course title (see attachment 3). The remaining five courses (ACCT 291; ACCT 292; ACCT 391 and ACCT 394) are consistent with courses listed on Troy University – Montgomery's website (www.montgomery.troy.edu) for the Sorrell College of Business (see attachment 4).

On April 5, 2006, Ms. Hopper was asked to provide the Department of Finance with verification of her Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas. As a response to this request, Ms. Hopper submitted a copy of a diploma for a Bachelor of Science in Business Administration from Trinity College and University received on May 25, 2002. The institution listed on this document (Trinity College and University) did not coincide with the name of the institution listed on the application for

**EXHIBIT**
**4**

**EXHIBIT**
**DHR 1**

Jackie Graham
May 4, 2006
Page 2 of 2

employment (Trinity University in San Antonio, TX).  A copy of the diploma provided by Ms. Hopper is provided as Attachment 5.

Information obtained during the investigative process revealed that Trinity College and University, which is now referred to as Bronte International University (BIU), is based in Tortola, British Virgin Islands.  None of the courses presented on BIU's website (www.biu-edu.org) are consistent with those included on Ms. Hopper's relevant list of completed academic courses.  In fact, the course abbreviations and titles do not match any of those submitted by Ms. Hopper.  BIU uses a 3 alpha – 3 numeric coding system (see attachment 6) in abbreviating course titles while the list provided by Ms. Hopper consists of a 4 alpha – 4 numeric coding system.  There also appears to be some uncertainty as to whether or not BIU is recognized as an accredited institution by any credible accrediting agencies.  This uncertainty is stated based upon the assertion that the institution awards educational credit for past work experiences for a fee of $695 for a bachelor's degree or an associate's degree (see attachment 7).

It is very clear that when Ms. Hopper completed and submitted her application for employment into the Accountant classification on November 21, 2003, she claimed having obtained a Bachelor of Science in Business Administration from Trinity University in San Antonio, TX and not Trinity College and University (now referred to as BIU) of Tortola, British Virgin Islands.  The list of relevant courses Ms. Hopper provided with her Accountant employment application specifically lists those offered by Trinity University in San Antonio, TX.  Furthermore, we received written documentation from Trinity University in San Antonio, TX that indicated that they do not have any records for Virginia S. Hopper (SSN: xxx-xx-4190); that they do not provide online or correspondence courses for their students; and that they are not affiliated with any other Trinity Colleges or Universities (see attachment 8).

Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources.

Enclosures:    Attachment 1 – Employment Application – Copy of Cover Page – Dated 11/21/03
Attachment 2 – Relevant List of Completed Courses
Attachment 3 – Trinity University, San Antonio, TX – Common Curriculum
Attachment 4 – Troy University-Montgomery – Core Curriculum for Bus Admin
Attachment 5 – Diploma – Copy Submitted by Ms. Hopper for Verification
Attachment 6 – Bronte International University – Course Descriptions
Attachment 7 – Bronte International University – Fees
Attachment 8 – Letter from Trinity University, San Antonio, TX – Dated 4/20/06

Attachments to DHR's Exhibit 1 provided upon request



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

May 19, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

I am in receipt of your recent inquiry regarding your future status of employment
with the State of Alabama. You asked whether you can be placed on the reemployment
register for Accounting Technician, 10605 (the class in which you previously held status)
if you resign your current position as Accountant, 10611. Upon review of the materials
you provided and your recent applications for State employment, it was determined that
you will not be eligible for placement on any register for State employment for a period
of five years.

It appears that false information was provided on your most recent applications
filed with the State Personnel Department (Accountant, 10611 and Staff Accountant,
10612). You first indicated that you received a Bachelor of Science degree in business
administration from "Trinity University, 715 Stadium Drive, San Antonio, TX 78212."
Upon the request of the Department of Finance, you submitted a copy of the diploma you
received, which was issued by "Trinity College and University." Trinity University,
located in San Antonio, later confirmed that it did not have any record of your attendance
or receipt of a degree from that university. It also confirmed that it neither provides
online or correspondence courses nor is it affiliated with any other Trinity Colleges or
Universities. Additional investigation further reveals that your degree is actually from a
university (currently known as Bronte International University) that is not located in
Texas but in the British Virgin Islands.

Applicants for employment with the State sign a statement, certifying that "all
statements on or attached to this application are true and correct" and that false
statements may result in removal from an employment register. Despite having certified
that all statements in your application, including statements about your education, were



EXHIBIT
5

Ms. Hopper
May 19, 2006
Page 2 of 2

truthful, false information was provided on at least two applications. Pursuant to the authority given the State Personnel Director, I am not granting your request to be placed on the reemployment register because you made false statements of material facts on your applications. R. 670-x-9-.01(3), State Personnel Board Rules. You will not be permitted to be placed on any employment register with the State of Alabama for a period of five years.

Sincerely,

Jackie Graham
State Personnel Director

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am attaching my transcript from Troy University, Montgomery. I will not be able to attach my transcript from Trinity College & University; I have came to the knowledge the transcript and diploma are not as they were represented to me and at this point I do not want to list them or claim them. This is the problem I am having with my position as Accountant and for the request to fall back as an Accounting Tech.

I would like to meet with you, go over my position, and explain the events as they happened. I do not know if this would make a difference, but I did sign my name to what I believed to be the truth.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

Virginia Hopper

Virginia Hopper

Enclosures



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

May 17, 2006

**State Personnel Board**
Joe Dickson
James Anderson
John McMillan
Ellen G. McNair
Joyce P. O'Neal

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

To respond to your request to be placed on the reemployment register for Accounting Technician, 10605, I must review your academic transcripts. Please forward to me a copy of your <u>official</u> transcripts from Troy University – Montgomery and Trinity College and University by the close of business on Friday, May 19, 2006.

Sincerely,

Jackie Graham
State Personnel Director

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am requesting your review of my situation involving my employment with the State of Alabama. Not knowing if I will be successful in proving the statements made on my application for Accountant were the truth as I knew them to be at the time I signed the application; I need to know:

If I resign my position as Accountant, will I be allowed by State Personnel to fall back to the classification of an Accountant Tech (I had permanent status before my promotion to Accountant) and be placed on the re-employment register and continue my career in State government.

I have an excellent work record and history. I have attached my latest Employee Performance Appraisals and letters to back this statement.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

Virginia Hopper

Virginia Hopper

Enclosures

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION FOR THIRD PARTY REQUEST FOR PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be required to produce the following information:

1. Any and all materials, documents or complaints the State Personnel Department or any of its servants, agents or employees have received relating to or concerning Virginia Hopper, the employee in this matter.

2. Any and all letters, request or other documents the State Personnel Department or any of its servants, agents or employees have sent to any person, agency, institution or company concerning the employee Virginia Hopper.

3. Any and all letters, memorandums, notes, documents or investigative reports prepared by the State Personnel Department or any of its servants, agents or employees that concern or relate to the employee, Virginia Hopper in any way whatsoever.

4. Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

5. A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

6. A copy of any and all investigations concerning any person accused of providing false



PLAINTIFF'S
EXHIBIT
tabbies
12

information on a job application with the State of Alabama or not having a degree from an

accepted or certified college or university.

a.) The outcome and/or resolution of the investigation.

7. The complete personnel file of Jackie Graham.

8. The complete personnel file on Darby Forrester.

9. The complete personnel file on Stan Goolsby.

10. Any and all memorandums, documents, letters and/or notes of oral conversations

reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia

Hopper in any way whatsoever.

Respectfully submitted this the _13th_ day of September, 2006.

_____
JIM L. DEBARDELABEN (DEB003)
Attorney for Virginia Hopper

OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _13th_ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

OF COUNSEL

# BEFORE THE PERSONNEL BOARD OF

# THE STATE OF ALABAMA

## IN THE MATTER
## OF
## VIRGINIA HOPPER

## <u>ORDER</u>

The Director of State Personnel Board Director has assigned this case to undersigned hearing officer or Administrative Law Judge (hereinafter "ALJ").  If any party objects to the ALJ based upon any currently disclosed matter, or any other matter known to the party (or with reasonable diligence should be known) which would require recusal, the objecting party is ORDERED to file within 5 calendar days of the issuance of this order, a motion for recusal with the Director of the State Personnel Board.  In the request for recusal, the party must state each and every specific factual and legal ground for the objection.[1]  All requests for recusal must be based upon legal authority to warrant consideration.  Requests for recusal not timely raised are deemed waived.

A telephone status conference to be initiated by my office will be held with both parties on Monday, October 23, 2006 at 1:30 p.m.  Please advise my office, 242-6775, of the telephone number at which you may be reached at that time.

---

[1] All other recusal motions may be made pursuant to any additional ALJ Orders or Rule 670-X-5-.08(1). Each motion must state every factual and legal basis for the objection.

**PLAINTIFF'S EXHIBIT**

tabbies

*13*

Done this the _17th_ day of October, 2006.

L. Daniel Morris, Jr.
Assistant Director
Department of Transportation
1409 Coliseum Boulevard
P.O. Box 303050
Montgomery, Alabama  36130-3050
Telephone: 242-6775
FAX:  353-6505

Copies to:

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL  36101-0152
FAX:  265-9299

Joel Marsh, Esq.
Department of Human Resources—Legal
Post Office Box 304000
Montgomery, AL  36130-4000
FAX: 242-0689



**ALABAMA DEPARTMENT OF TRANSPORTATION**
1409 Coliseum Boulevard
Montgomery, AL 36130-3050

Phone No. 334/242-6775 - Fax No.: 334/353-6505



BOB RILEY
GOVERNOR

JOE McINNES
TRANSPORTATION DIRECTOR

# FAX MESSAGE

TO:     Jim DeBardelaben, Esq.

NO.:    265-9299

FROM:   L. Daniel Morris, Jr.
        Assistant Director

DATE:   10-17-06

RE:     In the matter of *Virginia Hopper*

Number of pages:   3 (including cover sheet)

MESSAGE:

Attached is Order of today regarding above referenced matter.

( *Dated Order* )

*If you have any questions concerning this fax message, please telephone Jennifer Manasco at 334/242-6317.*

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION TO COMPEL PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be compelled to produce the items requested in attachment I. As reason therefore it is shown as follows:

1. On the 13th day of September, 2006, the employee filed a Motion For Third Party Request For Production for the State Personnel Department to produce specific information. (Attachment I)

2. A letter dated October 23, 2006, sent to Jackie Graham, Director of the State Personnel Department, requested that the information be forwarded. (Attachment II)

3. No response has been received to either the Motion For Third Party Request For Production or the letter of October 23, 2006.

4. The requested information is needed to properly defend Mrs. Hopper. The State Personnel Department injected itself into Mrs. Hopper's case at the very beginning and is now refusing to provide the information requested in an apparent attempt to wrongfully influence this case.

Based on the above, it is respectfully requested that the State Personnel Department be Ordered to produce the requested information within five days.

Respectfully submitted this the 2ᵈᵈ day of November, 2006.



PLAINTIFF'S
EXHIBIT
14

_JIM L. DeBardelaben_
JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the ____ day of November, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110

L. Daniel Morris, Jr.
Assistant Director
Department of Transportation
P.O. Box 303050
Montgomery, AL 36130-3050
(334) 353-6505

_Jim L. DeBardelaben_
OF COUNSEL

*Attachment I*

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION FOR THIRD PARTY REQUEST FOR PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be required to produce the following information:

1. Any and all materials, documents or complaints the State Personnel Department or any of its servants, agents or employees have received relating to or concerning Virginia Hopper, the employee in this matter.

2. Any and all letters, request or other documents the State Personnel Department or any of its servants, agents or employees have sent to any person, agency, institution or company concerning the employee Virginia Hopper.

3. Any and all letters, memorandums, notes, documents or investigative reports prepared by the State Personnel Department or any of its servants, agents or employees that concern or relate to the employee, Virginia Hopper in any way whatsoever.

4. Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

5. A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

6. A copy of any and all investigations concerning any person accused of providing false

information on a job application with the State of Alabama or not having a degree from an

accepted or certified college or university.

      a.) The outcome and/or resolution of the investigation.

   7. The complete personnel file of Jackie Graham.

   8. The complete personnel file on Darby Forrester.

   9. The complete personnel file on Stan Goolsby.

   10. Any and all memorandums, documents, letters and/or notes of oral conversations

reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia

Hopper in any way whatsoever.

Respectfully submitted this the _13ᵗʰ_ day of September, 2006.

                 _____

                 JIM L. DEBARDELABEN(DEB003)
                 Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _13th_ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

_____
OF COUNSEL

Attachment

# Jim L. DeBardelaben

ATTORNEY AT LAW

1505 Madison Avenue, 36107

Post Office Box 152

Montgomery, AL 36101-0152

(334) 265-9206 • Fax (334) 265-9299

E-Mail:jimdebard@aol.com


October 23, 2006


Ms. Jackie Graham                                                 Via Facsimile 242-1110

Director

State Personnel Department

64 N. Union Street

Montgomery, Alabama 36130


**RE: In the Matter of Virgina Hooper**


Dear Ms. Graham:

On September 13, 2006, the attached Motion For Third Party Request For Production was forwarded to you. More than thirty (30) days have passed and the State Personnel Board has not responded. Please respond by Wednesday, October 25, 2006, or it will be necessary for me to file a Motion To Compel.

The requested material is necessary to properly represent the action taken against Mrs. Hopper.


Sincerely,


Jim L. DeBardelaben

Attorney for Virginia Hooper


enclosure

JLD/dg

**SENDING REPORT**

Oct. 23 2006 02:34PM

YOUR LOGO    : DEBARDELABEN/WESTRY/TURNER
YOUR FAX NO. : 334 265 9299

| NO. | OTHER FACSIMILE | START TIME | USAGE TIME | MODE | PAGES | RESULT |
|-----|-----------------|------------|------------|------|-------|--------|
| 01  | 2421110         | Oct.23 02:33PM | 01'36 | SND | 07 | OK |

TO TURN OFF REPORT, PRESS 'MENU' #04.
THEN SELECT OFF BY USING '+' OR '-'.

FOR FAX ADVANTAGE ASSISTANCE, PLEASE CALL 1-800-HELP-FAX (435-7329).

# BEFORE THE PERSONNEL BOARD OF

# THE STATE OF ALABAMA

## IN THE MATTER

## OF

## VIRGINIA HOPPER

### SHOW CAUSE ORDER

TO:    State Personnel Department
       c/o Ms. Sandy Speakman
       64 North Union Street
       Montgomery, Alabama 36130-4100
       Facsimile 334-353-4481

     Based on motion to compel received November 2, 2006, the State Personnel Department is directed to show cause, if any, on or before November 7, 2006, why the motion should not be granted.



     L. Daniel Morris, Jr.
     Assistant Director
     Department of Transportation
     1409 Coliseum Boulevard
     P.O. Box 303050
     Montgomery, Alabama 36130-3050
     Telephone: 242-6775
     FAX: 353-6505

Copies via facsimile and U. S. Mail to:

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL 36101-0152
FAX: 265-9299

Joel Marsh, Esq.
Dept. of Human Resources – Legal
Post Office Box 304000
Montgomery, AL 36130-4000
FAX: 242-0689

PLAINTIFF'S
EXHIBIT
_15_



### ALABAMA DEPARTMENT OF TRANSPORTATION

1409 Coliseum Boulevard
Montgomery, AL 36130-3050

Phone No. 334/242-6775 - Fax No.: 334/353-6505



BOB RILEY
GOVERNOR

JOE McINNES
TRANSPORTATION DIRECTOR

# FAX MESSAGE

TO:      Jim DeBardelaben, Esq.

N0.:     265-9299

FROM:    L. Daniel Morris, Jr.
           Assistant Director

DATE:    11-3-06

RE:       In the matter of *Virginia Hopper*

Number of pages:   2 (including cover sheet)

MESSAGE:

    Attached is Order of today regarding above referenced matter.

*If you have any questions concerning this fax message, please telephone Jennifer Manasco at 334/242-6317.*

## BEFORE THE PERSONNEL BOARD
## OF THE STATE OF ALABAMA
## IN THE MATTER OF VIRGINIA HOPPER

### STATE PERSONNEL DEPARMENT'S RESPONSE
### TO SHOW CAUSE ORDER

Pursuant to the ALJ's Show Cause Order issued on November 3, 2006 in this action, the State Personnel Department ("SPD") respectfully submits its response thereto and requests that this Court not grant the Employee's Motion to Compel.  As grounds therefore, SPD states the following:

1.    SPD is in receipt of the Employee's request for production, forwarded on October 23, 2006.  The undersigned attorney, however, was not assigned this action until last week.

2.    Upon receipt of the request for production, the undersigned attorney has begun to review documentation to determine what, if any, documents are responsive to the request for production.

3.    SPD intends to comply with the request and responsive documents should be available for review by the Employee's counsel on Thursday, November 9, 2006.

THEREFORE, for the above reasons, SPD requests that this Court deny the Employee's Motion to Compel.



PLAINTIFF'S
EXHIBIT
16

Respectfully submitted:

_____
SANDRA INGRAM SPEAKMAN (SPE048)
Assistant Attorney General
State Personnel Department

OF COUNSEL:
STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 N. Union Street, Suite 316
Montgomery, AL  36130
Telephone:  (334) 353-0046
Facsimile:  (334) 353-4481

**ATTORNEY FOR DEFENDANT**
**STATE PERSONNEL DEPARTMENT**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the following by

placing a copy thereof, addressed as indicated below, postage prepaid, via

United States mail, on this the 6th day of November, 2006.

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL  36101-0152

Joel Marsh
DHR-Legal
P.O. Box 304000
Montgomery, AL  36130-4000

_____
OF COUNSEL



# STATE OF ALABAMA
### PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone:  (334) 242-3389 Fax:  (334) 242-1110
www.personnel.state.al.us



Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

November 8, 2006

*VIA FACSIMILE & U.S. MAIL*

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL  36101-0152

RE:    *In the Matter of Virginia Hopper*

Dear Mr. DeBardelaben:

Enclosed please find State Personnel Department's Response to Employee's Third Party Request for Production.  As indicated therein, the documents responsive to this request will be available for your review and copying during normal business hours beginning tomorrow, Thursday, November 9, 2006.  Please contact me at 353-0046 to schedule a time for the review.  Copying expenses for any documents are $.50 per page.

Thank you for your cooperation in this matter.

Sincerely,

Sandra Ingram Speakman
Deputy Legal Counsel

Enclosure

cc:    Joel Marsh, DHR Attorney
L. Daniel Morris, Jr., ALJ

**PLAINTIFF'S
EXHIBIT
17**

**BEFORE THE PERSONNEL BOARD**
**OF THE STATE OF ALABAMA**
**IN THE MATTER OF VIRGINIA HOPPER**

**STATE PERSONNEL DEPARMENT'S RESPONSE**
**TO THE EMPLOYEE'S THIRD PARTY**
**REQUEST FOR PRODUCTION**

State Personnel Department ("SPD"), a non-party to this action, responds to the

Employee's Third Party Request for Production. Beginning on Thursday, November 9,

2006, all documents to be produced in response to the Employee's discovery request will

be produced as they are kept in the ordinary course of business at the office of SPD

counsel, Sandra Ingram Speakman, Deputy Legal Counsel, State Personnel Department,

Legal Division, Suite 316, 64 N. Union Street, Montgomery, Alabama 36130, at a time

convenient for all counsel interested in reviewing such documentation.

**SPD RESPONSE**

1.    Any and all materials, documents or complaints the State Personnel Department
or any of its servants, agents or employees have received relating to or concerning
Virginia Hopper, the employee in this matter.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

2.    Any and all letters, request[s] of other documents the State Personnel Department
or any of its servants, agents or employees have sent to any person, agency
institution or company concerning the employee Virginia Hopper.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

3.    Any and all letters, memorandums [sic], notes, documents or investigative reports
prepared by the State Personnel Department or any of its servants, agents or
employees that concern or relate to the employee, Virginia Hopper in any way
whatsoever.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

4.    Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

5.    A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

6.    A copy of any and all investigations concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accepted or certified college or university.

    a.    The outcome and/or resolution of the investigation.

**RESPONSE: SPD objects to the production of these documents because the request is too broad in scope and time and is overly burdensome. Moreover, the Employee has failed to demonstrate that the persons that are the subject of said documents are similarly situated in any way to the Employee in this action. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (stating that similarly situated employees are the only appropriate legal comparison because the law does not vest the court with the authority to second-guess a reasonable employer's decisions). Finally, these files cannot possibly be relevant to this action. The subject of this appeal is DHR's decision to terminate the employment of Ms. Hopper—SPD is not the appointing authority and did not make that decision. Therefore, SPD's documents with respect to other persons are irrelevant to this termination appeal.**

7.    The complete personnel file of Jackie Graham.

**RESPONSE: SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Ms. Graham's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.**

2

8.     The complete personnel file on Darby Forrester.

**RESPONSE:** SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Ms. Forrester's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.

9.     The complete personnel file on Stan Goolsby.

**RESPONSE:** SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Mr. Goolsby's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.

10.    Any and all memorandums [sic], documents, letters and/or notes of oral conversations reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia Hopper in any way whatsoever.

**RESPONSE:**  Documents are available for inspection at the office of SPD counsel.

3

Respectfully submitted:


_[signature]_

SANDRA INGRAM SPEAKMAN (SPE048)
Assistant Attorney General
State Personnel Department


OF COUNSEL:
STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 N. Union Street, Suite 316
Montgomery, AL 36130
Telephone:    (334) 353-0046
Facsimile:    (334) 353-4481


**ATTORNEY FOR NON-PARTY
STATE PERSONNEL DEPARTMENT**


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the following by placing a

copy thereof, addressed as indicated below, postage prepaid, via United States mail, on

this the 8th day of November, 2006.

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL 36101-0152

Joel Marsh
DHR-Legal
P.O. Box 304000
Montgomery, AL 36130-4000


_[signature]_

OF COUNSEL


4

BEFORE THE PERSONNEL BOARD OF

THE STATE OF ALABAMA

IN THE MATTER

OF

VIRGINIA HOPPER

## ORDER

Upon consideration of the Response to Show Cause Order filed on behalf of the State Personnel Department, Employee's Motion to Compel filed November 2, 2006 is denied as moot.  If SPD fails to produce files by November 9, 2006, the Employee may file another motion.

DONE this the 7th day of November, 2006.

L. Daniel Morris, Jr., Assistant Director
Department of Transportation
1409 Coliseum Boulevard
P.O. Box 303050
Montgomery, Alabama  36130-3050
Telephone:  242-6775    FAX:  353-6505

**Copies via facsimile and U. S. or Hand Mail to:**

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL 36101-0152
FAX: 265-9299

Joel Marsh, Esq.
Dept. of Human Resources – Legal
Post Office Box 304000
Montgomery, AL 36130-4000
FAX: 242-0689

Sandra Ingram Speakman, Esq.
State of Alabama
Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
FAX 334-353-4481


PLAINTIFF'S
EXHIBIT
18



## ALABAMA DEPARTMENT OF TRANSPORTATION

1409 Coliseum Boulevard
Montgomery, AL 36130-3050

Phone No. 334/242-6775 - Fax No.: 334/353-6505



BOB RILEY
GOVERNOR

JOE McINNES
TRANSPORTATION DIRECTOR

# FAX MESSAGE

TO:      Jim DeBardelaben, Esq.

NO.:     265-9299

FROM:    L. Daniel Morris, Jr.
         Assistant Director

DATE:    11-7-06

RE:        In the matter of *Virginia Hopper*

Number of pages:    2 (including cover sheet)

MESSAGE:

    Attached is Order of today regarding above referenced matter.

