IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA HOPPER, ) | |
| ) | Removed |
| ) | From the Circuit Court of |
| Plaintiff, ) | Montgomery County, Alabama |
| ) | Case No. CV-07-628 |
| vs. ) | ***************** |
| ) | JURY TRIAL REQUESTED |
| JACKIE GRAHAM, ET AL., ) | Case No. 2:07-cv-457-MEF |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants, by and through undersigned counsel, hereby file this Answer stating as follows:

1. Admit that Hopper was employed as an Accountant.

2. Admit that Jackie Graham is the Director of the State of Alabama Personnel Department.

3. Admit that the State Personnel Board is charged with administering the merit system of Alabama.

4. Admit that Joe Dickson is the Chairman of the Personnel Board.

5. Admit that Defendants John McMillan, Joyce P. O'Neal, Ellen McNair and James Anderson are members of the Personnel Board of the State of Alabama.

6. Admit that Page Walley is the Commissioner of the Alabama Department of Human Resources.

FACTS

7. Admit.

8. Admit.

9. Admit that Hopper wrote letters to Defendant Graham.

10. Admit that Plaintiff wrote Defendant Graham a letter dated May 15, 2006.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Based on Plaintiff's Exhibit 8 to the Complaint, the language in this paragraph is contained within the 2 page attachment, but it is not a direct quote.

16. Exhibit 9 is the Recommendation of the Hearing Officer for the Department of Human Resources.

17. Admit.

18. Admit.

19. Admit that a Request to Recuse was filed.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit that oral argument was held before the State Personnel Board on March 14, 2007.  Deny that Jackie Graham signed the Order as Secretary.

33. Admit that notice of appeal was provided to the State Personnel Board.

## COUNT I – PETITION FOR REVIEW

34. Deny in its entirety.

## COUNT II – DENIAL OF FULL AND FAIR HEARING AND DENIAL OF DUE PROCESS AND EQUAL PROTECTION

35.   This paragraph requires neither an admission nor a denial.

36. Deny that Plaintiff was denied the right to a full and fair hearing, right to due process and equal protection.

37. Deny.

## COUNT III-DENIAL OF DUE PROCESS

38. This paragraph requires neither an admission nor a denial.

39. Admit that a memo was provided to the Personnel Director of the Department of Human Resources.

40. Admit that Hopper was not contacted by the State Personnel Department.

41. Admit that various letters were exchanged regarding the falsification of Plaintiff's application.

42. Admit.

43. Deny.  Jackie Graham was not present for the oral argument, the executive session, or the vote on the termination, nor did she sign the order upholding the dismissal.

44. Admit that Graham testified at the termination hearing based upon being called by the Plaintiff as a witness.

45. Deny that Graham signed the Order upholding the termination. Graham was a witness due to being listed and called by the Plaintiff. Deny that Graham was the "initial accuser."

46. Deny that Plaintiff's rights have been violated.

## COUNT IV - CONSPIRACY

47. This paragraph requires neither an admission nor a denial.

48. Deny that the Plaintiff was denied any rights and deny that defendants conspired to deny her any rights.

## DEFENSES

1. Plaintiff failed to file an appeal bond for her Petition for Judicial Review.

2. Defendant, State Personnel Board, is entitled to absolute immunity under the Constitution of Alabama and the United States Constitution.

3. The individual members of the State Personnel Board, sued in their official capacity, are entitled to absolute immunity under the Constitution of Alabama and the United States Constitution.

4. Plaintiff failed to allege an intent to discriminate.

5. Defendants Graham and Walley are entitled to absolute immunity for damages in their official capacity.

6. Defendants Graham and Walley are entitled to qualified immunity for all claims against them in their individual capacity.

7. The complaint fails to state a claim for which relief can be granted.

8. The factual findings of the Administrative Law Judge, as adopted by the State Personnel Board are preclusive and entitled to deference.

9. Conspiracy allegations require more than vague allegations of conspiracy and Plaintiff's claim of conspiracy is due to be dismissed.

10. The State Personnel Board's Order is deemed to be prima facie just and reasonable.

Respectfully submitted,

_/s/Alice Ann Byrne_____
ALICE A. BYRNE (BYR015)
Attorney for Defendants

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama  36130
(334) 242-3450
(334) 353-4481 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following:

Jim DeBardelaben                    Michael C. Joiner
Post Office Box 152                 Department of Human Resources
Montgomery, AL  36101-0152          Post Office Box 304000
                                    Montgomery, AL  36130-4000

by placing the same in first class mail, postage pre-paid, this the **5**[th] day of **June, 2007**.

_/s/Alice Ann Byrne_____
OF COUNSEL