**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2008 APR 11  A 9: 02

| | | |
|---|---|---|
| **VIRGINIA HOPPER** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.2:07cv457-MEF** |
| **vs.** | * | |
| | * | |
| **JACKIE GRAHAM, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION TO COMPEL**

Comes now the Plaintiff, Virginia Hopper, by and through her attorney of record and respectfully request the Defendants Alabama State Personnel Department (hereinafter "SPD") and Defendant Jackie Graham to fully respond to Plaintiff's Request For Production. Attached is the Defendants' inadequate responses. It is specifically requested that Defendants fully respond to all request as follows:

1. The Plaintiff has requested any and all material, documents and complaints that SPD or any of its agents, servants or employees have relating to Virginia Hopper. This request is not only broad or burdensome. The request only concerns the materials, documents or complaints that relate to the Plaintiff only.

2. All Defendant SPD have provided in the past is the material contained in Plaintiff's personnel file. Plaintiff is requesting any and all letters, request or other documents, whether contained in the personnel file or not.

3. Again, Defendant SPD has only furnished Plaintiff's personnel file. What the Plaintiff

is requesting are any and all letters, memorandums, notes, documents, or investigative reports, whether contained in Plaintiff's personnel file.

4. Plaintiff requested any and all applications filled out by the Plaintiff, Virginia Hopper. Defendant SPD wants to charge $.50 per page, and exuberant amount, when a local copying center will do it of $.10 per page. It appears Defendant SPD is attempting to overcharge in an attempt to discourage discovery. If material is made available at Plaintiff's attorney's office, it will not cost $.50 per page to copy.

5. The Plaintiff is requesting a copy of the rules and regulations enacted by SPD relating to the investigation of any person accused of providing false information on a job application. Defendant SPD is attempting to provide all regulations, but Plaintiff is requesting a specific rule and regulation which Defendants are not providing. If there is no such rule or regulation all Defendants have to do is state that no such rule and regulation exist.

6. The Plaintiff is requesting copies of any and all investigations of any person accused of providing false information on a job application or accused f not having a degree from an accepted or certified college or university. The Plaintiff is also requesting the outcome of such investigation. The Defendants object and state the request is overly broad ad burdensome and not calculated to lead to discoverable material or information. The information, when produced will clearly show that Plaintiff Hopper has been denied equal protection of the law.

7. The Plaintiff requested the complete personnel file of Jackie Graham. The Defendants only want to provide a related version at $.50 per page, when going copying rates are $.10 per page. The Defendants objection to releasing information can be covered by a court order prohibiting distribution or discussion of the material produced.

2

8. The Plaintiff requested the complete personnel file of Stan Goolsby. The Defendants only want to provide a related version at $.50 per page, when going copying rates are $.10 per page. The Defendants objection to releasing information can be covered by a court order prohibiting distribution or discussion of the material produced.

9. The Plaintiff requested the complete personnel file of Darby Forrester. The Defendants only want to provide a related version at $.50 per page, when going copying rates are $.10 per page. The Defendants objection to releasing information can be covered by a Court order prohibiting distribution or discussion of the material produced.

10. Plaintiff can review documents and make determination if documents have been previously provided.

11. This is an appeal from termination and was removed from the State Court. The State Curt requires a transcript to be provided. Just because the case was moved to Federal Court by Defendants does not five the Defendants the right not to furnish a transcript of the hearing they claim did not violate Plaintiff's rights.

12. Plaintiff is requesting said information to be made available at Plaintiff's attorney's office so copying can be accomplished at less than $.50 per page. The going copying rate for a commercial copier in Montgomery is $.10 per page. For Defendants to demand five times that amount is an attempt to discourage discovery.

13. Plaintiff has requested the rules or regulations as required by the Alabama Administrative Procedure Act. If there is no such rule or regulation the Defendant should state so.

14. Plaintiff is not requesting all State Personnel Board Rules and Regulations, only a

3

copy of the rule and regulation adopted by the State Personnel Board listing the colleges and/or universities that are adopted by the State Personnel Board on applications. If there is no such rule or regulation, Defendant should state so.

15. Defendant furnished no documents in response to Plaintiff's request, only made a statement. Plaintiff can review documents and determine id all had been previously provided.

16. Defendant furnished no documents in response to Plaintiff's request, only made a statement. Plaintiff can review documents and determine id all had been previously provided.

The above requested documentation is necessary for Plaintiff to properly and adequately prepare her case.

Respectfully submitted this the 11th day of April, 2008.

