**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

May 23, 2008

## NOTICE OF CORRECTION

**From:    Clerk's Office**

**Case Style:    Hopper v. Graham**

**Case Number:    2:07cv00457-MEF**

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF document previously attached to include the electronic signature and the PDF document of Exhibit A.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 30   filed on    May 23, 2008.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| VIRGINIA HOPPER, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **CIVIL ACTION NUMBER**: |
| | )   **2:07cv457-MEF** |
| JACKIE GRAHAM, ET.AL. | ) |
| | ) |
| Defendants. | ) |

**MOTION TO QUASH SUBPOENA**

COMES NOW a non-party Alabama Psychiatric Services, P.C. and moves this

Honorable Court for an Order directing that the records and/or oral testimony of the non-

party as they pertain to **VIRGINIA HOPPER** remain confidential and that this

Honorable Court issue an Order quashing the subpoena served upon the Movant

requesting medical/psychiatric records related to the foregoing individual and for

grounds would show as follows:

1.  That your movant is not a party to this action and is a mental health services

    provider.

2.  That pursuant to § 34-26-2, Code of Alabama, (1975); the Health Insurance

    Portability and Accountability Act of 1996, (HIPPA); and the psychotherapist

    privilege afforded by the United States Supreme Court to licensed

    psychiatrists in the case of Jaffe v. Redmond, 518 U.S. 1, 15, 135 L.Ed. 2d

    337, 116 S.Ct. 1923 (1996), the records and testimony requested in this case

    contain information gathered pursuant to the movant's treatment and

Page Two
Motion To Quash
2:07-cv0457-MEF

assessment of **VIRGINIA HOPPER** and is therefore confidential

information and is not subject to disclosure.

WHEREFORE, PREMISES CONSIDERED, your movant requests that this

Honorable Court issue an Order quashing that certain subpoena served upon the movant

in this case which is attached herewith as Exhibit A.

/s/Stephen B. Griffin
Stephen B. Griffin
Attorney for the Movant
ASB-9998-F64S
E-mail:

OF COUNSEL:

Stephen B. Griffin & Associates
2100 River Haven Drive, Suite #1
Hoover, AL 35244-2532
Telephone: (205) 402-7476
Fax: (205) 402-7292
E-mail: steveg@griffin-assoc.com

### CERTIFICATE OF CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served upon counsel
of record by electronic means this the 23rd day of May, 2008.

/s/Stephen B. Griffin
Of Counsel

%AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

VIRGINIA HOPPER

**V.**

JACKIE GRAHAM, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:-07CV457MEF

TO:  Mark K. Poff, M.D.
     Alabama Psychiatric Services
     5908 Carmichael Place
     Montgomery, Alabama 36117

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE     SEE ATTACHED | DATE AND TIME 6/5/2008 10:04 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Defendants | DATE 05-19-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joana S. Ellis, Esq., Alabama State Personnel Department, 64 N. Union Street, Montgomery, AL 36130;
(334) 353-0046

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

DEFENDANT'S
EXHIBIT

CASE
NO.

EXHIBIT
NO.      A

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  | First Class U.S. Mail |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information,
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

VIRGINIA HOPPER,                          )
                                          )
      Plaintiff,                          )
                                          )
v.                                        )          Case No.: 2:07-cv0457-MEF
                                          )
JACKIE GRAHAM, et al.,                    )
                                          )
      Defendants.                         )

## ATTACHMENT "A"
### Rule 45 Subpoena

You are hereby commanded, at the instance of the **Defendants**, within fifteen (15) days after service of this subpoena:

To produce and permit said parties to inspect and to copy each of the following documents:

1. **From January 1, 2003, to the present date:** All records, writings, charts, correspondence, notes, reports of operations, admission summaries, discharge summaries, consultations, nurses' notes, physicians' notes, prescription notes and orders, documents, reports, x-ray reports, photographs, laboratory reports, ER reports, medication sheets, patient histories, test results and/or any and all other materials contained in your file and/or computer database, in your possession or under your control which relate to the care and treatment of and/or to the diagnosis and/or prognosis of any condition or illness of the patient listed below; and

2. Any and all invoices or other documents reflecting services rendered to Virginia Hopper, showing the dates of treatment, charge(s) made, amounts paid by the patient and/or any third party, amounts "adjusted" and amounts accepted by you in full satisfaction of the amount charged and any and all third party remittance reports, and/or any other materials contained in your file and/or computer database, in your possession, or under your control which relates to the care and treatment of and/or to the diagnosis and/or prognosis of any condition or illness of the patient listed below:

         **NAME:**     **VIRGINIA HOPPER**
         **SSN:**       **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**
         **DOB:**       **May 6, 1954**