IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA HOPPER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cv-457-MEF |
| | ) | |
| JACKIE GRAHAM, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

SPD DEFENDANTS' RESPONSE TO MOTION
TO QUASH SUBPOENA FILED BY NON-PARTY
ALABAMA PSYCHIATRIC SERVICES, P.C.

COME NOW Defendants Jackie Graham, individually and in her official capacity as Director of the State of Alabama Personnel Department; the Personnel Board of the State of Alabama, an agent of the State of Alabama; Joe N. Dickson, in his official capacity as chairman of the Personnel Board of the State of Alabama; John McMillan, Joyce P. O'Neal, Ellen G. McNair and James H. Anderson, in their official capacity as members of the Personnel Board of the State of Alabama (hereinafter "SPD Defendants"), and, pursuant to the Court's Show-Cause Order of May 27, 2008, state as follows:

1. Through counsel, non-party Alabama Psychiatric Services, P.C. ("APS"), filed a Motion to Quash Defendants' subpoena for Plaintiff's medical and psychiatric records. As grounds, APS cited ALA. CODE § 34-26-2, HIPAA, and *Jaffe v. Redmond*, 518 U.S. 1, 15, 135 L.Ed.2d 337, 116 S. Ct. 1923 (1996).

2. Attached as Exhibit A to this Response is a copy of the letter to APS that accompanied the subpoena. In paragraph 3 of the letter, counsel for SPD

      Defendants explained that Plaintiff's attorney had been notified of the subpoena, and neither he nor his client had any objection. Plaintiff's counsel's name and telephone number were included in the letter, and APS was told to feel free to contact him if confirmation were needed that no objections were being made to the subpoena for Ms. Hopper's records.

3.    The undersigned counsel for SPD Defendants has spoken by telephone with Stephen Griffin, the counsel for APS who filed the Motion to Quash. Mr. Griffin represented that if the Plaintiff will sign a release, APS has no objection to providing the documents requested. Counsel for Plaintiff has represented to the undersigned counsel that he has no objection to his client's signing a release.

      WHEREFORE, based upon the above-styled grounds, SPD Defendants respectfully submit that the Motion to Quash is due to be denied or, in the alternative, SPD Defendants request that the ruling on the Motion to Quash be delayed until the Plaintiff and/or APS have an opportunity to confirm to the Court that the Release has been signed.

      Respectfully submitted,

/ s/ Joana S. Ellis
JOANA S. ELLIS    (ELL014)
ALICE ANN BYRNE    (BYR015)
Attorneys for Defendants Graham, The
Personnel Board of the State of Alabama,
Dickson, McMillan, O'Neal, McNair, and
Anderson

OF COUNSEL:

Alabama State Personnel Department
Legal Division
64 North Union Street
Folsom Administrative Bldg., Suite 316
Montgomery, Alabama 36130
Telephone:    (334) 353-0046
Facsimile:    (334) 353-4481
Email: joana.ellis@personnel.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following by First Class U.S. mail, postage prepaid and properly addressed on this the 3rd day of June 2008:

Joel C. Marsh, Esq.
ALABAMA DEPARTMENT OF HUMAN RESOURCES
Post Office Box 30400
Montgomery, Alabama 36130
Email: joel.marsh@dhr.alabama.gov

Jim L. DeBardelaben, Esq.
Attorney at Law
Post Office Box 152
Montgomery, Alabama 36101-0152
Email: jimdebard@aol.com

Stephen B. Griffin, Esq.
STEPHEN B. GRIFFIN & ASSOCIATES
2100 River Haven Drive, Suite #1
Hoover, AL 35244-2532
Email: steveg@griffin-assoc.com

/s/ Joana S. Ellis
OF COUNSEL

 

# STATE OF ALABAMA
### PERSONNEL DEPARTMENT
300 Folsom Administrative Building
Montgomery, Alabama 36130-4100
Telephone: (334) 242-3389 Fax: (334) 242-1110
www.personnel.state.al.us

Jackie Graham
State Personnel Director
Paul D. Thomas
Deputy Director

State Personnel Board
Joe Dickson
James H. Anderson
John McMillan
Ellen G. McNair
Joyce P. O'Neal

May 19, 2008

Custodian of Records
Mark K. Poff, M.D.
Alabama Psychiatric Services
5906 Carmichael Place
Montgomery, Alabama 36117

RE:  *Virginia Hopper v. Jackie Graham, et al.*
     **In the United States District Court for the Middle District of Alabama**
     **2:07cv457-MEF**

Dear Sir or Madam:

Enclosed is a federal civil subpoena for the production of your records under Rule 45 of the *Federal Rules of Civil Procedure,* which has been issued for records on Virginia Hopper in connection with the above-referenced matter.