*If you have any questions concerning this fax message, please telephone Jennifer Manasco at 334/242-6317.*

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER


## MOTION TO COMPEL PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that this Honorable Court require the State Personnel Department to provide items 6, 7, 8 & 9 of the employee's Request for Production attached hereto. As reason therefore it is shown as follows:

1. Bu letter dated November 8, 2006, SPD sent a Response to Employee's Request For Production. Said response untimely objected to furnishing requested items 6-9. (Exhibit A).

2. Item #6 request any and all investigation concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accepted or credited college or university. This is the charge against Mrs. Hopper. If other state employees have been treated different under the same or similar circumstances such amounts to a denial of equal protection of the law and/or arbitrary and capricious behavior on the part of the State Personnel Board and the State of Alabama.

3. Item #7 is the personnel file of Jackie Graham. It appears Mrs. Graham made the decision to have Mrs. Hopper investigated and then recommended her termination. Mrs. Graham's employment background and education as to investigation and initiating an investigation are vital to defense of this case.

4. Item #8 is a request for the personnel file of Darby Forrester. Darby Forrester was initially involved in the State Personnel's investigation and recommendation concerning Mrs. Hopper. The education and training in investigative procedures and prodical are vital to preparing


PLAINTIFF'S
EXHIBIT
19

a defense in this case.

5. Item #9 is a request for the personnel file of Stan Goolsby. Stan Goolsby was initially involved at the State Personnel Department in the investigation and recommendation concerning Mrs. Hopper. Mr. Goolsby's education in conducting investigations and making recommendations is vital in preparing a defense for this case.

6. The employee filed the Motion For Third Party Request For Production on September 13, 2006.

7. On November 6, 2006, counsel for the State Personnel Department filed a response to the Show Cause Order and stated in paragraph 3 thereof:

> "SPD intends to comply with the request and response documents should be available for review by the employee's counsel on Thursday, November 9, 2006.

8. Pursuant to the Administrative Procedure Act, §41-22-12(c), Code of Alabama 1975 as amended in discovery matters the rules of civil procedure apply.

9. Pursuant to Rule 34, Al. R. Civ. P., a party has 30 days to file a response. SPD did not file a response within the allowed time period.

10. SPD indicated that all items would be produced in the response to the Order To Show Cause, and failed to male a single objection.

11. The material requested is extremely relevant to preparing Mrs. Hopper's case.

12. SPD is hampering and hindering Mrs. Hooper's counsel from preparing an adequate and proper defense for Mrs. Hopper.

Based upon the foregoing it is respectfully requested that SPD be Ordered to produce instanta items 6-9 of employee's Request For Production.

Respectfully submitted this the ___9th___ day of November, 2006.

_JIM L. DeBardelaben_
JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the __9th__ day of November, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689

Sandra Ingram Speakman
State Personnel Director
64 Union Stree, Suite 316
Montgomery, Alabama 36130
(334) 353-4481

L. Daniel Morris, Jr.
Assistant Director
Department of Transportation
P.O. Box 303050
Montgomery, AL 36130-3050
(334) 353-6505

_Jim L. DeBardelaben_
OF COUNSEL

**BEFORE THE PERSONNEL BOARD OF**

**THE STATE OF ALABAMA**

**IN THE MATTER**

**OF**

**VIRGINIA HOPPER**

## ORDER

In response to the Motion to Compel Production filed on behalf of Employee on November 9, 2006, the following is hereby ordered:

1.     The Response to the Employee's Third Party Request for Production dated November 8, 2006 by the State Personnel Department, hereinafter SPD, is not an untimely objection in as much as SPD is not a party to this matter.

2.     It is noted that paragraph seven of the Motion to Compel misquotes paragraph three of the November 6, 2006 Response to Show Cause Order by SPD.  Paragraph three of the response states, "SPD intends to comply with the request and responsive documents should be available for review by Employee's counsel on Thursday, November 9, 2006."  The difference between the use of the word *responsive* by SPD and use of the word *response* by Employee is noted.  The use of the word *responsive* would indicate that all documents would not be made available.  It is also noted that in paragraph two the attorney for SPD notes that she is in the process of reviewing documentation to determine what, if any, documents are responsive to the request.

3.     With respect to item 2 of the Motion to Compel, the objection by SPD in paragraph six is well taken.  The Motion to Compel item 2 is denied.

4.     With respect to items three, four, and five of the Motion to Compel, the request with respect to the personnel files covered by those



PLAINTIFF'S
EXHIBIT
20

items is denied.   The reasons set forth in the Motion to Compel are not sufficient to require disclosure of those personnel files.

     5.     With respect to paragraph 9 of the Motion to Compel production, please note that SPD is not a party to this action.

     DONE this the *13rd* day of November, 2006.

> L. Daniel Morris, Jr., Assistant Director
> Department of Transportation
> 1409 Coliseum Boulevard
> P.O. Box 303050
> Montgomery, Alabama  36130-3050
> Telephone: 242-6775    FAX: 353-6505

**Copies via facsimile and U. S. or Hand Mail to:**

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL 36101-0152
FAX: 265-9299

Joel Marsh, Esq.
Dept. of Human Resources – Legal
Post Office Box 304000
Montgomery, AL 36130-4000
FAX: 242-0689

Sandra Ingram Speakman, Esq.
State of Alabama
Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
FAX 334-353-4481



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

State Personnel Board
Joe Dickson
James H. Anderson
John McMillan
Ellen G. McNair
Joyce P. O'Neal

## MEMORANDUM

**To:**      **JIM DEBARDELABEN, ESQ.**
            **JOEL MARSH, ESQ.**

**From:**    **PAUL THOMAS**
            **Deputy Director—State Personnel Department**

**Date:**    **JANUARY 30, 2007**

**RE:**      *Dismissal appeal of VIRGINIA HOPPER*

Enclosed please find a copy of the Hearing Officer's report in the matter of the above referenced appeal. The parties to this appeal have **five (5) working days** after the date of receipt of this report to <u>file</u> written exceptions to this report. If written exceptions are desired, <u>you must file</u> the exceptions within the five (5) days, rather than request scheduling within five (5) days. A copy of any exceptions should be served upon the opposing party who shall have five (5) days to file a response. **The written exceptions will be the only documentary material allowed at oral argument. The parties are cautioned that <u>no</u> other material or evidence will be allowed at oral argument other than the written exceptions.**

Also, the parties have the same five (5) working days after the date of receipt of this report to request oral arguments before the State Personnel Board. Upon the receipt of a request for oral argument, the oral arguments will be scheduled on the docket of the State Personnel Board at its earliest possible meeting. Oral arguments before the Board will be limited to ten (10) minutes per side. Since the State agency bears the burden of proof, the agency will be given first opportunity to argue followed by argument by the employee, followed by a rebuttal by the agency. These arguments should be as succinct as possible and bring to the Board's attention the facts that the parties deem to be most important.

If you have any further questions concerning the procedures to be followed before the State Personnel Board, please contact Heather Glarrow at 242-3451.



PLAINTIFF'S EXHIBIT
21

BEFORE THE PERSONNEL BOARD
IN THE MATTER OF

VIRGINIA S. HOPPER,          )
                             )
         Appellant,          )
                             )
v.                           )          Case No:  06-036
                             )
                             )
ALABAMA DEPARTMENT OF        )
HUMAN RESOURCES              )
                             )
         Appellee.           )

## RECOMMENDED ORDER TO THE STATE PERSONNEL BOARD

A hearing was held on December 18, 2006, at the offices of the Alabama Department of Transportation in Montgomery, Alabama. Jim Debardelaben, Esq., appeared as counsel on behalf of Virginia S. Hopper ("Hopper"). Joel C. Marsh, Esq., appeared as counsel on behalf of the Alabama Department of Human Resources ("DHR"). Ms. Hopper attended the hearing.

DHR introduced into evidence 9 exhibits consecutively numbered as 1-9. Hopper introduced into evidence 17 exhibits consecutively numbered 1-17.

DHR called as witnesses:

(1) Thomas Stanley Goolsby

(2) Darby Forrester

(3) Jeanne Brackim

(4) Virginia S. Hopper

Hopper called as witnesses:

(1) Dr. Page Walley

(2) James Swearengin, Jr.

(3) Jackie Graham

(4) Thomas King

## I. PROCEDURAL HISTORY AND CHARGES

Hopper was charged with falsification of records in her application for employment with the State of Alabama in violation of the Rules of the State Personnel Board, 670-X-19-.01(2)(f), and with not meeting the qualifications for her Accountant position with DHR as she does not have a college degree. Specifically, her charge letter states as follows:

> On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002. You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university. Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.

> Falsification of records is a serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and

2

correct; and that any false statements could result in removal from the register or release from employment.

You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office. In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I & II and Intermediate I and II, or equivalent courses. Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a "diploma mill" calling itself Trinity College and University, and that you did not attend any classes at this university. Furthermore, there is no evidence that you have taken Intermediate Accounting II.

On June 22, 2006, DHR held an Administrative Hearing. The hearing officer that heard the facts in this matter found that the evidence and testimony supports the charges. After the hearing, DHR notified Hopper by letter, dated August 14, 2006, that DHR was terminating Hopper's employment, effective August 14, 2006.

Hopper timely appealed the termination to the Alabama State Personnel Board on or about August 14, 2006.

This matter was originally assigned to Judge Julia Jordon Weller, administrative law judge for Alabama State Personnel Board. However, Hopper objected to Ms. Weller as the administrative law judge because she was employed by the State Personnel Department which was involved in this matter and several of the employees of the State Personnel Department were to be called as witnesses. As a consequence the undersigned was appointed

3

as administrative law judge to hear this matter and make a finding and recommendation to the State Personnel Board. Mr. Debardelaben counsel for Hopper at the beginning of the hearing objected to the procedure of the hearing. He stated, "Ms. Graham, the Personnel Director, took an active participation in this case. When we objected to State Personnel carrying out this procedure, Ms. Graham, herself, who's already made a recommendation, took an active participation, appointed you. I don't - - I think that in and of itself denies certain Constitutional rights to Ms. Hopper with a person who had a direct interest making the appointment." Mr. Debardelaben stated he was not objecting to me as the Administrative Law Judge, he simply was objecting to the procedure. On October 17, 2006, I issued an order that states in part "the Director of the State Personnel Board has assigned this case to the undersigned hearing officer or Administrative Law Judge (hereinafter "ALJ"). If any party objects to the ALJ based upon any currently disclosed matter, or any other matter known to the party (or with reasonable diligence should be known) which would required recusal, the objecting party is ORDERED to file within 5 calendar days of the issuance of this order, a motion for recusal with the Director of the State Personnel Board." No objection was filed with the State Personnel Board and the issue was not raised until the date of the hearing on December 18, 2006. I find the objection untimely.

4

## II. ISSUE

Did DHR produce sufficient evidence to warrant dismissal of Hopper from her position as an Accountant?

## III. DISCUSSION

### Standard of Review

The purpose of the Administrative Appeal is to determine if the termination of the employee is warranted and supported by the evidence. *Kucera v. Ballard,* 485 So. 2d 345 (Ala. Civ. App. 1986); *Thompson v. Alabama Depart. of Mental Health*, 477 So. 2d 427 (Ala. Civ. App. 1985); *Roberson v. Personnel Bd. Of the State of Alabama,* 390 So. 2d 658 (Ala. Civ. App. 1980). Recently in Earl v. State Personnel Board, slip op, 2030508 (March 14, 2006) the Alabama Court of Civil Appeals reiterated:

> "[D]ismissal by an appointing authority ... is reviewable by the personnel board only to determine if the reasons stated for the dismissal are sustained by the evidence presented at hearing."

Slip op. at p. 27, quoting Johnston v. State Personnel Bd., 447 So. 2d 752, 755 (Ala. Civ. App. 1983).[1] In determining whether an employee's dismissal is warranted, the departmental agency bears the burden of proving the charges warrant termination by a "preponderance of the evidence."