Jim L. DeBardelaben
ASB-4800A40J
Attorney for Plaintiff Virginia Hooper
Post Office Box 152
Montgomery, AL 36101-0152
Jimdebard@aol.com
(334) 265-9206

4

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court and that a copy of the foregoing has been served upon the following by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on this the 11th day of April, 2008.

Joana S. Ellis, Esq.
Alice Ann Byrne, Esq.
Attorney for State Personnel Board
64 North Union Street
Folsom Administrative Building
Suite 316
Montgomery, AL 36130

Joel C. Marsh, Esq.
Michael C. Joiner, Esq.
Alabama Department of Human Resources
Post Office Box 304000
Montgomery, AL 36130-4000

**OF COUNSEL**

5

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA HOPPER, | ) | |
| | ) | Removed |
| | ) | From the Circuit Court of |
| Plaintiff, | ) | Montgomery County, Alabama |
| | ) | Case No. CV-07-628 |
| vs. | ) | ***************** |
| | ) | JURY TRIAL REQUESTED |
| JACKIE GRAHAM, ET AL., | ) | Case No. 2:07-cv-457-MEF |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWERS AND RESPONSES TO
## PLAINTIFF'S INITIAL DISCOVERY REQUESTS

Defendants Alabama State Personnel Department and Jackie B. Graham,

(hereinafter "SPD Defendants"), by and through undersigned counsel, set forth the

following response to Plaintiff's Request for Production:

### PRELIMINARY STATEMENT

SPD Defendants reserve the right to object to future discovery on the same or

related matters, and does not waive any objection by providing the information reflected

in these responses.  SPD Defendants further reserve the right to object to the admissibility

of any of these responses or related matters, in whole or in part, at trial in this action, on

any grounds, including, but not limited to, materiality, relevance and privilege.

### GENERAL OBJECTIONS

1.      SPD Defendants' objections to Plaintiff's discovery requests are made without
waiver of, or prejudice to, additional objections that SPD Defendants may make.  All
such objections are hereby expressly preserved as is the right to move for protective
order.  SPD Defendants reserve all objections as to the admissibility at trial of any
information provided.

2.      The supplying of any information or documents does not constitute an admission
by SPD Defendants that such information or documents are relevant to this lawsuit.  All

information or documents provided by this defendant are for use in this litigation only, and for no other purpose.

3.    SPD Defendants object to each and every discovery request to the extent that (a) the information or documents called for, if any, was objected and prepared in anticipation of litigation or for trial and (b) Plaintiff has made no showing that it has substantial need for the materials in the preparation of its case, and that is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

4.    SPD Defendants object to each and every discovery request to the extent that the information or documents called for, if any, is protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privileges or immunities.

5.    SPD Defendants object to each and every discovery request and objects to the instructions and definitions to the discovery requests to the extent that they seek to vary or broaden SPD Defendants' obligations beyond the requirements of the Federal Rules of Civil Procedure or any pretrial orders of the Court in this civil action.

6.    SPD Defendants object to each and every discovery request to the extent that it seeks information or documents not in this defendant's possession, custody or control.

7.    SPD Defendants object to each and every discovery request to the extent that it is overly broad, vague and ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

8.    SPD Defendants object to each and every discovery request to the extent that it seeks information that is confidential, commercial, personnel or proprietary in nature.

9.    SPD Defendants reserve the right to supplement their answers to these discovery requests upon completion of discovery.

To the extent applicable, these General Objections are hereby adopted and incorporated into each response as if specifically stated therein. The stating of specific objections in a response shall not constitute a waiver of these General Objections. Further, the stating of a response shall not constitute a waiver of these General Objections or of any specific objections stated in the response.

SPD Defendants respond to these discovery requests in conformity with the obligations imposed on it by the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    Any and all materials, documents or complaints the State personnel Department or any of its servants, agents or employees have received relating to or concerning Virginia Hopper, the Plaintiff in this matter.

**RESPONSE:**

Objection.  This request is overly broad and burdensome and not calculated to lead to discoverable information.

2.    Any and all letters, request or other documents the State Personnel Department or any of its servants, agents or employees have sent to any person, agency, institution or company concerning Virginia Hopper.

**RESPONSE:**  This material has previously been provided to the Plaintiff through the appeal dismissal process.

3.    Any and all letters, memorandums, notes, documents or investigative reports prepared by the State Personnel Department or any of its servants, agents or employees that concern or relate to the Plaintiff, Virginia Hopper in any way whatsoever.