You may comply with this subpoena by simply photocopying your records and mailing them to this office along with your statement for the reasonable cost of copying the records. In addition, I am enclosing a Certification of Records to be signed by your records custodian and returned to me with the copies of the records. My mailing address is:

> Joana S. Ellis, Esq.
> Alabama State Personnel Department
> Folsom Administration Bldg.
> 64 N. Union Street, Suite 316
> Montgomery, Alabama 36130

Because this case is pending before the United States District Court, subpoenas are not filed and served by the court clerk. To comply with HIPAA

**Exhibit A**

May 19, 2008
Page 2

regulations, Ms. Hopper's attorney has been notified of this subpoena. By service of this subpoena, I am confirming no objections have been made by Virginia Hopper or her attorney. However, if you wish to confirm the patient has no objections, please feel free to contact her attorney, Jim DeBardelaben, at (334) 256-9206.

Should you have any other questions concerning this subpoena, please feel free to call me at (334) 353-0046. Your time and assistance are appreciated.

Very truly yours,

Joana S. Ellis
Assistant Attorney General
Alabama State Personnel Department

JSE/ld
Enclosures

cc:    Jim L. DeBardelaben, Esq.

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| | |
|---|---|
| VIRGINIA HOPPER | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| JACKIE GRAHAM, ET AL. | Case Number:[1] 2:-07CV457MEF |

TO: Mark K. Poff, M.D.
Alabama Psychiatric Services
5906 Carmichael Place
Montgomery, Alabama 36117

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED

| PLACE   SEE ATTACHED | DATE AND TIME |
|---|---|
| | 6/5/2008 10:04 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE
                                      Attorney for Defendants                              05-19-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joana S. Ellis, Esq., Alabama State Personnel Department, 64 N. Union Street, Montgomery, AL 36130;
(334) 353-0046

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  | First Class U.S. Mail |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | DATE | SIGNATURE OF SERVER |
|---|---|---|
|  |  | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA HOPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cv0457-MEF |
| | ) | |
| JACKIE GRAHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ATTACHMENT "A"
Rule 45 Subpoena

You are hereby commanded, at the instance of the **Defendants**, within fifteen (15) days after service of this subpoena:

To produce and permit said parties to inspect and to copy each of the following documents:

1. From **January 1, 2003, to the present date:** All records, writings, charts, correspondence, notes, reports of operations, admission summaries, discharge summaries, consultations, nurses' notes, physicians' notes, prescription notes and orders, documents, reports, x-ray reports, photographs, laboratory reports, ER reports, medication sheets, patient histories, test results and/or any and all other materials contained in your file and/or computer database, in your possession or under your control which relate to the care and treatment of and/or to the diagnosis and/or prognosis of any condition or illness of the patient listed below; and

2. Any and all invoices or other documents reflecting services rendered to Virginia Hopper, showing the dates of treatment, charge(s) made, amounts paid by the patient and/or any third party, amounts "adjusted" and amounts accepted by you in full satisfaction of the amount charged and any and all third party remittance reports, and/or any other materials contained in your file and/or computer database, in your possession, or under your control which relates to the care and treatment of and/or to the diagnosis and/or prognosis of any condition or illness of the patient listed below:

              NAME:  VIRGINIA HOPPER
              SSN:   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
              DOB:   May 6, 1954

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA HOPPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:07-cv0457-MEF |
| ) | |
| JACKIE GRAHAM, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATION OF RECORDS

I, _____, am Custodian of Medical Records for _____. As legal custodian of the medical records of this facility, I do hereby certify that these records are true, complete and accurate copies of the medical records of Virginia Hopper. These records have been maintained in the regular course of business at this facility. The medical records attached are exact duplicates of the originals, and it is this medical entity's rule not to permit the original records to leave the premises.

All of which I hereby certify and affirm on this _____ day of _____ 2008.


CUSTODIAN OF MEDICAL RECORDS

Sworn and subscribed before me on this _____ day of _____ 2008.




(SEAL)                              NOTARY PUBLIC
                                    My Commission Expires