---

[1]The Alabama Court of Civil Appeals went further to hold: 'both this court and the circuit court must take the administrative agency's order as "prima facie just and reasonable' and neither this court nor the circuit court may "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Slip op at 27, citing Ala. Code 1975, § 41-22-20 (k); State Dept. of Human Res. V. Gilbert, 681 So. 2d 560, 562 (Ala. Civ. App. 1995).

5

The law is well settled that a "preponderance of the evidence" standard

requires a showing of a *probability* that the employee is guilty of the acts as

charged. Thus, there must be more than a mere possibility or one possibility

among others that the facts support the disciplinary action at issue, the

evidence must establish that *more probably than not*, the employee

performed, or failed to properly perform, as charged. *See Metropolitan*

*Stevedore Co. v. Rambo*, 521 U.S. 121, 117 S. Ct. 1953, 138 L. Ed. 2d. 327

(1997), holding that a "significant possibility" falls far short of the APA's

preponderance of the evidence standard; *See also Wright v. State of Tex.*,

533 F. 2d 185 (5th Cir. 1976).[2]

## IV. FINDINGS

After a careful review of all testimony and exhibits, I find that Hopper

falsified information on her Application for Examination for Accountant in

violation of the Rules of the State Personnel Board, <u>Rules of the State</u>

<u>Personnel Board, 670-X-19-.01(2)(f)</u>. Hopper stated on her application that

she had a B.S. degree, dated May 2002, from Trinity University, 715

Stadium Drive, San Antonio, Texas 78212. She also listed on her

application 22 courses that she had taken that were related to the accountant

---

[2] Bonner v. City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981 the Eleventh
Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the
close of business on September 30, 1981.

position that she was seeking. However, evidence produced at the hearing, including Hopper's own testimony, established that, for 17 of these courses, Hopper has not attended any college class for the credit, but instead was given course credit for these courses by an entity called "Trinity College and University" located in the British Virgin Islands. Credit for these 17 courses was given to her based on her attendance at a few work-related seminars and her work experience. The Trinity University located in San Antonio, Texas has no record of Hopper ever being registered as a student or receiving credit for any courses.

Hopper testified that she listed Trinity University of San Antonio, Texas on her application because she believed that was the institution that issued the "Diploma" she received and that she believed that she had a legitimate college degree from Trinity University. However, she had in her possession a document, a "Diploma", that was from "Trinity College and University." Hopper also testified that she utilized the internet mainly to communicate with "Trinity College and University." As a result of a lawsuit by Trinity University in San Antonio, Texas against "Trinity College and University", the name of "Trinity College and University" was changed to Bronte International University. DHR exhibit 9 clearly shows that a "sham diploma" could be obtained by paying six hundred and ninety-five dollars to Bronte International University a.k.a Trinity College and

7

University.  Hopper also asserted that the announcement for examination by State Personnel failed to mention that it required a four year degree. However, the announcement stated one needed a bachelor degree in Accounting or Business Administration.  The definition of "bachelor" degree is the lowest degree conferred by a four year college or university. Clearly this showed that it required a degree from a four year college.

I do not find her testimony to be creditable.  I find that Ms. Hopper knew or should have known she did not have a degree from Trinity University in San Antonio and knew that she did not have a valid college degree when she completed the application for accountant.

I also find that Hopper is not qualified for the position of Accountant with DHR, see <u>Rules of the State Personnel Board, 670x-9</u>.  The position requires that the applicant have a Bachelor's degree with a major in Accounting or Business Administration and that the applicant must have completed 5 college level accounting courses, including Intermediate Accounting II, or an equivalent course.  The evidence presented at the hearing clearly demonstrated that she does not have a valid degree, but rather has a piece of paper from a "diploma mill," and furthermore, that she has not taken Intermediate Accounting II, or an equivalent course.

8

# V. CONCLUSIONS

Ms. Hopper's discharge from employment with DHR should be upheld for the following reasons:

1. She falsified her Accountant application with the State of Alabama as she knew that she did not have a valid degree from Trinity University in San Antonio, Texas.

2. She is not qualified for the position of Accountant as she does not have a valid college degree from any college or university.

3. She is not qualified for the position of Accountant as she has not taken all of the courses required for the position and does not have a valid college degree.

I also find that each of these three grounds for discharge, if considered alone, would be sufficient grounds by itself for upholding the discharge.

9

Done this _29th_ day of January, 2007.


L. Daniel Morris, Jr., Assistant
Director, Department of
Transportation and Administrative
Law Judge for this matter
1409 Coliseum Boulevard
P. O. Box 30350
Montgomery, Alabama 36130
Phone: (334) 242-6775
Fax: (334) 353-6505

10

# Jim L. DeBardelaben

ATTORNEY AT LAW

1505 Madison Avenue, 36107

Post Office Box 152

Montgomery, AL 36101-0152

(334) 265-9206 •Fax (334) 265-9299

E-Mail:jimdebard@aol.com

February 5, 2007

Ms. Jackie Graham
Director
State Personnel Department
64 N. Union Street
Montgomery, Alabama 36130

**RE: In the Matter of Virgina Hooper**

Dear Ms. Graham:

Please find enclosed Mrs. Hopper's written exceptions to the Recommended Order to the State Personnel Board.

Respectfully submitted,

Jim L. DeBardelaben
Attorney for Virginia Hooper

JLD/dg

PLAINTIFF'S
EXHIBIT
22

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER


## EMPLOYEE WRITTEN EXCEPTION TO RECOMMEND
## ORDER TO THE STATE PERSONNEL BOARD


Comes now the employee, Virginia S. Hopper, by and through her attorney, and makes

the following written exception to the Recommended Order To the State Personnel Board signed

by the Honorable L. Daniel Morris, Jr. on January 29, 2007.

In the Procedural History part of the Order, ALJ Morris did not correctly state the

objection as to the Objection to the Administrative Process.  The ALJ states on page 6 of his

Order as follows:

> "No objection was filed with the State Personnel Board and the issue was not
> raised until the date of the hearing on December 18, 2006.  I find the objection
> untimely."

On or about September 11, 2006, the employee filed Exhibit 1 attached hereto which was

entitled "Objection, Motion To Recuse and Objection to Administrative Process."  The last

paragraph of the Motion states:

> "Based upon the unique situation of this case, it is requested that not only that the
> Administrative Law Judges recuse themselves, but the entire Personnel Board and
> the Director of the Personnel Board must recuse themselves as the Personnel
> Board and all of its employees are directly involved in this matter.  It appears that
> it will be impossible for the employee to have a fair and equal haring due to the
> significant employment of the State Personnel Board employees from the
> beginning of the case."  (Exhibit 1)

The objection was timely filed, three months before the ruling of the ALJ.  Thus, his

ruling is due to be overturned.

The Procedural history of the ALJ also left out the denial of the employee's Request For Production. On September 13, 2006, the employee filed a Motion For Third Party Request For Production, requesting the State Personnel Board produce among other document the following items:

> 6. A copy of any and all investigation concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accredited or certified college or university..." (Exhibit 2)

On November 2, 2006, employee filed a Motion to Compel Production. (Exhibit 3) On November 8, 2006, State Personnel responding, and stating that SPD intended to comply. (Exhibit 4). On November 7, 2006, the ALJ issued an Order denying the Motion to Compel as moot. (Exhibit 5). Then on November 8, 2006, a day after the response was due, SPD filed another response objecting to providing item #6 and other information. (Exhibit 6). On November 9, 2006, a second Motion to Compel was filed, specifically seeking item #6. (Exhibit 7). By Order dated November 13, 2006, the ALJ denied employee's Motion to Compel, thereby hampering the employee from preparing an adequate defense. (Exhibit 8). It is interesting to note that on or about November 3, 2006, the ALJ issued an Order that State Personnel had until November 7, 2006 to show cause why the Motion To Compel should not be granted. No extension was granted for SPD to file a response after November 7, 2006. State Personnel filed their response on November 8, 2006, a day late, but the ALJ issued the Order denying the Motion to Compel on November 7, 2006. The fairness and treatment certainly is questionable based upon the time line, especially when SPD indicated on November 6, 2006 that it would furnish the requested material.

The ALJ states on page 8 under Findings as follows:

"After a careful review of all testimony and exhibits, I find that Hopper falsified information on her application for examination for Accountant in violation of the Rules of the State Personnel Board, <u>Rules of the State Personnel Board</u>, 670-x-19.01(2)(f)."

The application employee Hopper filled out sets a different standard than the standard cited by the ALJ. The oath signed by employee Hopper on the application states:

"I certify that all statements on or attached to this application are true and correct <u>to the best of my knowledge</u>..."

There was no testimony concerning what was an acceptable or certified college or university. The announcement for the Accountant position did not require a degree from an accredited or certified university until November 12, 2003 announcement. (Exhibit 9, 10 & 11). However, it did require accounting courses from a certified or accredited college or university. State Personnel requirements made a distinction, but now does not want to accept the distinction.

On page 10 the ALJ found that employee Hopper had not taken Intermediate Accounting II or an equivalent course. However, employee Hopper never claimed to have taken Intermediate Accounting II or an equivalent course. As the State Personnel Director testified, the person grading the application had to have made that determination. In fact, the Personnel Director admitted that Ms. Hopper's Governmental Accounting course could have been substituted for Intermediate Accounting II..

The ALJ failed to mention that the lawsuit against Trinity College & University was not filed until April 14, 2004, and the Order settling the case was not signed until November 9, 2004. Also, the ALJ remarkably left out that the attorney who sued Trinity College & University wrote the Personnel Director a letter dated September 19, 2006 which stated in part:

" It is my understanding from Ms. Hopper that she obtained a degree from Trinity College & University under the mistaken belief she was obtaining a degree from Trinity University. This is the type of activity that we sought to and did enjoin. If you have any further questions concerning this matter, please call me."

When Ms. Jackie Graham was asked if she contacted the attorney and followed up on this, her reply was NO.

Based upon the foregoing, the Recommended Order should not be accepted. The State Personnel Board should reinstate Ms. Hopper with full back pay. Ms. Hopper was an excellent employee who got taken in by an online scam. Terminating her does a disservice to the State of Alabama and to Ms. Hopper.

The employee also request Oral Argument before the State Personnel Board.

Respectfully submitted this the ___S<sup>th</sup>___ day of February, 2007.

Jim L. DeBardelaben (DEB003)

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
Post Office Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _____ day of February, 2007:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689

OF COUNSEL

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOOPER

## OBJECTION, MOTION TO RECUSE AND
## OBJECTION TO ADMINISTRATIVE PROCESS

Comes Now the employee, Virginia Hooper, by and through her attorney and enters an

Objection, Motion to Recuse and Objection To Administrative Process on the following grounds:

1.  By memorandum dated May 4, 2006, on State Personnel Department letterhead

to Jackie Graham, State Personnel Director, from Darby Forrester and Stan Goolsby, it was

determined that "Mrs. Hopper fraudulently represented her educational accomplishments that

eventually lead to her employment as an Accountant with the Department of Finance as well as

her current employment with the Department of Human Resources. (Exhibit 1.)

2.  By letter dated May 9, 2006, to Ms. Hopper from Page B. Walley,

Commissioner, Department of Human Resources, Mrs. Hopper was informed that she was

charged with providing false information on her job application for Accountant. (Exhibit 2). This

letter was amended by letter dated June 12, 2006 (Exhibit 3.).

3.  Exhibit 1 for DHR at Mrs. Hooper's hearing at the Department of Human

Resources was the May 4, 2006, memorandum to Jackie Graham from Darby Forrester and Stan

Goolsby. (Exhibit 4).

4.  By letter dated May 19, 2006, on State Personnel Department letterhead

addressed to Mrs. Hopper and signed by Jackie Graham, it was stated "It appears that false

Exhibit
1

information was provided on your most recent application filed with the State Personnel
Department..." (Exhibit 5).