**RESPONSE:**  This material has previously been provided to the Plaintiff through the appeal dismissal process.

4.    Any and all applications filled out by the employee, Virginia Hopper, for any and all jobs or vacancies, by which Virginia Hopper applied for a position or promotion with the State of Alabama.

**RESPONSE:**   This information will be made available for inspection and review upon adequate notice at the offices of the State Personnel Department. Copies will be provided at a cost of $.50 per page.

5.    A complete copy of any and all rules and regulations  enacted by the State personnel Department relating to the investigation of any person accused of providing false information on a job application.

**RESPONSE:**   The Rules of the State Personnel Board will be made available for review and copying at the offices of the State Personnel Department.  A copy of the Rules is available for $5.00.

6.    A copy of any and all investigations concerning any person accused of providing false information on a job application with the State of Alabama and/or not having a degree from an accepted or certified college or university.

a.)  The Outcome and/or resolution of the investigation.

**RESPONSE:**  Objection.  This request is overly broad and burdensome and is not calculated to lead to discoverable material or information.

7.       The complete personnel file of Jackie graham.

**RESPONSE:**  A redacted version (items deemed confidential by either the e-government act or an opinion from the Alabama Attorney General) of this personnel file will be made available for inspection and review.  Copies will be provided at a cost of $.50 per page.

8.       The complete personnel file on Darby Forrester.

**RESPONSE:**  A redacted version (items deemed confidential by either the e-government act or an opinion from the Alabama Attorney General) of this personnel file will be made available for inspection and review.  Copies will be provided at a cost of $.50 per page.

9.       The complete personnel file on Stan Goolsby.

**RESPONSE:**  A redacted version (items deemed confidential by either the e-government act or an opinion from the Alabama Attorney General) of this personnel file will be made available for inspection and review.  Copies will be provided at a cost of $.50 per page.

10.      Any and all memorandums, documents, letters and/or notes of oral conversations reviewed by Stan Goolsby, Darby Forrester and Jackie Graham that relate or concern to Virginia Hopper.

**RESPONSE:**  This information was previously provided to the Plaintiff during the termination appeal process.

11.      A copy of the transcript for the Personnel Board hearing of Virginia Hopper.

**RESPONSE:**  Objection to providing a copy of the transcript.  The Court Reporter's contact information is as follows:

Laura Head 3506 Foxhall Drive, Montgomery, al. 36116.  (334) 286-4938

12.      A copy of the list of all certified colleges and/or University's [sic] accepted by the State Personnel Department.

**RESPONSE:**   This information will be available for inspection and review at the offices of the State Personnel Department.   Copies will be made available at a cost of $.50 per page.

13.   A copy of the Rule and/or Regulations adopted by the State personnel department requiring graduation from an accepted or certified college and/or university.

**RESPONSE:**  Minimum qualification requirements are validated in accordance with the Uniform Guidelines.

14.   A copy of the Rule and/or Regulations adopted by the State Personnel Department listing the college and/or universities that are accepted by the State Personnel Department on application.

**RESPONSE:**   The Rules of the State Personnel Board will be made available for inspection and copying at the offices of the State Personnel Department.   A copy of the Rules will be made available at a cost of $.50 per page.

15.   Any and all documents that substantiate the claim by the State Personnel Board that Virginia Hooper [sic] received salary under false pretenses.

**RESPONSE:**   The investigative report of the falsification of her application which allowed her to qualify for a position for which she would not otherwise be entitled.

16.   Any and all documents that substantiate that Plaintiff Virginia Hopper did not posses the qualifications for the position of Accountant with the State of Alabama.

**RESPONSE:**  Investigative report which has previously been provided.

Alice Ann Byrne (BYR-015)
Attorney for Defendants State
Personnel Department and Jackie
Graham

STATE PERSONNEL DEPARTMENT
LEGAL DIVISION
64 North Union Street, Suite 316
Montgomery, AL  36130
Telephone:     (334) 242-3451
Facsimile:     (334) 353-4481

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by U.S. Mail, postage prepaid, on this the _____ day of December, 2007.

Jim L. DeBardelaben, Esq.
Attorney at Law
Post Office Box 152
Montgomery, Alabama 36101-0152

Michael C. Joiner
Department of Human Resources
Post Office Box 304000
Montgomery, Alabama 36130-4000

Of Counsel

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

Alice Ann Byrne (BYR015)
Attorney for Defendants

OF COUNSEL

State Personnel Department
64 North Union Street, Suite 316
Montgomery, AL 36130
Phone: (334) 353-0046
Fax: (334) 353-4481
e-mail: AliceAnn.Byrne@personnel.alabama.gov