The entire process of appeal is to and through the State Personnel Board. In this instance
the Personnel Director has already been involved in this case and staff of the State Personnel
Board has written a memorandum on State Personnel Department letterhead determining that
Mrs. Hooper was guilty of fraud. This information was used in Mrs. Hooper's departmental
hearing. Additionally, the Administrative Law Judge will be called upon to consider evidence and
testimony from not only the State Personnel Director, but employees of the State Personnel
Board. There certainly appears to be a substantial conflict of interest.

According to Chapter 670-X-5.08(1) State Personnel Board the following must occur:

> "...Any request by a party for a Board member or a Hearing Officer
> as designated shall be made in writing with the Director no later
> than five work days prior to the date upon which the hearing is
> scheduled."

In the Scheduling Order and General Information issued in this case it appears to violate
the terms of the above cited rule as it requires the objection to be made written 5 calendar days
from the pre-hearing conference. Thus, it appears that the employee's rights given by Chapter
670-X-5.08(1) have already been violated.

Based upon the unique situation of this case, it is requested that not only the
Administrative Law Judges recuse themselves, but the entire Personnel Board and the Director of
the Personnel Board must recuse themselves as the Personnel Board and its employees are
directly involved in this matter. It appears that it will be impossible for the employee to have a
fair and equal hearing due to the significant involvement of the State Personnel Board employees
from the beginning of her case.

Respectfully submitted this the _11th_ day of September, 2006.

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _11th_ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

OF COUNSEL





# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

### CONFIDENTIAL

May 4, 2006

## MEMORANDUM

To:    Jackie Graham

From:   Darby Forrester and Stan Goolsby



Subject: Virginia Swearengin Hopper - Employee Verification of Education

Accountant – Department of Human Resources (PCQ#0806900) – Effective 04/16/06

Recent notification of discrepancies associated with Ms. Virginia Swearengin Hopper's academic accomplishments resulted in an investigation to verify Ms. Hopper's educational background. The primary purpose of the investigative process was to determine the validity of the Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas that is listed on Ms. Hopper's employment application for the Accountant classification.

According to Ms. Hopper's employment application, she earned her degree from Trinity University 715 Stadium Drive San Antonio, TX 78212 in May 2002 (see attachment 1). Included with the application was an attachment listing 22 academic courses successfully completed by Ms. Hopper that were relevant to the Accountant job (see Attachment 2). According to Trinity University's website (www.trinity.edu), seven of the 22 courses that were listed (ACCT 1301; ACCT 1302; MGMT 2301; FNCE 3301; BUSN 3302; BUSN 4301 and BUSN 3303) correspond with the curriculum listed for a Bachelor of Science in Business Administration while 10 of the courses (ACCT 4344; MKTG 2302; MGMT 3372; FNCE 3351; FNCE 3352; FNCE 4351; MKTG 4381; MKTG 3381; BUSN 3301; and BUSN 3341) are similar in abbreviation and course title (see attachment 3). The remaining five courses (ACCT 291; ACCT 292; ACCT 391 and ACCT 394) are consistent with courses listed on Troy University – Montgomery's website (www.montgomery.troy.edu) for the Sorrell College of Business (see attachment 4).

On April 5, 2006, Ms. Hopper was asked to provide the Department of Finance with verification of her Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas. As a response to this request, Ms. Hopper submitted a copy of a diploma for a Bachelor of Science in Business Administration from Trinity College and University received on May 25, 2002. The institution listed on this document (Trinity College and University) did not coincide with the name of the institution listed on the application for

EXHIBIT

Jackie Graham
May 4, 2006
Page 2 of 2

employment (Trinity University in San Antonio, TX). A copy of the diploma provided by Ms. Hopper is provided as Attachment 5.

Information obtained during the investigative process revealed that Trinity College and University, which is now referred to as Bronte International University (BIU), is based in Tortola, British Virgin Islands. None of the courses presented on BIU's website (www.biu-edu.org) are consistent with those included on Ms. Hopper's relevant list of completed academic courses. In fact, the course abbreviations and titles do not match any of those submitted by Ms. Hopper. BIU uses a 3 alpha – 3 numeric coding system (see attachment 6) in abbreviating course titles while the list provided by Ms. Hopper consists of a 4 alpha – 4 numeric coding system. There also appears to be some uncertainty as to whether or not BIU is recognized as an accredited institution by any credible accrediting agencies. This uncertainty is stated based upon the assertion that the institution awards educational credit for past work experiences for a fee of $695 for a bachelor's degree or an associate's degree (see attachment 7).

It is very clear that when Ms. Hopper completed and submitted her application for employment into the Accountant classification on November 21, 2003, she claimed having obtained a Bachelor of Science in Business Administration from Trinity University in San Antonio, TX and not Trinity College and University (now referred to as BIU) of Tortola, British Virgin Islands. The list of relevant courses Ms. Hopper provided with her Accountant employment application specifically lists those offered by Trinity University in San Antonio, TX. Furthermore, we received written documentation from Trinity University in San Antonio, TX that indicated that they do not have any records for Virginia S. Hopper (SSN: xxx-xx-4190); that they do not provide online or correspondence courses for their students; and that they are not affiliated with any other Trinity Colleges or Universities (see attachment 8).

Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources.

Enclosures:  Attachment 1 – Employment Application – Copy of Cover Page – Dated 11/21/03
Attachment 2 – Relevant List of Completed Courses
Attachment 3 – Trinity University, San Antonio, TX – Common Curriculum
Attachment 4 – Troy University-Montgomery – Core Curriculum for Bus Admin
Attachment 5 – Diploma – Copy Submitted by Ms. Hopper for Verification
Attachment 6 – Bronte International University – Course Descriptions
Attachment 7 – Bronte International University – Fees
Attachment 8 – Letter from Trinity University, San Antonio, TX – Dated 4/20/06





# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us

**BOB RILEY**
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

May 9, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Mrs. Hopper:

This is to inform you that an administrative hearing will be held on Tuesday, June 13, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama. The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant. The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual. You are expected to appear at this disciplinary hearing at the date and time specified. Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01, (2) (f), Falsification of records — Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002. You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university. Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.

Falsification of records is a more serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.



**EXHIBIT**
**2**

An Affirmative Action /Equal Opportunity Employer

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the _____12_____ day of _____2006.

Virginia S. Hopper

Thomas A. King, Personnel Director



# State of Alabama
# Department of Human Resources

S. Gordon Persons Building
50 Ripley Street
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-1310
www.dhr.state.al.us



BOB RILEY
*Governor*

Page B. Walley, Ph.D.
*Commissioner*

June 12, 2006

Mrs. Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

**RE: *Amendment to original charge letter of May 9, 2006.***

Dear Mrs. Hopper:

This is to inform you that the administrative hearing has been rescheduled for Thursday, June 22, 2006, at 9:00 a.m. in the South Meeting Room of the Gordon Persons Building, 50 N. Ripley Street, Montgomery, Alabama. The purpose of the hearing is to hear charges and evidence concerning false information contained on your job application for Accountant *and evidence that you are not qualified for your current position as an accountant*. The composition and conduct of this hearing will be in accordance with Chapter 5 of the departmental Personnel Policies and Procedures Manual. You are expected to appear at this disciplinary hearing at the date and time specified. Changes in scheduling will be made only for good cause and if the request is made at least forty-eight hours prior to the hearing.

It has been brought to my attention that you have violated *Rules of the State Personnel Board,* 670-X-19-.01 (2) (f), Falsification of records – Application for Employment.

On your Application for Examination for Accountant, you indicated you received a B.S. degree in Business Administration from Trinity University, 715, Stadium Drive, San Antonio, Texas 78212, in May 2002. You further attached a list of courses you completed that were particularly related to the accounting position. Trinity University in San Antonio, Texas has stated they have been unable to locate records verifying that you were enrolled at that university. Furthermore, several of the course numbers listed in the attachment to your application did not correspond with the course numbers listed in Trinity's curriculum.



EXHIBIT
3

An Affirmative Action /Equal Opportunity Employer

Falsification of records is a serious violation that could result in discharge on the first offense. Your signature on the employment application certifies that all statements on the application and any attachments to the application are true and correct; and that any false statements could result in removal from the register or release from employment.

*You were hired and are currently employed as an Accountant (10611) in the DHR Finance Office. In order to qualify for this position, an employee must have a Bachelor's Degree with a major in Accounting or Business Administration and have completed five (5) college level accounting courses including Principles I & II and Intermediate I and II, or equivalent courses. Evidence indicates that you do not have a degree from an actual school or university but obtained the degree from a "diploma mill" calling itself Trinity College and University, and that you did not attend any classes at this university. Furthermore, there is no evidence that you have taken Intermediate Accounting II.*

If evidence provided to the hearing officer supports these charges, it could result in disciplinary actions of increasing severity, including suspension up to 30 days in a calendar year, demotion, or termination of employment. The Department will be seeking termination of your employment.

With the exception of records and materials protected by federal and state laws and regulations, all pertinent materials dealing with this matter will be made available in the Department of Human Resources Legal Office, Gordon Persons Building. A request for review of this material must be made in advance by you or your legal counsel. If you intend to have an attorney, please notify the Personnel Division as soon as possible.

Sincerely,

Page B. Walley, Ph.D.
Commissioner

I have been informed of the foregoing and accept a copy of the same this the
_12th_ day of _June_ 2006.

Virginia S. Hopper

Thomas A. King, Personnel Director



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

C O N F I D E N T I A L

May 4, 2006

<u>MEMORANDUM</u>

To:    Jackie Graham

From:  Darby Forrester and Stan Goolsby

Subject: Virginia Swearengin Hopper - Employee Verification of Education

Accountant – Department of Human Resources (PCQ#0806900) – Effective 04/16/06

Recent notification of discrepancies associated with Ms. Virginia Swearengin Hopper's academic accomplishments resulted in an investigation to verify Ms. Hopper's educational background. The primary purpose of the investigative process was to determine the validity of the Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas that is listed on Ms. Hopper's employment application for the Accountant classification.

According to Ms. Hopper's employment application, she earned her degree from Trinity University 715 Stadium Drive San Antonio, TX 78212 in May 2002 (see attachment 1). Included with the application was an attachment listing 22 academic courses successfully completed by Ms. Hopper that were relevant to the Accountant job (see Attachment 2). According to Trinity University's website (www.trinity.edu), seven of the 22 courses that were listed (ACCT 1301; ACCT 1302; MGMT 2301; FNCE 3301; BUSN 3302; BUSN 4301 and BUSN 3303) correspond with the curriculum listed for a Bachelor of Science in Business Administration while 10 of the courses (ACCT 4344; MKTG 2302; MGMT 3372; FNCE 3351; FNCE 3352; FNCE 4351; MKTG 4381; MKTG 3381; BUSN 3301; and BUSN 3341) are similar in abbreviation and course title (see attachment 3). The remaining five courses (ACCT 291; ACCT 292; ACCT 391 and ACCT 394) are consistent with courses listed on Troy University – Montgomery's website (www.montgomery.troy.edu) for the Sorrell College of Business (see attachment 4).

On April 5, 2006, Ms. Hopper was asked to provide the Department of Finance with verification of her Bachelor of Science in Business Administration from Trinity University in San Antonio, Texas. As a response to this request, Ms. Hopper submitted a copy of a diploma for a Bachelor of Science in Business Administration from Trinity College and University received on May 25, 2002. The institution listed on this document (Trinity College and University) did not coincide with the name of the institution listed on the application for



EXHIBIT
4

EXHIBIT
OHR 1

Jackie Graham
May 4, 2006
Page 2 of 2

employment (Trinity University in San Antonio, TX). A copy of the diploma provided by Ms. Hopper is provided as Attachment 5.

Information obtained during the investigative process revealed that Trinity College and University, which is now referred to as Bronte International University (BIU), is based in Tortola, British Virgin Islands. None of the courses presented on BIU's website (www.biu-edu.org) are consistent with those included on Ms. Hopper's relevant list of completed academic courses. In fact, the course abbreviations and titles do not match any of those submitted by Ms. Hopper. BIU uses a 3 alpha – 3 numeric coding system (see attachment 6) in abbreviating course titles while the list provided by Ms. Hopper consists of a 4 alpha – 4 numeric coding system. There also appears to be some uncertainty as to whether or not BIU is recognized as an accredited institution by any credible accrediting agencies. This uncertainty is stated based upon the assertion that the institution awards educational credit for past work experiences for a fee of $695 for a bachelor's degree or an associate's degree (see attachment 7).

It is very clear that when Ms. Hopper completed and submitted her application for employment into the Accountant classification on November 21, 2003, she claimed having obtained a Bachelor of Science in Business Administration from Trinity University in San Antonio, TX and not Trinity College and University (now referred to as BIU) of Tortola, British Virgin Islands. The list of relevant courses Ms. Hopper provided with her Accountant employment application specifically lists those offered by Trinity University in San Antonio, TX. Furthermore, we received written documentation from Trinity University in San Antonio, TX that indicated that they do not have any records for Virginia S. Hopper (SSN: xxx-xx-4190); that they do not provide online or correspondence courses for their students; and that they are not affiliated with any other Trinity Colleges or Universities (see attachment 8).

Accordingly, it is determined that Ms. Hopper fraudulently represented her educational accomplishments that eventually led to her employment as an Accountant with the Department of Finance as well as her current employment with the Department of Human Resources.

Enclosures:   Attachment 1 – Employment Application – Copy of Cover Page – Dated 11/21/03
              Attachment 2 – Relevant List of Completed Courses
              Attachment 3 – Trinity University, San Antonio, TX – Common Curriculum
              Attachment 4 – Troy University-Montgomery – Core Curriculum for Bus Admin
              Attachment 5 – Diploma – Copy Submitted by Ms. Hopper for Verification
              Attachment 6 – Bronte International University – Course Descriptions
              Attachment 7 – Bronte International University – Fees
              Attachment 8 – Letter from Trinity University, San Antonio, TX – Dated 4/20/06

Attachments to DHR's Exhibit 1 provided upon request



# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us



Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

May 19, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

I am in receipt of your recent inquiry regarding your future status of employment with the State of Alabama. You asked whether you can be placed on the reemployment register for Accounting Technician, 10605 (the class in which you previously held status) if you resign your current position as Accountant, 10611. Upon review of the materials you provided and your recent applications for State employment, it was determined that you will not be eligible for placement on any register for State employment for a period of five years.

It appears that false information was provided on your most recent applications filed with the State Personnel Department (Accountant, 10611 and Staff Accountant, 10612). You first indicated that you received a Bachelor of Science degree in business administration from "Trinity University, 715 Stadium Drive, San Antonio, TX 78212." Upon the request of the Department of Finance, you submitted a copy of the diploma you received, which was issued by "Trinity College and University." Trinity University, located in San Antonio, later confirmed that it did not have any record of your attendance or receipt of a degree from that university. It also confirmed that it neither provides online or correspondence courses nor is it affiliated with any other Trinity Colleges or Universities. Additional investigation further reveals that your degree is actually from a university (currently known as Bronte International University) that is not located in Texas but in the British Virgin Islands.

Applicants for employment with the State sign a statement, certifying that "all statements on or attached to this application are true and correct" and that false statements may result in removal from an employment register. Despite having certified that all statements in your application, including statements about your education, were



**EXHIBIT**
_5_

Ms. Hopper
May 19, 2006
Page 2 of 2

truthful, false information was provided on at least two applications.  Pursuant to the
authority given the State Personnel Director, I am not granting your request to be placed
on the reemployment register because you made false statements of material facts on
your applications.  R. 670-x-9-.01(3), State Personnel Board Rules.  You will not be
permitted to be placed on any employment register with the State of Alabama for a period
of five years.

Sincerely,

Jackie Graham
State Personnel Director

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am attaching my transcript from Troy University, Montgomery. I will not be able to attach my transcript from Trinity College & University; I have came to the knowledge the transcript and diploma are not as they were represented to me and at this point I do not want to list them or claim them. This is the problem I am having with my position as Accountant and for the request to fall back as an Accounting Tech.

I would like to meet with you, go over my position, and explain the events as they happened. I do not know if this would make a difference, but I did sign my name to what I believed to be the truth.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

*Virginia Hopper*

Virginia Hopper

Enclosures





# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

**State Personnel Board**
Joe Dickson
James Anderson
John McMillan
Ellen G. McNair
Joyce P. O'Neal

May 17, 2006

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

Dear Ms. Hopper:

To respond to your request to be placed on the reemployment register for Accounting Technician, 10605, I must review your academic transcripts. Please forward to me a copy of your <u>official</u> transcripts from Troy University – Montgomery and Trinity College and University by the close of business on Friday, May 19, 2006.

Sincerely,

Jackie Graham
State Personnel Director

Virginia Hopper
200 Alpha Lane
Deatsville, AL 36022

May 15, 2006

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, AL 36130-4100

Dear Jackie,

I am requesting your review of my situation involving my employment with the State of Alabama. Not knowing if I will be successful in proving the statements made on my application for Accountant were the truth as I knew them to be at the time I signed the application; I need to know:

If I resign my position as Accountant, will I be allowed by State Personnel to fall back to the classification of an Accountant Tech (I had permanent status before my promotion to Accountant) and be placed on the re-employment register and continue my career in State government.

I have an excellent work record and history. I have attached my latest Employee Performance Appraisals and letters to back this statement.

If more information is needed please contact me at 334 242-9447, work number at DHR or 334 285-6226, home number or e-mail dhvhop02@msn.com.

Thank you so much for your time and your consideration in this matter is greatly appreciated.

Sincerely,

*Virginia Hopper*

Virginia Hopper

Enclosures

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION FOR THIRD PARTY REQUEST FOR PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be required to produce the following information:

1. Any and all materials, documents or complaints the State Personnel Department or any of its servants, agents or employees have received relating to or concerning Virginia Hopper, the employee in this matter.

2. Any and all letters, request or other documents the State Personnel Department or any of its servants, agents or employees have sent to any person, agency, institution or company concerning the employee Virginia Hopper.

3. Any and all letters, memorandums, notes, documents or investigative reports prepared by the State Personnel Department or any of its servants, agents or employees that concern or relate to the employee, Virginia Hopper in any way whatsoever.

4. Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

5. A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

6. A copy of any and all investigations concerning any person accused of providing false

Exhibit
2

information on a job application with the State of Alabama or not having a degree from an

accepted or certified college or university.

      a.) The outcome and/or resolution of the investigation.

   7. The complete personnel file of Jackie Graham.

   8. The complete personnel file on Darby Forrester.

   9. The complete personnel file on Stan Goolsby.

   10. Any and all memorandums, documents, letters and/or notes of oral conversations

reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia

Hopper in any way whatsoever.

Respectfully submitted this the _13th_ day of September, 2006.

                       JIM L. DEBARDELABEN(DEB003)
                       Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the ___13th___ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

OF COUNSEL

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION TO COMPEL PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be compelled to produce the items requested in attachment I.  As reason therefore it is shown as follows:

1.  On the 13th day of September, 2006, the employee filed a Motion For Third Party Request For Production for the State Personnel Department to produce specific information. (Attachment I)

2.  A letter dated October 23, 2006, sent to Jackie Graham, Director of the State Personnel Department, requested that the information be forwarded. (Attachment II)

3.  No response has been received to either the Motion For Third Party Request For Production or the letter of October 23, 2006.

4.  The requested information is needed to properly defend Mrs. Hopper.  The State Personnel Department injected itself into Mrs. Hopper's case at the very beginning and is now refusing to provide the information requested in an apparent attempt to wrongfully influence this case.

Based on the above, it is respectfully requested that the State Personnel Department be Ordered to produce the requested information within five days.

Respectfully submitted this the _2ⁿᵈ_ day of November, 2006.

Exhibit
3

_JIM L. DeBardelaben_

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the ___ day of November, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110

L. Daniel Morris, Jr.
Assistant Director
Department of Transportation
P.O. Box 303050
Montgomery, AL 36130-3050
(334) 353-6505

_Jim L. DeBardelaben_

OF COUNSEL

*Attachment I*

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## MOTION FOR THIRD PARTY REQUEST FOR PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that the State Personnel Department be required to produce the following information:

1. Any and all materials, documents or complaints the State Personnel Department or any of its servants, agents or employees have received relating to or concerning Virginia Hopper, the employee in this matter.

2. Any and all letters, request or other documents the State Personnel Department or any of its servants, agents or employees have sent to any person, agency, institution or company concerning the employee Virginia Hopper.

3. Any and all letters, memorandums, notes, documents or investigative reports prepared by the State Personnel Department or any of its servants, agents or employees that concern or relate to the employee, Virginia Hopper in any way whatsoever.

4. Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

5. A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

6. A copy of any and all investigations concerning any person accused of providing false

information on a job application with the State of Alabama or not having a degree from an

accepted or certified college or university.

      a.) The outcome and/or resolution of the investigation.

    7.  The complete personnel file of Jackie Graham.

    8.  The complete personnel file on Darby Forrester.

    9.  The complete personnel file on Stan Goolsby.

    10.  Any and all memorandums, documents, letters and/or notes of oral conversations

reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia

Hopper in any way whatsoever.

Respectfully submitted this the *13th* day of September, 2006.

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _13th_ day of September, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689 Fax

Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110 Fax

_____
OF COUNSEL

_Attachment_____

# Jim L. DeBardelaben

ATTORNEY AT LAW

1505 Madison Avenue, 36107

Post Office Box 152

Montgomery, AL 36101-0152

(334) 265-9206 •Fax (334) 265-9299

E-Mail:jimdebard@aol.com

October 23, 2006

Ms. Jackie Graham                                     Via Facsimile 242-1110

Director

State Personnel Department

64 N. Union Street

Montgomery, Alabama 36130

**RE: In the Matter of Virgina Hooper**

Dear Ms. Graham:

On September 13, 2006, the attached Motion For Third Party Request For Production was forwarded to you. More than thirty (30) days have passed and the State Personnel Board has not responded. Please respond by Wednesday, October 25, 2006, or it will be necessary for me to file a Motion To Compel.

The requested material is necessary to properly represent the action taken against Mrs. Hopper.

Sincerely,

Jim L. DeBardelaben

Attorney for Virginia Hooper

enclosure

JLD/dg

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER OF VIRGINIA HOPPER

STATE PERSONNEL DEPARMENT'S RESPONSE
TO SHOW CAUSE ORDER

Pursuant to the ALJ's Show Cause Order issued on November 3, 2006 in this action, the State Personnel Department ("SPD") respectfully submits its response thereto and requests that this Court not grant the Employee's Motion to Compel.  As grounds therefore, SPD states the following:

1.    SPD is in receipt of the Employee's request for production, forwarded on October 23, 2006.  The undersigned attorney, however, was not assigned this action until last week.

2.    Upon receipt of the request for production, the undersigned attorney has begun to review documentation to determine what, if any, documents are responsive to the request for production.

3.    SPD intends to comply with the request and responsive documents should be available for review by the Employee's counsel on Thursday, November 9, 2006.

THEREFORE, for the above reasons, SPD requests that this Court deny the Employee's Motion to Compel.

Exhibit
4

Respectfully submitted:


_____
SANDRA INGRAM SPEAKMAN (SPE048)
Assistant Attorney General
State Personnel Department


OF COUNSEL:
STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 N. Union Street, Suite 316
Montgomery, AL 36130
Telephone: (334) 353-0046
Facsimile: (334) 353-4481

**ATTORNEY FOR DEFENDANT
STATE PERSONNEL DEPARTMENT**


## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the following by

placing a copy thereof, addressed as indicated below, postage prepaid, via

United States mail, on this the 6th day of November, 2006.

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL 36101-0152

Joel Marsh
DHR-Legal
P.O. Box 304000
Montgomery, AL 36130-4000


_____
OF COUNSEL

**BEFORE THE PERSONNEL BOARD OF**

**THE STATE OF ALABAMA**

**IN THE MATTER**

**OF**

**VIRGINIA HOPPER**

**ORDER**

Upon consideration of the Response to Show Cause Order filed on behalf of the State Personnel Department, Employee's Motion to Compel filed November 2, 2006 is denied as moot.  If SPD fails to produce files by November 9, 2006, the Employee may file another motion.

DONE this the 7th day of November, 2006.

L. Daniel Morris, Jr., Assistant Director
Department of Transportation
1409 Coliseum Boulevard
P.O. Box 303050
Montgomery, Alabama  36130-3050
Telephone: 242-6775   FAX: 353-6505

**Copies via facsimile and U. S. or Hand Mail to:**

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL 36101-0152
FAX: 265-9299

Joel Marsh, Esq.
Dept. of Human Resources – Legal
Post Office Box 304000
Montgomery, AL 36130-4000
FAX: 242-0689

Sandra Ingram Speakman, Esq.
State of Alabama
Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
FAX 334-353-4481

Exhibit 5



**ALABAMA DEPARTMENT OF
TRANSPORTATION**
1409 Coliseum Boulevard
Montgomery, AL 36130-3050

Phone No. 334/242-6775 - Fax No.: 334/353-6505



BOB RILEY
GOVERNOR

JOE McINNES
TRANSPORTATION DIRECTOR

# FAX MESSAGE

TO:       Jim DeBardelaben, Esq.

NO.:      265-9299

FROM:     L. Daniel Morris, Jr.
          Assistant Director

DATE:     11-7-06

RE:       In the matter of *Virginia Hopper*

Number of pages:    2 (including cover sheet)

MESSAGE:

Attached is Order of today regarding above referenced matter.

*If you have any questions concerning this fax message, please telephone Jennifer
Manasco at 334/242-6317.*





# STATE OF ALABAMA
## PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
**State Personnel Director**
Paul D. Thomas
**Deputy Director**

November 8, 2006

*VIA FACSIMILE & U.S. MAIL*

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL 36101-0152

RE:    *In the Matter of Virginia Hopper*

Dear Mr. DeBardelaben:

Enclosed please find State Personnel Department's Response to Employee's Third Party Request for Production. As indicated therein, the documents responsive to this request will be available for your review and copying during normal business hours beginning tomorrow, Thursday, November 9, 2006. Please contact me at 353-0046 to schedule a time for the review. Copying expenses for any documents are $.50 per page.

Thank you for your cooperation in this matter.

Sincerely,

Sandra Ingram Speakman
Deputy Legal Counsel

Enclosure

cc:    Joel Marsh, DHR Attorney
       L. Daniel Morris, Jr., ALJ

Exhibit
6

**BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER OF VIRGINIA HOPPER**


**STATE PERSONNEL DEPARMENT'S RESPONSE
TO THE EMPLOYEE'S THIRD PARTY
<u>REQUEST FOR PRODUCTION</u>**

State Personnel Department ("SPD"), a non-party to this action, responds to the

Employee's Third Party Request for Production. Beginning on Thursday, November 9,

2006, all documents to be produced in response to the Employee's discovery request will

be produced as they are kept in the ordinary course of business at the office of SPD

counsel, Sandra Ingram Speakman, Deputy Legal Counsel, State Personnel Department,

Legal Division, Suite 316, 64 N. Union Street, Montgomery, Alabama 36130, at a time

convenient for all counsel interested in reviewing such documentation.

**SPD RESPONSE**

1.     Any and all materials, documents or complaints the State Personnel Department
or any of its servants, agents or employees have received relating to or concerning
Virginia Hopper, the employee in this matter.

<u>RESPONSE:</u> **Documents are available for inspection at the office of SPD counsel.**


2.     Any and all letters, request[s] of other documents the State Personnel Department
or any of its servants, agents or employees have sent to any person, agency
institution or company concerning the employee Virginia Hopper.

<u>RESPONSE:</u> **Documents are available for inspection at the office of SPD counsel.**


3.     Any and all letters, memorandums [sic], notes, documents or investigative reports
prepared by the State Personnel Department or any of its servants, agents or
employees that concern or relate to the employee, Virginia Hopper in any way
whatsoever.

<u>RESPONSE:</u> **Documents are available for inspection at the office of SPD counsel.**

4.   Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

5.   A copy of any and all rules and regulations enacted by the State Personnel Department relating to the investigation of any person accused of providing false information on a job application.

**RESPONSE: Documents are available for inspection at the office of SPD counsel.**

6.   A copy of any and all investigations concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accepted or certified college or university.

a.   The outcome and/or resolution of the investigation.

**RESPONSE: SPD objects to the production of these documents because the request is too broad in scope and time and is overly burdensome. Moreover, the Employee has failed to demonstrate that the persons that are the subject of said documents are similarly situated in any way to the Employee in this action. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (stating that similarly situated employees are the only appropriate legal comparison because the law does not vest the court with the authority to second-guess a reasonable employer's decisions). Finally, these files cannot possibly be relevant to this action. The subject of this appeal is DHR's decision to terminate the employment of Ms. Hopper—SPD is not the appointing authority and did not make that decision. Therefore, SPD's documents with respect to other persons are irrelevant to this termination appeal.**

7.   The complete personnel file of Jackie Graham.

**RESPONSE: SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Ms. Graham's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.**

2

8.    The complete personnel file on Darby Forrester.

**RESPONSE:** SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Ms. Forrester's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.

9.    The complete personnel file on Stan Goolsby.

**RESPONSE:** SPD objects to the production of this personnel file because this request is overly broad in scope and irrelevant to the claims in this action. Information contained in Mr. Goolsby's personnel file is irrelevant to whether DHR's decision to terminate Ms. Hopper was warranted. Moreover, under the holding of *Blankenship v. City of Hoover*, 590 So. 2d 245, 247-48 (Ala. 1999), that mandates public officials ascertain whether the request for public records is for a legitimate purpose and is not "purely speculative or from idle curiosity," the Employee must provide a legitimate purpose for such records. The Employee must be required to provide such a purpose before the documents requested are produced.

10.    Any and all memorandums [sic], documents, letters and/or notes of oral conversations reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia Hopper in any way whatsoever.

**RESPONSE:** Documents are available for inspection at the office of SPD counsel.

3

Respectfully submitted:


_____
SANDRA INGRAM SPEAKMAN (SPE048)
Assistant Attorney General
State Personnel Department

OF COUNSEL:
STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 N. Union Street, Suite 316
Montgomery, AL 36130
Telephone:    (334) 353-0046
Facsimile:    (334) 353-4481

**ATTORNEY FOR NON-PARTY**
**STATE PERSONNEL DEPARTMENT**


**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following by placing a copy thereof, addressed as indicated below, postage prepaid, via United States mail, on this the 8th day of November, 2006.

Jim L. DeBardelaben
P.O. Box 152
Montgomery, AL 36101-0152

Joel Marsh
DHR-Legal
P.O. Box 304000
Montgomery, AL 36130-4000


_____
OF COUNSEL

4

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER


## MOTION TO COMPEL PRODUCTION

Comes Now the employee, Virginia Hopper, by and through her attorney and request that this Honorable Court require the State Personnel Department to provide items 6, 7, 8 & 9 of the employee's Request for Production attached hereto. As reason therefore it is shown as follows:

1. Bu letter dated November 8, 2006, SPD sent a Response to Employee's Request For Production. Said response untimely objected to furnishing requested items 6-9. (Exhibit A).

2. Item #6 request any and all investigation concerning any person accused of providing false information on a job application with the State of Alabama or not having a degree from an accepted or credited college or university. This is the charge against Mrs. Hopper. If other state employees have been treated different under the same or similar circumstances such amounts to a denial of equal protection of the law and/or arbitrary and capricious behavior on the part of the State Personnel Board and the State of Alabama.

3. Item #7 is the personnel file of Jackie Graham. It appears Mrs. Graham made the decision to have Mrs. Hopper investigated and then recommended her termination. Mrs. Graham's employment background and education as to investigation and initiating an investigation are vital to defense of this case.

4. Item #8 is a request for the personnel file of Darby Forrester. Darby Forrester was initially involved in the State Personnel's investigation and recommendation concerning Mrs. Hopper. The education and training in investigative procedures and prodical are vital to preparing

Exhibit
7

a defense in this case.

5. Item #9 is a request for the personnel file of Stan Goolsby. Stan Goolsby was initially involved at the State Personnel Department in the investigation and recommendation concerning Mrs. Hopper. Mr. Goolsby's education in conducting investigations and making recommendations is vital in preparing a defense for this case.

6. The employee filed the Motion For Third Party Request For Production on September 13, 2006.

7. On November 6, 2006, counsel for the State Personnel Department filed a response to the Show Cause Order and stated in paragraph 3 thereof:

> "SPD intends to comply with the request and response documents should be available for review by the employee's counsel on Thursday, November 9, 2006.

8. Pursuant to the Administrative Procedure Act, §41-22-12(c), Code of Alabama 1975 as amended in discovery matters the rules of civil procedure apply.

9. Pursuant to Rule 34, Al. R. Civ. P., a party has 30 days to file a response. SPD did not file a response within the allowed time period.

10. SPD indicated that all items would be produced in the response to the Order To Show Cause, and failed to male a single objection.

11. The material requested is extremely relevant to preparing Mrs. Hopper's case.

12. SPD is hampering and hindering Mrs. Hooper's counsel from preparing an adequate and proper defense for Mrs. Hopper.

Based upon the foregoing it is respectfully requested that SPD be Ordered to produce instanta items 6-9 of employee's Request For Production.

Respectfully submitted this the _9th_ day of November, 2006.

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper


OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the _9th_ day of November, 2006:

Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689

Sandra Ingram Speakman
State Personnel Director
64 Union Stree, Suite 316
Montgomery, Alabama 36130
(334) 353-4481

L. Daniel Morris, Jr.
Assistant Director
Department of Transportation
P.O. Box 303050
Montgomery, AL 36130-3050
(334) 353-6505

OF COUNSEL

BEFORE THE PERSONNEL BOARD OF

THE STATE OF ALABAMA

IN THE MATTER
OF
VIRGINIA HOPPER

## ORDER

In response to the Motion to Compel Production filed on behalf of Employee on November 9, 2006, the following is hereby ordered:

1.      The Response to the Employee's Third Party Request for Production dated November 8, 2006 by the State Personnel Department, hereinafter SPD, is not an untimely objection in as much as SPD is not a party to this matter.

2.      It is noted that paragraph seven of the Motion to Compel misquotes paragraph three of the November 6, 2006 Response to Show Cause Order by SPD.  Paragraph three of the response states, "SPD intends to comply with the request and responsive documents should be available for review by Employee's counsel on Thursday, November 9, 2006."  The difference between the use of the word *responsive* by SPD and use of the word *response* by Employee is noted.  The use of the word *responsive* would indicate that all documents would not be made available.  It is also noted that in paragraph two the attorney for SPD notes that she is in the process of reviewing documentation to determine what, if any, documents are responsive to the request.

3.      With respect to item 2 of the Motion to Compel, the objection by SPD in paragraph six is well taken.  The Motion to Compel item 2 is denied.

4.      With respect to items three, four, and five of the Motion to Compel, the request with respect to the personnel files covered by those

Exhibit
8

items is denied. The reasons set forth in the Motion to Compel are not sufficient to require disclosure of those personnel files.

5. With respect to paragraph 9 of the Motion to Compel production, please note that SPD is not a party to this action.

DONE this the _13rd_ day of November, 2006.

L. Daniel Morris, Jr., Assistant Director
Department of Transportation
1409 Coliseum Boulevard
P.O. Box 303050
Montgomery, Alabama  36130-3050
Telephone: 242-6775    FAX: 353-6505

**Copies via facsimile and U. S. or Hand Mail to:**

Jim DeBardelaben, Esq.
Post Office Box 152
Montgomery, AL 36101-0152
FAX: 265-9299

Sandra Ingram Speakman, Esq.
State of Alabama
Personnel Department
64 North Union Street, Suite 316
Montgomery, AL  36130
FAX 334-353-4481

Joel Marsh, Esq.
Dept. of Human Resources – Legal
Post Office Box 304000
Montgomery, AL  36130-4000
FAX: 242-0689

Case 2:07-cv-00457-MEF-WC   Document 1-3   Filed 05/22/2007   Page 79 of 87

Revised Date: October 10, 2001

State of Alabama
Personnel Department
64 North Union Street
PO Box 304100
Montgomery, AL 36130-4100
(334) 242-3389
Internet: www.personnel.state.al.us

Announcement of Continuous Merit System Examination

ACCOUNTANT - 10611
$26,410.80 - $40,055.60

---

**ACCOUNTANT (10611)**                                    **Salary  $26,410.80 - $40,055.60**

Departments: Various
Location: Various

**Type of Examination**
An **open-competitive** register will be established by scores achieved on a written test. The written test will comprise 100% of the final score. Qualified candidates will be mailed a How to Prepare Booklet prior to the written test.

The written test will measure your knowledge of GAAP, GAAS, governmental accounting, general accounting, and math.

**Qualifications Needed to Apply**

You must have **all** of the following:
- Four year degree in Accounting or Business Administration.
- At least five college level accounting courses.
- Completion of at least two intermediate level accounting courses.

**Note**
Qualifying college level accounting courses are defined as those that will be accepted by an accredited four-year college or university toward a major in accounting. Income tax courses will **not** be counted toward the required five courses. Applicants should detail all of their college accounting courses on their application.

**Kind of Work**
Work may involve keeping all accounting records in an agency having a less complex accounting system, which includes maintaining less complex control accounts; or reviewing accounting reports submitted by field staff. Other employees in this class perform various phases of complex audits and make professional decisions and judgments in accordance with generally accepted auditing and accounting practices.

---

**How to Apply**
Use an Application for Examination form. You can get the form at this office. You can also get the form at an Alabama Employment Service Office. It can also be downloaded from our web site. You must send your application to the State Personnel Department. This announcement will remain open **until further notice**. Photocopied and facsimile applications are accepted. Our fax number is 334-242-1110.

*Individuals currently on the Accountant I (10611) register do NOT need to reapply to remain eligible for employment.*

*****THE STATE OF ALABAMA IS AN EQUAL OPPORTUNITY EMPLOYER*****

Exhibit
9

Except for pretest information provided by State Personnel to all applicants, you should not directly or indirectly obtain information about examinations. If you do, the State Personnel Director may do several things. One, you may not be given

Exhibit 10

**State of Alabama**
**Personnel Department**
**64 North Union Street**
**P O Box 304100**
**Montgomery, AL 36130-4100**
**(334)-242-3389**
**Internet: www.personnel.state.al.us**
**Announcement of Continuous Merit System Examination**
**ACCOUNTANT - 10611**
**$27,993.60 - $42,458.40**

| Accountant (10611) | Salary $27,993.60 - $42,458.40 |

Departments: Various
Location: Statewide

**TYPE OF EXAMINATION**

An open-competitive register will be established by scores achieved on a written test. The written test will comprise 100% of the final score. The How to Prepare guide for this examination is available on our web site listed above. Please contact State Personnel if you wish to have a guide mailed to you.

**QUALIFICATIONS NEEDED TO APPLY**

You must have the following to qualify:

- Bachelor's degree with a major in Accounting or Business Administration, including completion of five (5) college level accounting courses (four of which must be Principles I and II and Intermediate I and II or equivalent courses)

**Note:** Each accounting course completed should be listed separately on the application. Qualifying college-level accounting courses are defined as courses that are acceptable by an accredited four-year college or university towards a major in accounting, including auditing coursework. Income tax courses will not be counted towards the five required accounting courses.

**KIND OF WORK**

This is beginning professional level accounting work in the application of accounting and auditing principles, methods, and procedures in the establishment, analysis, and maintenance of fiscal records. Employees in this class perform professional accounting and auditing work of routine difficulty according to established procedures and regulations. Employees may also assist higher-level accountants in providing specific analyses, interpretations, and preparation of complex financial reports. Other employees in this class perform various phases of complex audits and make professional decisions and judgments in accordance with generally accepted auditing and accounting practices.

**HOW TO APPLY**

http://www.personnel.state.al.us/10611.htm

Use an Application for Examination form. You can get the form at this office or at an Alabama Employment Service Office. It can also be downloaded from our web site. You must send your application to the State Personnel Department. This announcement will remain open **until further notice.** Photocopied and facsimile applications are accepted. Our fax number is 334-242-1110.

*Individuals currently on the register must reapply to remain eligible for employment.*

**THE STATE OF ALABAMA IS AN EQUAL OPPORTUNITY EMPLOYER**

http://www.personnel.state.al.us/10611.htm

**State of Alabama**
**Personnel Department**
64 North Union Street
P.O. Box 304100
Montgomery, Alabama 36130-4100
(334) 242-3389

Announcement Date: November 12, 2003

Revised Date: June 28, 2006

# ACCOUNTANT - 10611

### Annual Rate: $27,993.60 - $42,458.40

Department:    Various Agencies
Location:    Statewide

### TYPE OF EXAMINATION

An open-competitive register will be established by scores achieved on a written test. The written test will comprise 100% of the final score. The How to Prepare guide for this examination is available on our web site listed above. Please contact State Personnel if you wish to have a guide mailed to you.

### QUALIFICATIONS NEEDED TO APPLY

You must have the following to qualify:

* Bachelor's degree from an accredited* college or university with a major in Accounting or Business Administration, including completion of five (5) college level accounting courses (four of which must be Principles I and II and Intermediate I and II or equivalent courses)

### Note:

Each accounting course should be listed separately to include course title, course ID number, number of credit hours received, and institution where completed. Qualifying college-level accounting courses are defined as courses that are acceptable by an accredited four-year college or university towards a major in accounting, including auditing coursework. Income tax courses will not be counted towards the five required accounting courses.

### KIND OF WORK

This is beginning professional level accounting work in the application of accounting and auditing principles, methods, and procedures in the establishment, analysis, and maintenance of fiscal records. Employees in this class perform professional accounting and auditing work of routine difficulty according to established procedures and regulations. Employees may also assist higher-level accountants in providing specific analyses, interpretations, and preparation of complex financial reports. Other employees in this class perform various phases of complex audits and make professional decisions and judgments in accordance with generally accepted auditing and accounting practices.

### HOW TO APPLY

Use an Application for Examination form. You can get the form at this office or at any Alabama Employment Service Office. It can also be downloaded from our web site. You must send your application to the State Personnel Department. Photocopied applications are accepted. Facsimile applications are also accepted. Our fax number is 334-242-1110. Applications will be accepted until further notice.

**Individuals currently on the register MUST reapply to remain eligible for employment.**

### THE STATE OF ALABAMA IS AN EQUAL OPPORTUNITY EMPLOYER

Except for pretest information provided by State Personnel to all applicants, you should not directly or indirectly obtain information about examinations. If you do, the State Personnel Director may do several things. One, you may not be given an examination. Two, you may be disqualified after an examination. Three, your name may be removed from a register. Or four, your name may not be certified from the register. (Rules of the State Personnel Board, Chapter 670-x-9). According to the Code of Alabama, 36-26-47, a willful violation of exam security is a misdemeanor. Any person who is convicted of this type of misdemeanor will not get a state job. If they are officers or employees of the state, they will be required to forfeit their office or position for five years. If you know of anyone who has violated this policy, you should contact the Examination Manager at the State Personnel Department.

*Please refer to the back of this announcement or the State Personnel Department website for complete information on our policy for accepting post-secondary and advance degrees.

Exhibit
11

Except for pretest information provided by State Personnel to all applicants, you should not directly or indirectly obtain information about examinations. If you do, the State Personnel Director may do several things. One, you may not be given an examination. Two, you may be disqualified after an examination. Three, your name may be removed from a register. (Rules of the State Personnel Board, Chapter 670-x-9). Or four, your name may not be certified from the register. (Rules of the State Personnel Board, Chapter 670-x-9). According to the Code of Alabama, 36-26-47, a willful violation of exam security is a misdemeanor. Any person who is convicted of this type of misdemeanor will not get a state job. If they are officers or employees of the state, they will be required to forfeit their office or position for five years.

If you know of anyone who has violated this policy, you should contact the Examination Manager at the State Personnel Department

BEFORE THE PERSONNEL BOARD
OF THE STATE OF ALABAMA
IN THE MATTER
OF
VIRGINIA HOPPER

## NOTICE OF APPEAL

Comes now Virginia Hopper, by and through her counsel of record, and gives notice to

the State Personnel Board of the State of Alabama, the Department of Human Resources and the

State Personnel Department that she is appealing the decision to uphold her termination issued by

the Personnel Board of the State of Alabama dated March 14, 2007.

Respectfully submitted this the 9th day of April, 2007.

JIM L. DEBARDELABEN(DEB003)
Attorney for Virginia Hopper

OF COUNSEL:
Jim L. DeBardelaben
Attorney At Law
P.O. Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206
(334) 265-9299 Fax

PLAINTIFF'S
EXHIBIT
23

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing via facsimile and U. S. Mail, postage prepaid and properly addressed, upon the following counsel of record on this the 9ᵗʰ day of April, 2007:


Joel Marsh, Esq.
Department of Human Resources-Legal
P.O. Box 304000
Montgomery, Alabama 36130-4000
(334) 242-0689


Jackie Graham
State Personnel Director
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
(334) 242-1110


Sandra Speakman, Esq.
Personnel Department
64 N. Union Street
Suite 316
Montgomery, Alabama 36130
(334) 353-4481




OF COUNSEL

**BEFORE THE PERSONNEL BOARD OF THE STATE OF ALABAMA**

**IN THE MATTER OF**

**THE APPEAL OF**

**VIRGINIA HOPPER**

**MARCH 14, 2007**

This matter came before the Board upon the dismissal of the Employee from her employment with the Department of Human Resources. The Employee was dismissed effective August 14, 2006 based upon charges contained in a letter to the Employee dated the same. This matter was assigned to L. Daniel Morris to hear as an Administrative Law Judge. A hearing was held on this matter on December 18, 2006. The Administrative Law Judge's Report is now before the Board for consideration. The Board has also had the benefit of oral argument.

Essentially, the charges against the Employee are a result of an application the Employee submitted to the State claiming that she had a college degree. The college degree which the Employee claims is a certificate bought over the internet. The Department alleges that she violated State Personnel Board Rule 670-X-19-.01(2)(f) Faslification of Records.

The Administrative Law Judge found that the totality of the evidence warrants dismissal in this cause and recommended that the Employee's dismissal be sustained. The Board hereby adopts by reference the findings of fact and conclusions of law as found by the Administrative Law Judge as a part of this Order as if fully set forth herein.

The Board has carefully considered the Administrative Law Judge's Report in this case and is of the opinion that the decision of the appointing



PLAINTIFF'S
EXHIBIT
24

authority to dismiss the Employee is supported by the evidence and that the termination is warranted.

It is therefore the Order of this Board that the decision of the appointing authority to dismiss the Employee is hereby affirmed.

JACKIE GRAHAM
SECRETARY

JOE N. DICKSON
CHAIRMAN

JOHN MCMILLAN
MEMBER

JOYCE P. O'NEAL
MEMBER

ELLEN G. MCNAIR
MEMBER

JAMES H. ANDERSON
MEMBER